UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**05 - 11366 MLW**

SLADE GORTON & CO., INC., )
)
Plaintiff, )
) CIVIL ACTION NO. _____
v. )
) RECEIPT # 65279
) AMOUNT $ 250
ANTONIO BARILLARI, S.A. ) SUMMONS ISSUED Yes
MAGISTRATE JUDGE Alexander LOCAL RULE 4.1
Defendant. ) WAIVER FORM __
) MCF ISSUED__
BY DPTY. CLK. tom
DATE 6/28/05

### COMPLAINT AND JURY DEMAND

Plaintiff Slade Gorton & Co., Inc. ("Slade Gorton"), by its attorneys Kirkpatrick & Lockhart Nicholson Graham LLP, alleges as its Complaint against Defendant as follows:

### INTRODUCTION

1. This is an action for breach of contract and declaratory judgment involving a dispute between Slade Gorton and Antonio Barillari, S.A. ("Barillari"). Slade Gorton seeks payment for breach of a promissory note in the principal amount of $650,000. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Slade Gorton also seeks a declaration that Barillari's claims for amounts allegedly owed are without merit as the relationship between the parties was a consignment sale arrangement. Finally, Slade Gorton seeks damages under Massachusetts General Laws, Chapter 93A, for the unfair and deceptive acts and practices of Barillari based on the positions taken by Barillari with respect to the promissory note and its "claims" for amounts due, which positions are unsupportable, contrary to documents regarding these issues, and asserted in bad faith.

BOS-741109 v2 5536459-0906

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between a citizen of Massachusetts (Slade Gorton) and a citizen of a foreign country (Barillari).

3.      Venue lies in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff Slade Gorton resides in Boston, Massachusetts and Defendant Barillari resides in Argentina.

## THE PARTIES

4.      Plaintiff Slade Gorton is a corporation organized and existing under the laws of Massachusetts, with its principal place of business at 225 Southampton Street, Boston, Massachusetts. Slade Gorton is engaged in the trade and business of importing and distributing seafood products, among other things.

5.      Defendant Barillari is, on information and belief, a corporation organized and existing under the laws of Argentina, with its principal place of business at Hipolito Yrigoyen 723, C1086AAK, Buenos Aires, Argentina. On information and belief, Barillari is engaged in the sale and distribution of seafood products, among other things.

## FACTS

### The Consignment Sale Relationship Between Slade Gorton and Barillari

6.      Slade Gorton and Barillari have had a business relationship for many years. For the past several years, Slade Gorton conducted business with Barillari primarily through Barillari's employees, Luis Aguer ("Aguer") and Daniel Ontiveros ("Ontiveros"). The interaction with Aguer and Ontiveros involved negotiation of the types of products Slade Gorton

would import from Barillari as well as the volume, schedule, price, and terms of the relationship and payments from Slade Gorton to Barillari.

7. The relationship started as a "purchase and sale" arrangement, whereby Barillari sold its products to Slade Gorton at an agreed upon price, the products were then shipped to Slade Gorton, and Slade Gorton would sell the products through its distribution chains.

8. During 2001, by agreement between the parties, the arrangement switched to a "consignment" arrangement, whereby Barillari would ship seafood products to Slade Gorton without any set "sale" price established at the time of shipment. Slade Gorton would sell the seafood product at the time, location, and price that made reasonable business sense in light of market fluctuations. Slade Gorton would then pay Barillari based on the price at which the seafood product could be sold, minus a percentage commission charged by Slade Gorton for its services, which included the importation, storage, transportation, and sale of the seafood products.

9. After the establishment of the consignment arrangement, Barillari continued to ship seafood products that were accompanied by an invoice. Those invoices continued to show a nominal dollar value of the goods shipped under that invoice.

10. The amounts shown on the invoices, however, were not the price at which the products were to be sold or the amounts to be paid or actually paid by Slade Gorton. Instead, for years, Slade Gorton performed under the consignment arrangement described above and paid Barillari based on the final sale price of the seafood products that Slade Gorton was able to obtain, minus Slade Gorton's "commission."

