UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                              )
SLADE GORTON & CO., INC.,     )
                              )
    Plaintiff,                )
                              )    CIVIL ACTION NO.  05-11366-MLW
    v.                        )
                              )
ANTONIO BARILLARI, S.A.       )
                              )
    Defendant.                )
_____)

**SLADE GORTON & CO., INC.'S MOTION TO ENLARGE
TIME TO EFFECT SERVICE ABROAD**

Pursuant to Fed. R. Civ. P. 6(b), plaintiff, Slade Gorton & Co., Inc. ("Slade Gorton"), respectfully moves for an enlargement of time to effect service abroad on the defendant, Antonio Barillari, S.A. ("Barillari").  As grounds for this Motion, Slade Gorton refers to the supporting memorandum and affidavit submitted herewith, and briefly states as follows:

    1.    Barillari, upon information and belief, is a foreign corporation, located in Argentina, with no offices or agents authorized to accept service of process in the United States.

    2.    Pursuant to Fed. Rule Civ. P. 4(h)(2) and 4(f)(1), Slade Gorton has attempted to effect service on Barillari using the procedure specified by the Hague Convention for the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").

    3.    Pursuant to Fed. Rule Civ. P. 4(m), the 120-day time limit for service, and thus, the automatic dismissal prescribed by Local Rule 4.1, do not apply to service in a foreign country under Fed. Rule Civ. P. 4(f).  See Rule 4(m) ("This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).")  Thus, the Court should not dismiss this action as it suggests in its March 20, 2006 Order.

4.     Should the Court deem the 120-day limit to apply notwithstanding the foregoing, Slade Gorton can show good cause for the failure to effect service and, as such, Rule 4(m) provides that the Court "shall extend the time for service for an appropriate period."

5.     This Motion for Enlargement of Time is brought in good faith and is not interposed for delay or any other improper purpose.  The enlargement requested by Slade Gorton will not prejudice Barillari and is in the interests of justice.

WHEREFORE, Slade Gorton requests that the Court allow this Motion and enlarge the date for effecting service on Barillari until such time as the Court deems appropriate to allow for service in Argentina under the Hague Convention.

Respectfully submitted,

SLADE GORTON & CO.

By its attorneys,

 /s/ Jeffrey S. King     March 30, 2006
Jeffrey S. King (BBO No. 559000)
jking@klng.com
Amy B. Abbott (BBO No. 648072)
aabbott@klng.com
KIRKPATRICK & LOCKHART
    NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
(617) 261-3100

## LOCAL RULE 7.1 (A)(2) CERTIFICATE

Because Slade Gorton has been unable to effect service of the summons and complaint in this matter, Slade Gorton submits this Motion for consideration *ex parte*.  Accordingly, Slade Gorton is unable to confer with Barillari's counsel as prescribed by Local Rule 7.1(A)(2).

 /s/ Jeffrey S. King     March 30, 2006
Jeffrey S. King

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent, via First Class mail, postage prepaid, to those non-registered participants on the 30th day of March, 2006.

      /s/ Jeffrey S. King
      Jeffrey S. King