UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|                          |   |
|--------------------------|---|
| SLADE GORTON & CO., INC., | ) |
|                          | ) |
| Plaintiff,               | ) |
|                          | ) |
| v.                       | ) |
|                          | ) |
| ANTONIO BARILLARI, S.A.  | ) |
|                          | ) |
| Defendant.               | ) |

CIVIL ACTION NO.  05-11366-MLW

_____

**MEMORANDUM IN SUPPORT OF SLADE GORTON & CO., INC.'S
MOTION TO ENLARGE TIME TO EFFECT SERVICE ABROAD**

Plaintiff, Slade Gorton & Co., Inc. ('Slade Gorton"), hereby submits this Memorandum in Support of its Motion to Enlarge Time to Effect Service Abroad.

**I.      Introduction**

On June 28, 2005, Slade Gorton filed its complaint in this action.  Since that date, Slade Gorton, through the use of an international process server, has attempted to effect service on the defendant, Antonio Barillari, S.A. ("Barillari"), in Argentina, where Barillari is located.  Slade Gorton's efforts to date, however, have been unsuccessful.  On March 20, 2006, this Court issued an order ("the Order") requiring the action to be dismissed unless Slade Gorton files proof of service or shows good cause why service has not been made.  In response to the Order, Slade Gorton has submitted its Motion to Enlarge Time to Effect Service Abroad, and now submits this memorandum in support thereof.

## II.    Argument

**A.    The 120-day time limit for Service does not apply to service in a foreign country.**

Barillari, upon information and belief, is an Argentinean company without any place of business in the United States.  Because Argentina is a signatory to the Hague Convention for the Service of Judicial Documents Abroad ("the Hague Convention"), Slade Gorton has attempted to serve Barillari by using means authorized by the Hague Convention, as prescribed by Fed. R. Civ. P. 4(f)(1).  <u>See also</u> Fed. R. Civ. P. 4(h)(2).

Rule 4(m) of the Federal Rules of Civil Procedure expressly provides that the 120-day time limit for service "does not apply to service in a foreign country pursuant to subdivision (f) and (j)(1)."  Thus, the automatic dismissal prescribed by Local Rule 4.1, also does not apply to service in a foreign country pursuant to the rules of the Hague Convention, as specified in Rule 4(f).  <u>Turpin v. Mori Seiki Co., Ltd.</u>, 56 F. Supp. 2d 121, 129 (D. Mass. 1999) (an exception to the 120-day time limit applies for service pursuant to the Hague Convention on a Japanese corporate defendant); <u>Nylok Corp. v. Fastener World Inc.</u>, 396 F.3d 805, 807 (7th Cir. 2005) ("[t]he explicit language of [Rule 4(m)] makes it very clear that the 120-day limit is inapplicable in cases involving service in a foreign country").

As a result, the 120-day limit established by Rule 4(m) does not apply to Slade Gorton's efforts to serve Barillari, the Court should not dismiss this matter, and the Court should grant Slade Gorton adequate time to serve Barillari in Argentina.

**B.    Alternatively, because Slade Gorton has made diligent good faith efforts to effect service on Barillari, the Court must extend the time for service in Argentina.**

Should the Court deem the 120-day limit to apply notwithstanding the clear and unambiguous language of the Rules and cases cited above, this Court should still not dismiss the matter.  Rule 4(m) provides that if good cause is shown, "the court <u>shall</u> extend the time for

service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Because Slade Gorton has made, and continues to make, diligent, good-faith efforts to effect service on Barillari as described below, enlargement of time is required by Rules 4(m) and 6(b).

Slade Gorton filed the complaint in this case on June 28, 2005. After filing, counsel for Slade Gorton contacted a prominent international process server, APS International, Ltd. ("APS"), to assist with effecting service of the summons and complaint on Barillari in Argentina pursuant to the Hague Convention. At that time, APS anticipated that the time frame for service was approximately 16 to 20 weeks. All necessary documents and the appropriate fee, paid for by Slade Gorton, were forwarded to APS, and on July 28, 2005, one month after the filing, APS sent the documents to be served to Argentina for service pursuant to the Hague Convention. See February 1, 2006 Affidavit of Diane K. Myers, ¶ V.a., attached hereto as Exhibit A ("Myers Aff."). Federal Express confirmed the delivery of those documents to the Argentine Central Authority, the Argentine agency responsible for service under the provisions of the Hague Convention ("the Central Authority") on August 2, 2005. See Myers Aff., ¶ V.a., and Exh. 5 thereto.

In the months that ensued, APS received or solicited progress updates on the status of service from the Argentine Central Authority, and communicated that status to Slade Gorton's counsel. On November 29, 2005, APS sent additional documents to the Argentine Central Authority requesting the status of service on Barillari. Myers Aff., ¶ V.c.1., and Exh. 6 thereto. APS received a letter in response from the Central Authority confirming that the documents had been forwarded to the proper local court, and stating that the Central Authority had requested status information from that court, which would be sent to APS upon its receipt. Id.

APS sent another letter to the Central Authority on January 16, 2006, also requesting status of service.  Myers Aff., ¶ V.c.2., and Exh. 7 thereto.  APS received a letter in response from the Central Authority on February 1, 2006, also stating that the Central Authority had requested information regarding the status of service.  A similar letter from the Central Authority arrived on March 1, 2006.  Copies of the February 1, 2006 and March 1, 2006 letters are attached hereto as Exhibit B.  (Translations of these letters can be made available upon request.)  As of this date, Slade Gorton has not received any proof of service from the Central Authority.

