UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                              )
SLADE GORTON & CO., INC.,     )
                              )
     Plaintiff,               )
                              )   CIVIL ACTION NO. 05-11366-MLW
     v.                       )
                              )
ANTONIO BARILLARI, S.A.       )
                              )
     Defendant.               )
_____)

**MEMORANDUM IN SUPPORT OF SLADE GORTON & CO., INC.'S
THIRD MOTION TO ENLARGE TIME TO EFFECT SERVICE ABROAD**

Plaintiff, Slade Gorton & Co., Inc. ('Slade Gorton"), hereby submits this Memorandum in Support of its Third Motion to Enlarge Time to Effect Service Abroad.

### I.    Introduction

Slade Gorton filed its complaint in this action on June 28, 2005. As stated in previous motions, the defendant, Antonio Barillari, S.A. ("Barillari"), upon information and belief, is a foreign corporation, located in Argentina, with no offices or agents authorized to accept service of process in the United States. Since the complaint was filed, Slade Gorton has continuously attempted to effect service on Barillari using the procedure specified by the Hague Convention for the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").

On March 20, 2006, this Court issued an order requiring Slade Gorton to file proof of service or show good cause why service had not been made. In response, Slade Gorton filed its first Motion to Enlarge Time to Effect Service Abroad on March 30, 2006. The Court, on April 14, 2006, entered an electronic order granting Slade Gorton's motion and extending the time to effect service until July 28, 2006.

In response to that order, Slade Gorton continued its attempts to serve Barillari. When those efforts were unsuccessful, Slade Gorton, on July 20, 2006, filed its Second Motion to Enlarge Time to Effect Service Abroad and memorandum in support thereof. On August 3, 2006 the Court granted that motion, extending Slade Gorton's time to effect service until November 10, 2006.

## II.    Discussion

Since the entry of the Court's August 3, 2006 Order, Slade Gorton has continued in its efforts to effect service pursuant to the Hague Convention. Shortly before filing this Motion, Slade Gorton unofficially learned additional information about the status of the service papers within the Argentinean courts.

Upon information and belief, notice of Slade Gorton's claim was served on Barillari in September 2005. Barillari, however, challenged the notice on the basis that a formal requirement related to the translation of the documents had not been satisfied, and thus filed a challenge with the Argentinean court claiming that service was improper. The Argentinean court denied Barillari's request, and on June 9, 2006, Barillari filed an extraordinary appeal of the decision denying his request. The Argentinean court, upon information and belief, rejected Barillari's appeal and therefore, insofar as the Argentinean courts are concerned, it would appear that notice of the above-referenced action has been effectively served on Barillari.

As of the week of October 30, 2006, Slade Gorton believes that documentation confirming service on Barillari is in the possession of the Argentinean Ministry of Foreign Affairs, the Argentine agency responsible for service under the provisions of the Hague Convention (the "Central Authority"), awaiting transmittal to the United States, where it will be filed with this Court. On November 2, 2006, Slade Gorton received unofficial information that

the Central Authority did indeed have possession of the confirmation of service, and would transmit that confirmation back to the United States for filing with this Court no later than the week of November 6, 2006.  Slade Gorton has not, however, received official notification of that transmittal from the Central Authority.  Similarly, as of late in the week of October 30, 2006, Slade Gorton's international process server, APS International, Ltd., ("APS"), had received no official updates from the Central Authority since March 2006.

Given the information it has received, albeit unofficially, Slade Gorton seeks additional time to allow the Argentinean Central Authority an opportunity to transmit confirmation of service upon Barillari to the United States for filing with this Court.  Slade Gorton chooses this remedy rather than seeking a default judgment at this time, as it is entitled to do under the Hague Convention.

To that end, Slade Gorton hereby requests an extension of the Court's November 10, 2006 deadline to effect service.  In the alternative, if the Court is reluctant to grant such an extension, Slade Gorton requests a status conference to discuss the possibility of seeking a default judgment in this matter, as permitted by the Hague Convention.

### III.    Conclusion

Slade Gorton has made good-faith efforts to serve Barillari in the manner prescribed by the Federal Rules.  Based upon unofficial information, it appears that confirmation that service has been effected is forthcoming from the Argentinean Central Authority.  This Court, therefore, should enlarge the time for Slade Gorton to effect service on Barillari, as the Court deems appropriate, to allow confirmation of service to be transmitted to the United States and filed with this Court as specified by the Hague Convention.

        Respectfully submitted,

        SLADE GORTON & CO.
        By its attorneys,


        */s/ Amy B. Abbott*
        Jeffrey S. King (BBO No. 559000)
        jking@klng.com
        Amy B. Abbott (BBO No. 648072)
        aabbott@klng.com
        KIRKPATRICK & LOCKHART
            NICHOLSON GRAHAM LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA  02111
        (617) 261-3100

Dated: November 8, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent, via First Class mail, postage prepaid, to those non-registered participants on the 8th day of November, 2006.


        */s/ Amy B. Abbott*
        Amy B. Abbott