11. Barillari, both directly and through its agents, Aguer and Ontiveros, was fully aware of the terms of the arrangement pursuant to which business was conducted between Slade

Gorton and Barillari, and, in particular, the "consignment" arrangement. The President of Barillari, Franco Barillari, was also aware of the terms.

12. The existence and general terms of the consignment arrangement were confirmed by Barillari, including through a June 26, 2001 letter sent by Barillari to Slade Gorton by facsimile, a true and accurate copy of which is attached hereto as Exhibit A. That letter confirms the arrangement is one of "consignment" (the words "consignment product" replace the crossed out word "consignations") and that Slade Gorton would not pay the stated invoice price but instead would pay a price agreed to after the sale of the product.

13. Barillari knew that the relationship with Slade Gorton was a consignment relationship, and, for years, performed under the terms of that arrangement and did not raise any concerns.

14. The "price" set forth on the invoices had not been the basis for payment by Slade Gorton to Barillari since at least as early as approximately 2001.

15. During the course of the relationship between Slade Gorton and Barillari, Slade Gorton has received hundreds of shipments from Barillari and has paid Barillari in excess of $44,000,000. Those shipments from Barillari were all made to the United States, most to Boston, but others to Norfolk and New York.

16. Through the course of the relationship, numerous meetings have occurred in Boston over the past 6-7 years. During those meetings, the terms of the business relationship between Slade Gorton and Barillari were discussed. In addition, Barillari has been represented at the annual Boston Seafood Show in Boston approximately 8 times.

**Barillari's Claims Regarding Invoiced Amounts In Disregard For Consignment Basis**

17. During the summer of 2004, Barillari first started taking the position that the arrangement over the past several years was a "purchase and sale" arrangement and not a "consignment" arrangement, and asserted that Slade Gorton owed Barillari for the full listed invoice price for all of the shipments that had been shipped to Slade Gorton.

18. In August 2004, Barillari's Chief Executive Officer (Franco Barillari), Barillari's President (Jorge Calvo), Aguer, and Ontiveros spent approximately 12 days in Boston, some of which was at Slade Gorton's offices in Boston. Marcelo Sanchez of Barillari also participated in meetings held at Slade Gorton's offices in Boston during that time. During this visit, Barillari claimed entitlement to $7,673,032.27 and presented accounting information Barillari claimed supported that claim. Barillari continued to assert the arrangement was a "purchase and sale" arrangement and not a "consignment" arrangement, in direct contradiction of the direct agreement and understanding between the parties, and the years of course and dealing.

19. Barillari has formally demanded payment in the amount of $7,673,032.27, and on September 29, 2004, stated that if payment was not received, the matter would be forwarded to Barillari's attorneys. A true and accurate copy of the September 29, 2004 letter making such demand is attached hereto as Exhibit B.

20. Slade Gorton has subsequently received correspondence from Barillari's attorneys threatening suit if Barillari does not receive payment.

21. On information and belief, the amount claimed by Barillari consists of the difference between the aggregate nominal amounts shown on the invoices and the amounts actually paid by Slade Gorton to Barillari, which difference consists of several components, including, but not limited to:

(a) the actual price at which the product was sold pursuant to the consignment arrangement was lower than the nominal invoice amount;

(b) failure of the invoices to reflect that Slade Gorton was permitted to subtract certain amounts associated with the storage and sale of the products; and

(c) Barillari's failure to change the nominal pricing on the invoices to reflect that at some point the payment of freight charges became Slade Gorton's responsibility, but instead continued to reflect higher nominal prices that included freight charges as a Barillari expense.

**The June 21, 2004 Note and Barillari's Breach Thereof**

22. On June 21, 2004, Slade Gorton and Barillari entered into a promissory note (the "June 2004 Note"), a true and accurate copy of which is attached hereto as Exhibit C.