There is good cause for the failure to have effected service by now.  As such, the Court should extend the time for service under Rules 4(m) and 6(b).[1]

### III.    Conclusion

The 120-day time limit for service established by the Federal Rules of Civil Procedure is expressly inapplicable to service in a foreign country.  Therefore, the Court should not dismiss this action.  Even in this Court were to find that the 120-day limit did apply, this action should still not be dismissed, as Slade Gorton has made, and continues to make diligent, good-faith efforts to serve Barillari in the manner prescribed by the Federal Rules.  This Court should enlarge the time for Slade Gorton to effect service on Barillari as the Courts deems appropriate for service to be effected pursuant to the Hague Convention.

---

[1]    The Hague Convention permits a United States judge to grant a default judgment to Slade Gorton, provided that: (a) the documents to be served were transmitted by a method provided for in the Hague Convention; (b) a period of six months or more, that is considered adequate by the judge in the case, has elapsed since the documents were transmitted; and (c) no certificate of any kind has been received despite reasonable efforts to obtain service through the competent authorities of the relevant state.  Hague Convention, Art. 15.  All of these conditions have been met in this case.  However, Slade Gorton has not yet decided that it wishes to seek a default judgment, but reserves the right to do so.  Instead, at this time, Slade Gorton seeks only to enlarge the time for it to effect service abroad to give the Argentine Central Authority an opportunity to serve Barillari.

Respectfully submitted,

SLADE GORTON & CO.

By its attorneys,


 /s/ Jeffrey S. King     March 30, 2006
Jeffrey S. King (BBO No. 559000)
jking@klng.com
Amy B. Abbott (BBO No. 648072)
aabbott@klng.com
KIRKPATRICK & LOCKHART
        NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
(617) 261-3100


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent, via First Class mail, postage prepaid, to those non-registered participants on the 30th day of March, 2006.


 /s/ Jeffrey S. King
Jeffrey S. King

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Slade Gorton & Co., Inc., | ) CASE NO.: 05-11366 MLW |
| | ) |
| Plaintiff, | ) AFFIDAVIT OF DIANE K. MYERS |
| vs. | ) |
| | ) RE: Proof of Service upon |
| Antonio Barillari, S.A., | ) **Antonio Barillari, S.A.** |
| | ) in accordance with Paragraph 2 |
| | ) of Article 15 and the Hague |
| Defendant. | ) Convention Default Provisions |
| | ) |

State of Minnesota    )
                                   ) s.s.
County of Hennepin    )

I

The affiant is a paralegal and Spanish translator in the employ of APS International, Ltd., and in that capacity has caused thousands of documents to be served abroad pursuant to The Hague Convention. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, TIAS #10072, 20 UST 361 (2/10/69) 28 USCA, 1988 Sup. pamphlet page 121.

II

Because of the language barrier, and other problems, it is not unusual for a proof of service to be sent by a foreign Central Authority clerk to the wrong United States lawyer. The United States is the only country, of all Treaty Nations, which has no single Central Authority to receive proofs of service. Since proofs sent to an incorrect address arrive in a foreign language, generally they are inadvertently "filed away." APS International, Ltd. receives a number of such proofs of service sent to it in error every year. Our translators routinely forward them to the proper United States lawyer or Court.

III

The possibility that foreign Central Authorities would lose or otherwise not prepare or send proofs of

service is anticipated by the Treaty.  Paragraph 2 of Article 15 allows each treaty nation to elect a provision for default judgments, notwithstanding the absence of a proof of service (Paragraph 2 of Article 15 is attached as Exhibit 1).

IV

The United States has executed declaration 3 to the Treaty, which adopts Paragraph 2 of Article 15 and allows for default judgment in a United States Court, notwithstanding the absence of a proof of service (Declaration #3 of the United States is attached as Exhibit 2).

V

Paragraph 2 of Article 15 allows a United States judge to grant a default judgment, notwithstanding the absence of a proof of service provided:

a)       The documents of suit in the action were transmitted abroad to the appropriate Central Authority for the purpose of service. In this case, the service documents were transmitted via international courier (Federal Express) on  July 28, 2005.  They were delivered to the Argentine Central Authority, the MINISTERIO DE RELACIONES EXTERIORES, COMERCIO INTERNACIONAL Y CULTO (Ministry of Foreign Affairs, International Trade and Worship), Treaty Bureau, Esmeralda 1212, 1007 Buenos Aires, ARGENTINA on  August 2, 2005 at 1:43 p.m.  (Copies of Federal Express label and tracking confirmation are attached as Exhibit 5.)

b)       A period of time in excess of six months must have lapsed since the suit documents were transmitted abroad for the purpose of service.  In this case the documents were transmitted on July 28, 2005, and a period of more than six months has elapsed.

c)       No certificate of any kind has been received, even though reasonable efforts have been made to obtain it through the competent authorities of the state addressed.  In this case, reasonable efforts include:

1)       On  November 29, 2005,  follow-up documents were sent to the Central Authority via

Federal Express, requesting status of service. These documents were received at the MINISTERIO DE RELACIONES EXTERIORES, COMERCIO INTERNACIONAL Y CULTO (Ministry of Foreign Affairs, International Trade and Worship), Treaty Bureau, Esmeralda 1212, 1007 Buenos Aires, ARGENTINA on December 1, 2005 at 1:23 p.m. In response, we received a letter from the Argentine Central Authority dated December 13, 2005, acknowledging that the service request was received at the First Instance Civil Court No. 79 in Buenos Aires on August 5, 2005, under their reference File No. 68.899/2005. The Argentine Central Authority has requested status information from that court and will send any information once obtained. (Copy of correspondence addressed to the Argentine Central Authority, Federal Express label and tracking confirmation, and letter from the Argentine Central Authority are attached as Exhibit 6.)