23. As more fully set forth in the June 2004 Note, in exchange for a guarantee by Barillari to supply Slade Gorton at least five containers of pink shrimp and based on a representation by Barillari that such shrimp was ready for shipment, Slade Gorton agreed to advance payment for those containers to Barillari, at a rate of $130,000 per container.

24. As such, Slade Gorton paid to Barillari, and Barillari accepted, the $650,000 reflected in the June 2004 Note.

25. The June 2004 Note also provided that if the five containers were not shipped to Slade Gorton by July 31, 2004, then the $650,000 would be due and payable on July 31, 2004.

26. Neither the required shipments nor the payment of $650,000 occurred by July 31, 2004.

27. Slade Gorton has repeatedly demanded payment of the $650,000 owed under the June 2004 Note, but to date has not received any payment.

28. The June 2004 Note was entered into by Slade Gorton and Ontiveros on behalf of Barillari.

29. On two separate occasions, Slade Gorton and Barillari had entered into similar notes, each for $1,000,000. On both occasions, Ontiveros had signed the note on behalf of Barillari, Barillari accepted the advanced payment from Slade Gorton, and Barillari performed its obligations under those notes.

30. Notwithstanding that Ontiveros had actual and apparent authority to enter the June 2004 Note, and had done so on previous occasions, Barillari has taken the position that Ontiveros "never had any authority regular nor legally to sign any note on behalf of [Barillari]."

## COUNT ONE
### (Breach of Contract)

31. Slade Gorton repeats, realleges, and incorporates the allegations contained in paragraphs 1 - 30 above, as if they were fully set forth in this paragraph.

32. Slade Gorton and Barillari entered into a valid and enforceable contract that required that Barillari would pay Slade Gorton $650,000 on July 31, 2004 if Barillari had not shipped five containers of pink shrimp to Slade Gorton by that date.

33. Barillari did not ship any containers of pink shrimp to Slade Gorton by July 31, 2004 and has refused to pay Slade Gorton the amount owed.

34. As a result, Barillari is in breach of the contract.

35. Slade Gorton has fully performed its obligations under the June 2004 contract and any and all conditions precedent to the performance of the contract have been satisfied.

36. As a direct and proximate result of Barillari's breach of contract, Slade Gorton has been harmed and continues to suffer harm.

## COUNT TWO
### (Action for Declaratory Judgment, 28 U.S.C. § 2201)

37. Slade Gorton repeats, realleges, and incorporates the allegations contained in paragraphs 1 – 36 above, as if they were fully set forth in this paragraph.

38. An actual and substantial controversy currently exists between Slade Gorton and Barillari with respect to Barillari's claims that Slade Gorton owes Barillari in excess of $7 million.

39. The facts relevant to a resolution of this controversy have already occurred.

40. Declaratory relief from this Court will clarify the parties' rights and settle the legal relations at issue.

41. A declaratory judgment as to the rights and duties of the parties is necessary in order to provide relief from the surrounding uncertainty and controversy and to prevent the accrual of avoidable damages.

42. Pursuant to the provisions of the Declaratory Judgment Act, 28 U.S.C § 2201, Slade Gorton is entitled to a declaration by the Court that the arrangement between Slade Gorton and Barillari was a consignment arrangement, that Slade Gorton has satisfied its obligations to Barillari under that arrangement, and that Slade Gorton does not owe Barillari the amounts now claimed by Barillari.

## COUNT THREE
### (Violation of Massachusetts General Laws, Chapter 93A)

43. Slade Gorton repeats, realleges, and incorporates the allegations contained in paragraphs 1 - 42 above, as if they were fully set forth in this paragraph.

44. At all relevant times hereto, Slade Gorton and Barillari were each persons engaged in trade or commerce within the meaning of Mass. Gen. Laws ch. 93A §§ 1(b), 2, and 11.