2) Another letter addressed to the Central Authority was sent on January 16, 2006 via Federal Express. These documents were received at the MINISTERIO DE RELACIONES EXTERIORES, COMERCIO INTERNACIONAL Y CULTO (Ministry of Foreign Affairs, International Trade and Worship), Treaty Bureau, Esmeralda 1212, 1007 Buenos Aires, ARGENTINA on January 18, 2006 at 12:34 p.m. (Copy of letter addressed to the Central Authority, Federal Express label and tracking confirmation are attached as Exhibit 7).

3) A period of time in excess of six months has lapsed since the suit documents were transmitted abroad for the purpose of service to the Central Authority. No proof of service or certificate of any kind has been received.

VI

Notwithstanding entry of judgment by the United States Court, an aggrieved defendant is given a remedy. The treaty provides in Article 16 for a procedural remedy to reopen a default judgment within

one year.  In addition, the United States has adopted declaration 4 which allows a default to be reopened within either the same period of time that is allowed under the United States Court's rules of procedure, or 1 year, whichever period is greater.  (Article 16 and Declaration #4 of the United States are attached as Exhibit 3 and Exhibit 4.)

VII

In accordance with the terms of the Treaty, the plaintiff is entitled to default judgment in this matter. Affiant states nothing further.

Diane K. Myers, Paralegal
APS International, Ltd.
APS International Plaza
7800 Glenroy Road
Minneapolis, MN  55439
(800) 328-7171

Subscribed and sworn
before me this 1st
day of February, 2006.



Notary Public

GREGORY K. JOHNSON
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2010

EXHIBIT 1

THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND
EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS, TIAS
#10072, 20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

ARTICLE 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of
service, under the provisions of the present Convention, and the defendant has not appeared, judgment
shall not be given until it is established that -

(a)     the document was served by a method prescribed by the internal law of the State addressed for
the service of documents in domestic actions upon persons who are within its territory, or

(b)     the document was actually delivered to the defendant or to his residence by another method
provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the
defendant to defend.

Each contracting State shall be free to declare that the judge, notwithstanding the provisions of
the first paragraph of this article, may give judgment even if no certificate of service or delivery has
been received, if all the following conditions are fulfilled -

(a)     the document was transmitted by one of the methods provided for in this Convention,

(b)     a period of time of not less that six months, considered adequate by the judge in the particular
case, has elapsed since the date of the transmission of the document,

(c)     no certificate of any kind has been received, even though every reasonable effort has been made
to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of
urgency, any provisional or protective measures.

EXHIBIT 2

<u>THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND
EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS</u>, TIAS #10072, 20 UST
361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

DECLARATION #3 OF THE UNITED STATES

In accordance with the second paragraph of Article 15, it is declared that the judge may,

notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate

of service or delivery has been received, if all the conditions specified in subdivision (a), (b) and (c) of

the second paragraph of Article 15 are fulfilled.

EXHIBIT 3

THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS, TIAS #10072, 20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

ARTICLE 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled -

(a)    the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

(b)    the defendant has disclosed a prima facie defense to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.  This article shall not apply to judgments concerning status or capacity of persons.

EXHIBIT 4

<u>THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND
EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS</u>, TIAS #10072, 20 UST
361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

DECLARATION #4 OF THE UNITED STATES

In accordance with the third paragraph of Article 16, it is declared that an application under Article
16 will not be entertained if it is filed (a) after the expiration of the period within which the same may
be filed under the procedural regulations of the court in which the judgment has been entered, or (b)
after the expiration of one year following the date of the judgment, whichever is later.

FedEx | Ship Manager | Label 7901 0026 3537                                    Page 1 of 1

From:   Origin ID: BBBA   (952) 831-7776
DIANE MYERS
APS INTERNATIONAL, LTD
7800 GLENROY ROAD
APS INTERNATIONAL PLAZA
MINNEAPOLIS, MN 55439
UNITED STATES

Ship Date: 28JUL05
Actual Wgt: 1 LB
System#: 4040923/INET2200
Account#: S ********                           Total Weight: 1 LB

SHIP TO:   541148197000          BILL SENDER

REF: INT 245190
DESC-1: Legal documents
DESC-2:
DESC-3:
DESC-4:
SED: NDR30.55(h)
COUNTRY MFG: US
CARRIAGE VALUE: 0.00 USD
CUSTOMS VALUE: 1.00 USD
T/C: S 119918685        D/T: S 119918685
SIGN: DIANE MYERS
EIN/VAT:

**Maria del Carmen Chiodi**
MRE, Comercio Internacional y Culto
Ministerio Rel. Ex. - Treaty Bureau
Esmeralda 1212, Piso 15

**Buenos Aires, 1007**
AR



These commodities, technology, or software were exported from the United States in
accordance with the export administration regulations. Diversion contrary to United States
law prohibited.
The Warsaw Convention may apply and will govern and in most cases limit the liability of
Federal Express for loss or delay of or damage to your shipment. Subject to the conditions
of the contract.