45. Barillari's actions as set forth herein constitute "unfair or deceptive acts or practices in the conduct of any trade or commerce" within the meaning of Mass. Gen. Laws ch. 93A § 2. Such conduct included the following practices, among others, which were performed without justification and in bad faith:

   (a) knowingly and willfully failing to pay on the valid and uncontestable June 2004 Note;

   (b) knowingly and willfully claiming that the principal amount reflected by the June 2004 Note was for payment of amounts due from Slade Gorton in direct contradiction of the clear and unambiguous language on the June 2004 Note and the understanding of the parties;

   (c) knowingly and willfully claiming that its agents did not have authority to enter the June 2004 Note on behalf of Barillari, where those agents did have such authority and where Barillari had honored and performed under larger notes previously entered into by the same agents, and where it accepted the payment under the June 2004 Note nonetheless; and

   (d) knowingly and willfully claiming that the arrangement between Barillari and Slade Gorton was a "purchase and sale" arrangement instead of a consignment arrangement, which was in direct contradiction of the terms of the arrangement that were confirmed in writing by Barillari, the manner in which the companies had been doing business for years, and the understanding between the parties, and which was followed by the claim that Slade Gorton owed Barillari in excess of $7 million both as an affirmative claim and as an excuse not to pay Slade Gorton under the June 2004 Note.

46. Barillari's actions and conduct, and their impact, occurred primarily and substantially within the Commonwealth of Massachusetts. Such action and conduct included that described above, but also included prior meetings where Aguer and Ontiveros met at Slade Gorton's offices in Boston and various communications, including telephonic and electronic, that were placed or sent to Slade Gorton in Massachusetts.

47. As a result of Barillari's use or employment of unfair and deceptive acts and practices, Slade Gorton has suffered and continues to suffer loss of money or property.

48. Barillari's conduct constitutes willful and/or knowing violations of Mass. Gen. Laws ch. 93A §§ 2 and 11.

49. Barillari is therefore liable to Slade Gorton, pursuant to Mass. Gen. Laws ch. 93A §§ 2 and 11, in an amount equal to and not less than twice and up to three times Slade Gorton's actual damages.

50. Slade Gorton is also entitled to an award of reasonable attorneys' fees and costs incurred in this action as a result of Barillari's violations of Mass. Gen. Laws ch. 93A §§ 2 and 11.

WHEREFORE, Slade Gorton requests that the Court:

(1) Enter judgment in favor of Slade Gorton on each Count of this Complaint;

(2) Award money damages to Slade Gorton for Barillari's breach of contract;

(3) Award Slade Gorton attorneys' fees and treble damages, but at least double damages, under Massachusetts General Laws, Chapter 93A;

(4) Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Slade Gorton has fully satisfied its obligations to Barillari and does not owe any of the amounts claimed by Barillari;

(5) Award pre-judgment and post-judgment interest and the costs of this action, including reasonable attorneys' fees, to Slade Gorton; and

(6) Grant such other and further relief as the Court deems appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

                          SLADE GORTON CO., INC.

                          By its attorneys,

Dated: June 28, 2005

                          Jeffrey S. King (BBO #559000)
                          jking@klng.com
                          Amy B. Abbott (BBO #648072)
                          aabbott@klng.com
                          KIRKPATRICK & LOCKHART
                              NICHOLSON GRAHAM LLP
                          75 State Street
                          Boston, MA 02109
                          (617) 261-3100

FROM : ANTONIO BARILLARI SA BS AS    PHONE NO. : 54 11 83428633    Jun. 26 2001 10:43AM P1

AtN: ANDY



# ANTONIO BARILLARI S.A.

Hipólito Yrigoyen 723 - 6to. Piso - Oficina 42/44 - (1086) Buenos Aires - Argentina
(54 11) 4345-7988/6109 / 4343-9165 - Fax: (54 11) 4342-8633 - E-Mail: barilaba@satlink.com
José Hernández 69 - (7600) Mar del Plata - Argentina - (54 223) 480-0086/0854/0038
E-Mail:barillari@satlink.com - Web Site: http://www.sea-world.com/barillari
Av. Mitre 2052 - (9011) Caleta Olivia, Pcia. Sta. Cruz - Argentina - (54 297) 485 7101

*consignment product*

We confirm you the loadings of Hoki fillets and Shrimps are ~~consignations~~ consignment made by Antonio Barillari S.A. to Slade Gorton. Both parts agree that Slade Gorton will not pay the invoice price, and they will only pay the price both parts will agree after the sales.