CONSIGNEE COPY - PLEASE PLACE IN POUCH

**INTL ECONOMY PAK**

TRK#   **7901  0026  3537**   FORM
                              0430

**1007**          --AR



**Shipping Label: Your shipment is complete This shipping label constitutes the air waybill for this shipment.**
1. Use the "Print" feature from your browser to send this page to your laser or inkjet printer. Fold the printed page along the horizontal line.
2. Place 2 originals of the shipping label in the pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stoppingplaces which are agreed to and FedEx reserves the right to route the shipment in any way FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orders or requirements, FedEx's maximum liability for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may pay an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God,perils of the air, weather conditions, mechanical delays, acts of public enemies,war, strike civil commotion, or acts or omissions of public authorities(including cutoms and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132. USA, is the first carrier of this shipment. Email address located at www.fedex.com

EXHIBIT   5

PAGE   1   OF   2

<u>United States Home</u>

<u>Information Center</u> | Custom

**FedEx.**

Search

| Package / Envelope Services | Office / Print Services | Freight Services | Expedited Servi |
| Ship | **Track** | Manage My Account | International Tools |

## Track Shipments
## Detailed Results

🖨 <u>Printable Version</u>    ❓ <u>Quick Help</u>

You can also track:
- <u>By TCN</u>
- <u>FedEx Trade</u> <u>shipments</u>
- <u>By Email Tra</u>
- <u>By FedEx Wi</u> <u>Solutions</u>

| | | | | | |
|---|---|---|---|---|---|
| **Tracking number** | 790100263537 | **Reference** | INT 245190 | | |
| **Signed for by** | M.MESA DE ENTRADAS | **Destination** | BUENOS AIRES AR | | |
| | | **Delivered to** | Receptionist/Front Desk | | |
| **Ship date** | Jul 28, 2005 | **Service type** | Intl Economy Pak | | |
| **Delivery date** | Aug 2, 2005 1:43 PM | **Weight** | 1.1 lbs. | | |
| **Status** | Delivered | | | | |

<u>Wrong Address?</u>
Reduce future mistake
FedEx Address Check

Shipping Freight?
FedEx has <u>LTL</u>, air fr
<u>surface and air expe</u>
<u>multi piece package</u>
and <u>ocean freight</u>.

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Aug 2, 2005 | 1:43 PM | Delivered | BUENOS AIRES AR | |
| | 10:24 AM | On FedEx vehicle for delivery | BUENOS AIRES AR | |
| | 10:14 AM | Int'l shipment release | BUENOS AIRES AR | |
| | 10:14 AM | At local FedEx facility | BUENOS AIRES AR | |
| | 5:18 AM | In transit | BUENOS AIRES AR | Package available for clearance |
| Aug 1, 2005 | 11:41 PM | At dest sort facility | BUENOS AIRES AR | |
| Jul 31, 2005 | 3:29 PM | Departed FedEx location | MEMPHIS, TN | |
| Jul 30, 2005 | 3:59 AM | In transit | MEMPHIS, TN | |
| | 3:21 AM | Departed FedEx location | MEMPHIS, TN | |
| Jul 29, 2005 | 3:35 PM | In transit | MEMPHIS, TN | |
| | 1:19 PM | Departed FedEx location | MEMPHIS, TN | |
| Jul 28, 2005 | 11:27 PM | At local FedEx facility | MINNEAPOLIS, MN | |
| | 8:17 PM | Left origin | ST. LOUIS PARK, MN | |
| | 6:18 PM | Picked up | ST. LOUIS PARK, MN | |
| | 8:39 AM | Package data transmitted to FedEx | | |

[ Signature proof ]    [ Email results ]    [ Track more shipments ]

Subscribe to tracking updates (optional)

**Your Name:** [ ]    **Your Email Address:** [ ]

| **Email address** | **Language** | **Exception updates** | **Delivery updates** |
|---|---|---|---|
| [ ] | English ▼ | ☐ | ☐ |

EXHIBIT 5

PAGE 2 OF 2

FedEx | Ship Manager | Label 7907 2771 7306                    Page 1 of 1



From:    Origin ID: BBBA   (952) 831-7776
DIANE MYERS
APS INTERNATIONAL, LTD
7800 GLENROY ROAD
APS INTERNATIONAL PLAZA
MINNEAPOLIS, MN 55439
UNITED STATES

FedEx Express

Ship Date: 29NOV05
ActWgt: 1 LB
System#: 4040923/INET2300
Account#: S ********                          TotWgt: 1 LB

REF: INT 245190
DESC-1: Legal documents
DESC-2:
DESC-3:
DESC-4:
SED: NDR30.55(h)
COUNTRY MFG: US
CARRIAGE VALUE: 0.00 USD
CUSTOMS VALUE: 1.00 USD
T/C: S 119918685          D/T: S 119918685
SIGN: DIANE MYERS
EIN/VAT:

SHIP TO:   541148197000        BILL SENDER

Maria del Carmen Chiodi
MRE, Comercio Internacional y Culto
Direccion Gral de Asuntos Juridicos
Esmeralda 1212, Piso 4

Buenos Aires,  1007
AR

INTL ECON ENVELOPE

TRK#   7907  2771  7306    FORM 0430

1007            - -AR

FedEx | Ship Manager | Label 7907 2771 7306 — Page 1 of 1



From:    Origin ID: BBBA   (952) 831-7776
DIANE MYERS
APS INTERNATIONAL, LTD
7800 GLENROY ROAD
APS INTERNATIONAL PLAZA
MINNEAPOLIS, MN 55439
UNITED STATES

**FedEx** Express

Ship Date: 29NOV05
ActWgt: 1 LB
System#: 4040923/INET2300
Account#: S ********                          TotWgt: 1 LB

REF: INT 245190
DESC-1: Legal documents
DESC-2:
DESC-3:
DESC-4:
SED: NDR30.55(h)
COUNTRY MFG: US
CARRIAGE VALUE: 0.00 USD
CUSTOMS VALUE: 1.00 USD
T/C: S 119918685          D/T: S 119918685
SIGN: DIANE MYERS
EIN/VAT:

SHIP TO:   541148197000        BILL SENDER

**Maria del Carmen Chiodi**
**MRE, Comercio Internacional y Culto**
**Direccion Gral de Asuntos Juridicos**
**Esmeralda 1212, Piso 4**

**Buenos Aires,  1007**
AR

**INTL ECON ENVELOPE**

TRK#   **7907  2771  7306**    FORM 0430

**1007**            - -AR



These commodities, technology, or software were exported from the United States in
accordance with the export administration regulations. Diversion contrary to United States
law prohibited.
The Warsaw Convention may apply and will govern and in most cases limit the liability of
Federal Express for loss or delay of or damage to your shipment. Subject to the conditions
of the contract.