Antonio Barillari S.A.

Daniel Ontiveros


PLEASE LET US KNOW IF IT IS OK OR THERE IS SOMETHING TO CORRECT.

THANKS.

SANDRA.



Buenos Aires, September 29th 2004

SLADE GORTON & CO. INC.
225 Southampton Street
BOSTON – MA
02118 – 2715 – U.S.A.

Ref.: Demand to cancel Balance FOB Invoices

Dear Sirs:

We think necessary at this moment and with this letter, to formally request and demand the payment of balance due from our export FOB invoices of the products that you had received and that today reaches up a total of USA$ 7.673.032,27

We request you the transfer of this money or formally state how and when you are going to cancel this balance: payment or answer that we await within the next ten days.

If we do not receive your payment, or indication of the way and date you are going to cancel this balance in the said term, we will have to leave all this matter to our attorneys.

Sincerely

ANTONIO BARILLARI S.A.
JORGE CALVO
PRESIDENTE

FROM : ONTIVEROS FUERTES    PHONE NO. : 54 11 43062865    JUN. 21 2004 05:10PM

06/21/200...    SLADE GORTON

A/lm MIKE HILGERS



# SLADE GORTON & CO., INC.

Jose Hernandez No69 (B7603ADA)
Mar del Plata
Pcia. De Buenos Aires, Argentina

AND:    Slade Gorton & Co., Inc.
225 Southampton Street
Boston, MA 02118

THE PARTIES AGREE AS FOLLOWS:

1. Antonio Barillari, S.A.(Barillari) shall guarantee to Slade Gorton & Co., Inc. (Slade) at least five (5) containers of pink shrimp that are currently being held by Barillari for production.

2. In consideration of the guarantee, Slade shall provide Barillari with $650,000.00 (U.S.) to be used as an advance on the shipment of five (5) containers to Slade. The containers shall have an advance value of $130,000 per container.

3. If the five (5) containers of pink shrimp cannot be shipped by July 31, 2004, the $650,000 will become due and payable on July 31, 2004.

Agreed to by both parties on June 21, 2004.

Antonio Barillari S.A.

By: _____    Date: 21/6/04

Slade Gorton & Co., Inc.

By: _____    Date: 6/21/04

225 Southampton Street, Boston, MA 02118-2715, Tel. 617-442-5800    Fax 617-442-9090

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)    **Slade Gorton & Co., Inc. v. Antonio Barillari, S.A.**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

   *Stamp: 05-11366 MLW*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☒

   A.  If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☐    Central Division ☐    Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☒    Central Division ☐    Western Division ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Jeffrey S. King, Esq.

ADDRESS    Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109

TELEPHONE NO.    (617) 261-3100

(coversheetlocal.wpd — 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Slade Gorton & Co., Inc.

**DEFENDANTS**

Antonio Barillari, S.A.

(b) County of Residence of First Listed Plaintiff: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm, Name, Address, and Telephone Number)
Jeffrey S. King, Esq. and Amy B. Abbott, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street, Boston, MA 02109
(617) 261-3100

Attorneys (If Known)

05-11366MLW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnations | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAXSUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

**VI. CAUSE OF ACTION**
Brief statement of cause:
Breach of contract and action for declaratory judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE: _____ DOCKET NUMBER: _____

DATE: 6/28/05   SIGNATURE OF ATTORNEY OF RECORD: Amy B. Abbott

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 1:05-cv-11366-MLW    Document 1-5    Filed 06/28/2005    Page 3 of 3

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____