CONSIGNEE COPY - PLEASE PLACE IN POUCH

---

**Shipping Label: Your shipment is complete This shipping label constitutes the air waybill for this shipment.**
1. Use the  "Print" feature from your browser to send this page to your laser or inkjet printer. Fold the printed page along the horizontal line.
2. Place 2 originals of the shipping label in the pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stoppingplaces which are agreed to and FedEx reserves the right to route the shipment in any way FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may pay an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God,perils of the air, weather conditions, mechanical delays, acts of public enemies,war, strike, civil commotion, or acts or omissions of public authorities (including cutoms and heath officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA. is the first carrier of this shipment. Email address located at www.fedex.com.



EXHIBIT 6
PAGE 1 OF 7

**FedEx.**

Search

| Package / Envelope Services | Office / Print Services | Freight Services | Expedited Servi |
|---|---|---|---|

| Ship | **Track** | Manage My Account | International Tools |
|---|---|---|---|

Track Shipments
## Detailed Results

Printable Version     Quick Help

| | | | | | |
|---|---|---|---|---|---|
| **Tracking number** | 790727717306 | **Reference** | INT 245190 | | **Wrong Address?** |
| **Signed for by** | M.MESA DE ENTRADAS | **Destination** | BUENOS AIRES AR | | Reduce future mistal |
| | | **Delivered to** | Receptionist/Front Desk | | FedEx Address Che |
| **Ship date** | Nov 29, 2005 | **Service type** | Intl Economy Envelope | | |
| **Delivery date** | Dec 1, 2005 1:23 PM | **Weight** | 1.0 lbs. | | **Shipping Freight?** |
| | | | | | FedEx has LTL, air fr |
| **Status** | Delivered | | | | surface and air exper |
| | | | | | multi piece package |
| | | | | | and ocean freight. |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Dec 1, 2005** | 1:23 PM | **Delivered** | BUENOS AIRES AR | |
| | 10:31 AM | On FedEx vehicle for delivery | BUENOS AIRES AR | |
| | 10:10 AM | At local FedEx facility | BUENOS AIRES AR | |
| | 5:49 AM | Int'l shipment release | BUENOS AIRES AR | |
| **Nov 30, 2005** | 11:48 PM | At dest sort facility | BUENOS AIRES AR | |
| | 2:48 AM | Departed FedEx location | MEMPHIS, TN | |
| | 2:17 AM | Arrived at FedEx location | MEMPHIS, TN | |
| **Nov 29, 2005** | 8:34 PM | Left origin | ST. LOUIS PARK, MN | |
| | 6:32 PM | Picked up | ST. LOUIS PARK, MN | |
| | 4:27 PM | Package data transmitted to FedEx | | |

Need to track a
FedEx SmartPost
shipment?

| Signature proof | Email results | Track more shipments |
|---|---|---|

Subscribe to tracking updates (optional)

| **Your Name:** | | **Your Email Address:** | |
|---|---|---|---|

| **Email address** | **Language** | **Exception updates** | **Delivery updates** |
|---|---|---|---|
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |

**Select format:** ⦿ HTML ○ Text ○ Wireless

**Add personal message:**

Not available for Wireless or
non-English characters.

EXHIBIT 6

PAGE 2 OF 7

APS International Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

November 29, 2005

Ministerio de Relaciones Exteriores,
Comercio Internacional y Culto
Oficina de Tratados
Esmeralda 1212, Piso 4
1007 Buenos Aires, ARGENTINA

RE:  Service of process upon: **Antonio Barillari, S.A.**
CASE NO: **05-11366 MLW**

Dear Sir/Madam:

Documents for service of process under the Hague Convention Treaty were sent to you on **July 28, 2005** in the lawsuit: **Slade Gorton & Co., Inc.  v  Antonio Barillari, S.A.**

We sent the following documents via Federal Express courier.
  1)  Request, Certificate/Attestation and Summary of Documents.
  2)  Two (2) copies of the documents to be served (in English).
  3)  Two (2) copies of the documents to be served (in Spanish).

Federal Express confirmed delivery of the documents to you on August 2, 2005.  Please let us know the status of these papers:

  1)  Have the documents been served?_____.
  2)  If so, when, where and on whom were they served?
_____.
  3)  Where is the Certificate/Attestation and when can we expect it?
_____
_____.

EXHIBIT    6
PAGE    3    OF    7

The United Stated has executed declaration 3 to the Treaty, which adopts Paragraph 2 of Article 15 allows for a default judgment in a United States Court, notwithstanding the absence of proof of service. In accordance with this provision, we will be requesting the United States Court to grant judgment by default against **Antonio Barillari, S.A.**, your citizen, after **January 30, 2006.** We have enclosed a duplicate of this letter upon which you may reply, together with an envelope addressed to us for your convenience.

Thank you for your prompt consideration.

Sincerely,

Diane K. Myers
International Department

EXHIBIT 6
PAGE 4 OF 7

APS In...national Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

29 de noviembre de 2005

Ministerio de Relaciones Exteriores,
Comercio Internacional y Culto
Oficina de Tratados
Esmeralda 1212, Piso 4
1007 Buenos Aires, ARGENTINA

Referente a: Diligencia de emplazamiento sobre: **Antonio Barillari, S.A.**
Número de caso: _____05-11366 MLW___

Muy estimados señores:

Documentos para una diligencia de emplazamiento bajo el Convenio de La Haya Relativo a la Notificación o Traslado en el Extranjero de Documentos Judiciales o Extrajudiciales en Materia Civil o Comercial, fueron enviados a Uds. el (fecha) ___28 de julio de 2005_____
sobre el pleito de: ____Slade Gorton & Co., Inc. contra Antonio Barillari, S.A.____

Enviamos a Uds. los siguientes documentos por vía de Federal Express correo expreso:

1) Petición, Certificación/Atestación y Resumen de documentos.
2) Dos copias de los documentos para la notificación (en inglés).
3) Dos copias de los documentos para la notificación (en español).

Federal Express confirmó la entrega de los documentos a Uds. el 2 de agsoto de 2005. Favor de hacernos saber el estado de estos documentos:

1) ¿ Han sido entregados los documentos al demandado?
2) Si han sido entregados, ¿Cuándo? ¿Adónde? y ¿A quién fueron entregados los documentos?
3) ¿Dónde se encuentra la Certificación/Atestación y cuándo podemos esperar recibirla?

Los Estados Unidos ha ejecutado la Declaración tres (3) al Tratado, la cual acepta el Párrafo dos (2) del Artículo quince (15) y permite una sentencia en contumacia en un Tribunal de los Estados Unidos, a pesar de la falta de una prueba de la notificación judicial. De acuerdo con esta disposición, pediremos que el Tribunal Estadounidense registre una sentencia en rebeldía contra **Antonio Barillari, S.A.**, su ciudadano, después del (fecha) ___30 de enero de 2006_____.


EXHIBIT 6
PAGE 5 OF 7

Hemos incluido una copia de esta carta sobre la cual pueden Uds. contestar.  También, hay un sobre incluido con nuestra dirección para facilitar el proceso.

Desde ya agradecemos la consideración y rápida contestación de esta carta.

Atentamente,

Diane K. Myers
APS International, Ltd.
Departamento Internacional

EXHIBIT    6

PAGE    6    OF    7

"2006 - Año de homenaje a Antonio Berni"



*Ministerio de Relaciones Exteriores,*
*Comercio Internacional y Culto*

Nota:...22022......
Letra: DIAJU, ZCRJA

Sírvase citar CARPE. DIAJU N° 3564/05

Buenos Aires,

APS INTERNATIONAL, LTD
APS INTERNATIONAL PLAZA
7800 Glenrroy Road
Minneapolis, Minnesota 55439-3122
U.S.A. (EUA)

Tengo el agrado de dirigirme a Ud., en relación al emplazamiento sobre **Antonio Barillari, S.A.** número de caso: 05-11366 MLW, autos caratulados **"SLADE GORTON & CO., INC. C/ANTONIO BARILLARI S/NOTIFICACIÓN EN ACCIÓN CIVIL"**, con el objeto de acusar recibo de la documentación referida a la rogatoria librada e informarle que la misma ha quedado radicada en el Juzgado Nacional de Primera Instancia en lo Civil N° 79 a cargo de la Dra. Cecilia María Rejo, ciudad de Buenos Aires, República Argentina, bajo el número de Expediente 68.899/2005, el día 5 de Agosto del año en curso.

Asimismo, se informa que se requirió al tribunal interviniente información relacionada con el diligenciamiento de la rogatoria, haciéndole saber la manifestación vertida por vuestro organismo en relación a la declaración efectuada en el tratado vigente por ese país.

Obtenida novedad alguna, le será transmitida.

Saludo a Ud., muy atentamente.

yau

Dr. GUSTAVO ADOLFO DE PAOLI
SUBDIRECTOR GENERAL
ASUNTOS JURIDICOS

EXHIBIT. 6

PAGE 7 OF 7

FedEx | Ship Manager | Label 7913 3920 7697       Page 1 of 1

From:   Origin ID: BBBA   (952) 831-7776
DIANE MYERS
APS INTERNATIONAL, LTD
7800 GLENROY ROAD
APS INTERNATIONAL PLAZA
MINNEAPOLIS, MN 55439
UNITED STATES


FedEx
Express

CLS 1027/03/11/16

SHIP TO:   541148197000      BILL SENDER

**Maria del Carmen Chiodi**
**MRE, Comercio Internacional y Culto**
**Direccion Gral de Asuntos Juridicos**
**Esmeralda 1212, Piso 4**

**Buenos Aires,   1007**
AR



These commodities, technology, or software were exported from the United States in
accordance with the export administration regulations. Diversion contrary to United States
law prohibited.
The Warsaw Convention may apply and will govern and in most cases limit the liability of
Federal Express for loss or delay of or damage to your shipment. Subject to the conditions
of the contract.

CONSIGNEE COPY - PLEASE PLACE IN POUCH

Ship Date: 16JAN06
ActWgt: 1 LB
System#: 4040923/INET2300
Account#: S *********             TotWgt: 1 LB

REF: INT 245190
DESC-1: Legal documents
DESC-2:
DESC-3:
DESC-4:
SED: NDR30.55(h)
COUNTRY MFG: US
CARRIAGE VALUE: 0.00 USD
CUSTOMS VALUE: 1.00 USD
T/C: S 119918685       D/T: S 119918685
SIGN: DIANE MYERS
EIN/VAT:

**INTL ECON ENVELOPE**

TRK#   **7913 3920 7697**    FORM 0430

**1007**       - -AR



---

Shipping Label: Your shipment is complete **This shipping label constitutes the air waybill for this shipment.**

1.Use the "Print" feature from your browser to send this page to your laser or inkjet printer. Fold the printed page along the horizontal line.

2. Place 2 originals of the shipping label in the pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stoppingplaces which are agreed to and FedEx reserves the right to route the shipment in any way FedEx deems appropriate. ROAD TRANSPORT NOTICE: Shipments transported solely by road to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God,perils of the air, weather conditions, mechanical delays, acts of public enemies,war, strike civil commotion, or acts or omissions of public authorities(including cutoms and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OR CARRIAGE FOR DETAILS The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at www.fedex.com

EXHIBIT 7

PAGE 1 OF 7



United States Home      Information Center | Custom

| Package / Envelope Services | Office / Print Services | Freight Services | Expedited Servi |

| Ship | **Track** | Manage My Account | International Tools |

Track Shipments
## Detailed Results

Printable Version     ? Quick Help

| | | | | |
|---|---|---|---|---|
| **Tracking number** | 791339207697 | **Reference** | INT 245190 | **Wrong Address?** |
| **Signed for by** | .STAMP | **Destination** | BUENOS AIRES AR | Reduce future mistal |
| **Ship date** | Jan 16, 2006 | **Delivered to** | Mailroom | FedEx Address Chec |
| **Delivery date** | Jan 18, 2006 12:34 PM | **Service type** | Intl Economy Envelope | |
| | | **Weight** | 1.0 lbs. | Shipping Freight? |
| **Status** | Delivered | | | FedEx has LTL, air fr |
| | | | | surface and air expe |
| | | | | multi piece package |
| | | | | and ocean freight. |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Jan 18, 2006 | 12:34 PM | Delivered | BUENOS AIRES AR | |
| | 10:48 AM | On FedEx vehicle for delivery | BUENOS AIRES AR | |
| | 10:07 AM | At local FedEx facility | BUENOS AIRES AR | |
| | 4:32 AM | Int'l shipment release | BUENOS AIRES AR | |
| | 3:16 AM | In transit | BUENOS AIRES AR | Package available for clearance |
| Jan 17, 2006 | 11:36 PM | At dest sort facility | BUENOS AIRES AR | |
| | 2:51 AM | Departed FedEx location | MEMPHIS, TN | |
| | 12:45 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Jan 16, 2006 | 8:26 PM | Left origin | ST. LOUIS PARK, MN | |
| | 6:24 PM | Picked up | ST. LOUIS PARK, MN | |
| | 11:56 AM | Package data transmitted to FedEx | | |

Need to track a
FedEx SmartPost
shipment?

| Signature proof | Email results | Track more shipments |

Subscribe to tracking updates (optional)

Your Name: _____     Your Email Address: _____

| Email address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English ▼ | ☐ | ☐ |
| | English ▼ | ☐ | ☐ |
| | English ▼ | ☐ | ☐ |
| | English ▼ | ☐ | ☐ |

EXHIBIT 7

PAGE 2 OF 7

APS International Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

January 16, 2006

Ministerio de Relaciones Exteriores,
Comercio Internacional y Culto
Treaty Bureau, Esmeralda 1212, 4th Floor
1007 Buenos Aires
Argentina

Re: Service of process upon: **Antonio Barillari, S.A.**

Case No: **05-11366 MLW**

Dear Sir/Madam:

Documents for service of process under the <u>Hague Convention on the Service Abroad of
Judicial & Extrajudicial Documents in Civil or Commercial Matters</u>, were sent to you on
<u>**July 28, 2005**</u>  in the lawsuit: **Slade Gorton & Co., Inc.  v  Antonio Barillari, S.A.**

We sent the following documents via Federal Express courier:

        1) Request, Certificate/ Attestation and Summary of  Documents.
        2) Two (2) copies of the documents to be served (in English).
        3) Two (2) copies of the documents to be served (in Spanish).

We also sent a letter requesting status of service on November 29, 2005, via Federal
Express.  In response, we received the attached letter from you. Have you received any
information from the court?

Please let us know the status of these papers:

        1) Have the documents been served?
        2) If so, when, where and on whom were they served?
        3) Where is the Certificate/Attestation and when can we expect it?

EXHIBIT 7
PAGE 3 OF 7

Ministerio de Relaciones Exteriores
January 16, 2006
Page 2


The United States has executed Declaration 3 to the Treaty, which adopts Paragraph 2 of
Article 15 and allows for a default judgment in a United States Court, notwithstanding the
absence of proof of service.  In accordance with this provision, we will be requesting the
United States Court to grant judgment by default against **Antonio Barillari, S.A.**, your
citizen, after **January 30, 2006**.

Thank you for your prompt consideration.

Sincerely,

Diane K. Myers
International Department


EXHIBIT 7
PAGE 4 OF 7



**Ministerio de Relaciones Exteriores,**
**Comercio Internacional y Culto**

Nota:....22022....
Letra: DIAJU, ZCRJA

Sírvase citar CARPE. DIAJU N° 3564/05

Buenos Aires,



APS INTERNATIONAL, LTD
APS INTERNATIONAL PLAZA
7800 Glenrroy Road
Minneapolis, Minnesota 55439-3122
U.S.A. (EUA)

Tengo el agrado de dirigirme a Ud., en relación al emplazamiento sobre **Antonio Barillari, S.A.** número de caso: 05-11366 MLW, autos caratulados **"SLADE GORTON & CO., INC. C/ANTONIO BARILLARI S/NOTIFICACIÓN EN ACCIÓN CIVIL"**, con el objeto de acusar recibo de la documentación referida a la rogatoria librada e informarle que la misma ha quedado radicada en el Juzgado Nacional de Primera Instancia en lo Civil N° 79 a cargo de la Dra. Cecilia María Rejo, ciudad de Buenos Aires, República Argentina, bajo el número de Expediente 68.899/2005, el día 5 de Agosto del año en curso.

Asimismo, se informa que se requirió al tribunal interviniente información relacionada con el diligenciamiento de la rogatoria, haciéndole saber la manifestación vertida por vuestro organismo en relación a la declaración efectuada en el tratado vigente por ese país.

Obtenida novedad alguna, le será transmitida.

Saludo a Ud., muy atentamente.

yau

Dr. GUSTAVO ADOLFO DE PAOLI
SUBDIRECTOR GENERAL
ASUNTOS JURIDICOS

EXHIBIT 7
PAGE 5 OF 7

APS International Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

16 de enero de 2006

Ministerio de Relaciones Exteriores,
Comercio Internacional y Culto
Oficina de Tratados, Esmeralda 1212, Piso 4
1007 Buenos Aires
Argentina

Referente a: Diligencia de emplazamiento sobre: __Antonio Barillari, S.A.__
Número de caso: ___05-11366 MLW___

Muy estimados señores:

Documentos para una diligencia de emplazamiento bajo el Convenio de La Haya Relativo a la
Notificación o Traslado en el Extranjero de Documentos Judiciales o Extrajudiciales en Materia
Civil o Comercial, fueron enviados a Uds. el (fecha) ___28 de julio de 2005___
sobre el pleito de: ___Slade Gorton & Co., Inc. contra Antonio Barillari, S.A.___

Enviamos los siguientes documentos por vía de Federal Express correo expreso:

1) Petición, Certificación/Atestación y Resumen de documentos.
2) Dos copias de los documentos para la notificación (en inglés).
3) Dos copias de los documentos para la notificación (en español).

También enviamos una carta pidiendo el estado de la notificación vía Federal Express el
29 de noviembre de 2005. En respuesta, recibimos la carta adjunta de Uds. ¿Han recibido
información del tribunal?

Favor de hacernos saber el estado de estos documentos:

1) ¿El demandado ha sido notificado con los documentos?
2) Si es así, ¿cuándo, dónde y quién fue notificado?
3) ¿Dónde se encuentra la Certificación/Atestación y cuándo podemos esperar recibirla?

Los Estados Unidos ha ejecutado la Declaración 3 al Tratado, la cual acepta el Párrafo 2 del
Artículo 15 y permite una sentencia en contumacia en un Tribunal de los Estados Unidos, a pesar
de la falta de la prueba de la notificación judicial. De acuerdo con esta provisión, pediremos que



EXHIBIT 7
PAGE 6 OF 7

el Tribunal Estadounidense registre una sentencia en contumacia contra  Antonio Barillari, S.A.,
su ciudadano, después del (fecha) _____30 de enero de 2006_____.

Agradecemos su pronta respuesta y consideración.


Atentamente,

*Diane K Myers*

Diane K. Myers
APS International, Ltd.
Departamento Internacional

EXHIBIT 7
PAGE 7 OF 7

# EXHIBIT B

"2006 - Año de homenaje al Dr. Ramón CARRILLO"



*inisterio de Relaciones Exteriores,*
*Comercio Internacional y Culto*

Letter: Diaju, ZCRJA
Note Nro: ۱۸۹۲

Our File n° 3564/05

Buenos Aires,   0 1 FEB 2006

APS INTERNATIONAL, LTD.
APS International Plaza
7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
United States of America

Tengo el agrado de dirigirme a Ud, con el objeto de acusar recibo de su nota relativa a la citación de Antonio Barillariln, que fuera recepcionado *en esta Dirección General* el 18 de enero ultimo.

Al respecto, cumplo en comunicarle que se ha solicitado información acerca del estado de tramite de la rogatoria librada en autos al Juzgado Nacional de Primera Instancia en lo Civil nro 79, a cargo de la Dra. Cecilia Maria Rejo.

Saludo a Ud, muy atentamente.

Dra. MARIA DEL C. SEOANE DE CHIODI
DIRECTORA ASISTENCIA JUDICIAL
INTERNACIONAL

YAU
.VCO

"2006 - Año de homenaje al Dr. Ramón CARRILLO"

*Ministerio de Relaciones Exteriores,*
*Comercio Internacional y Culto*

Nota N° 2850
Letra DIAJU, ZCRJA

Sírvase citar Carpe. N°3564/05

Buenos Aires, 1 4 MAR 2006

APS INTERNATIONAL, LTD
APS INTERNATIONAL PLAZA
7800 Glenroy Road
Minneapolis, Minessota 55439-3122
U.S.A. (EUA)

          Tengo el agrado de dirigirme a Ud., en relación a
la nota de citación de **Antonio Barillari**, que tramitan por ante
el Juzgado Nacional de Primera Instancia en lo Civil N° 79 a
cargo de la Dra. Cecilia María Rejo, Capital Federal, República
Argentina, con el objeto de informarle que a los fines de tomar
conocimiento de las actuaciones llevadas a cabo en el
diligenciamiento de la rogatoria deberá aguardarse que el
expediente judicial vuelva de la excelentísima Cámara Nacional
de Apelaciones, por encontrarse en esa instancia desde el día
22/09/2005.

          Saludo a Ud., muy atentamente.

yau