AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the    District of    Massachusetts

Slade Gorton & Co., Inc.,
                          Plaintiff

**SUMMONS IN A CIVIL ACTION**

V.

Antonio Barillari, S.A.,
                    Defendant

CASE NUMBER:

## 05 - 11366 MLW

TO: (Name and address of Defendant)

Antonio Barillari, S.A.
Hipolito Yrigoyen 723
C1086AAK
Buenos Aires, Argentina

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jeffrey S. King, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109

an answer to the complaint which is served on you with this summons, within twenty (20) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON



CLERK

(By) DEPUTY CLERK

DATE    JUN 2 8 2005

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

|  | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Please see attached. | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): Service was completed on September 1, 2005, in compliance with the Hague Convention on Service Abroad, and upheld through appeals in the Argentinean Courts.  Please see Exhibit A, our International process server's translation of the official notice from the Argentinean Central Authority; and Exhibit B, a copy of the file for this matter received from the Argentinean Court.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                                    *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**EXHIBIT A**

*89*

## JUDICIARY BRANCH OF THE NATION

000013104016

### OFFICIAL NOTICE
OF CAUSE OF ACTION

COURT:    FIRST INSTANCE CIVIL NATIONAL COURT N° 79
          AVDA. DE LOS INMIGRANTES 1950, FIFTH FLOOR

DATE OF RECEIPT IN SERVICE OFFICE

```
[Seal]
First Instance Civil National Court
of the Federal Capital
COURT N° 79
ARGENTINE REPUBLIC
```

**AUG 30 2005**

Mr.: ANTONIO BARILLARI, S.A.
Address: HIPOLITO YRIGOYEN 723  6th FLOOR   OFFICE  42 / 44
Type of Address:  Shown / Reported
NATURE:  XXXXXXXXXXXXXXXXX
SPECIAL OBSERVATIONS:  XXXXXXXXXXXXXXXXX

| *Illegible* | 68899 / 2005  *54.* | | Civil | 79 | U | YES | NO | NO |
|---|---|---|---|---|---|---|---|---|
| Order | File N° | Zone | Jurisdiction | Court | Clerk | Copies | Personal | Observations |

REZ: ☐                                          NEGATIVE SERVICE: ☐

I am notifying / serving upon you  the decision issued in the court file:

SLADE GORTON & CO.  INC.  vs.  BARILLARI  ANTONIO  s/ LETTER ROGATORY

Buenos Aires,  August  *26*  of 2005. – IDM
Received. –
With regard to what appears in the written communication on page 87, it corresponds to process the present
Letter Rogatory. –
Consequently, and attentive to what is required, issue the official notice by the Clerk to Antonio Barillari,
S.A., at address on the street  Hipolito Yrigoyen 723,  6th floor, office  42 / 44, shown in the 3rd paragraph,
along with the attached documents at pages 44 / 86.   SIGNED: CECILIA MARIA V. REJO.  JUDGE.
ACCOMPANIED BY A 42 PAGE SET OF COPIES. -
You are served. -
Buenos Aires, August  *26*  of 2005. –
          *[Illegible signature]*

          PAULA E FERNANDEZ
          INTERIM CLERK

[Proof of Service - Stamped on back side of page 89]

ON ___*01 (ONE)*___ OF ___*September*___ OF ___*2005*___ AT ___*11:00*___ O'CLOCK, I WAS PRESENT AT THE ADDRESS PREVIOUSLY INDICATED, REQUESTING THE PRESENCE OF *the* INTERESTED PARTY _____ AND *not* RESPONDING TO MY CALLS, A PERSON WHO SAID THEY WERE ___*in charge of the building*___ AND THAT THE ONE SOUGHT _____ LIVES _____ THERE, I PROCEEDED TO _____ SERVE THEM _____ DELIVERING _____ DUPLICATE _____ WITH THE SAME LITERAL MEANING AS THE PRESENT ___*with*___ COP*ies*____, AFTER READING _____AND RECEIVING IT, *did* SIGN .

*[Illegible signature]*
ROBERTO GONZALEZ
SERVICE OFFICER
C.S.J.N.

*Simonetti  Rosa*



PODER JUDICIAL DE LA NACION

000013104016

CEDULA
DE NOTIFICACION

TRIBUNAL: JUZGADO NACIONAL DE 1ª INSTANCIA EN LO CIVIL N° 79

AVDA. DE LOS INMIGRANTES 1950, QUINTO PISO

FECHA DE RECEPCION EN NOTIFICACIONES

Sr.: ANTONIO BARILLARI S.A.
Domicilio: HIPOLITO YRIGOYEN 723 PISO 6° OFICINA 42/44
Tipo de Domicilio: Denunciado
CARACTER: XXXXXXXXXXXXXXXXX
OBSERVACIONES ESPECIALES: XXXXXXXXXXXXXXXXXX

68899/2005          C      79    U      S    N    N

Orden   Expd. n. Zona   Fuero  Juzgado  Secret.  Cop. Per. Obs

REZ:                          NOTIF. NEGATIVA:

Notifico a Ud. la resolución dictada en los autos:

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO
Buenos Aires, Agosto 26 de 2005.-IDM
Por recibido.-
En atención a lo que surge del oficio de fs. 87,
corresponde dar curso a la presente rogatoria.-
En consecuencia, y atento lo requerido líbrese cédula
por Secretaría a Antonio Barillari S.A, al domicilio de
la calle Hipólito Yrigoyen 723, piso 6° oficina 42/44,
denunciado en el párrafo 3°, junto con el anexo
obrantes a fs. 44/86. FDO: CECILIA MARIA V. REJO. JUEZ.
SE ACOMPAÑA UN JUEGO DE COPIAS EN 42 FOJAS.-
Queda usted notificado.-
Buenos Aires, Agosto       de 2005.-

01/Vino] Septiembre 2005

encargado de un edificio

con

# EXHIBIT B

"2006 - Año de homenaje al Dr. Ramón CARRILLO"



*Ministerio de Relaciones Exteriores,*
*Comercio Internacional y Culto*

Our file N° 3564/05

Note N° *18621*
Letra: DIAJU ZCRJA

Buenos Aires,    0 5 DIC 2006

PROCESS FORWARDING INTERNATIONAL
910 5th Avenue Seatle, WA 98104 USA

Re: Request for execution of letter rogatory.

　　　　　In our capacity as Argentinian Central Authority for the Convention on the Service abroad of Judicial and extrajudicial documents in cuvil or commercial matters, signed at The Hague, November 15, 1965, we are returning the letter rogatory with the response for the competents authorities of Argentine.

　　　　　The letters rogatory have been issued in the case **"SLADE GORTON & CO INC VS. BARILLARI ANTONIO - EXHORTO"**.

Ministerio de Relaciones Exteriores Comercio Internacional y Culto.
Dirección General de Asuntos Jurídicos
Esmeralda 1212. 4° piso (1007)
Buenos Aires, Argentina.

Yours sincerely,

Encl: in 140 pages.
yau

16·11·06

Dra. MARIA DEL C. GEOANE DE CHICOI
DIRECTORA ASISTENCIA JUDICIAL
INTERNACIONAL

1



# REPÚBLICA ARGENTINA

## PODER JUDICIAL DE LA NACION
## JUSTICIA NACIONAL EN LO CIVIL

EXPTE Nº:   68.899/2.005   **JUZGADO Nº** **79**

FECHA ASIGNACION: 24/ 8 /2.005

Asig:                          DE LOS INMIGRANTES 1.950 5to.
S o r t e o

# SLADE GORTON & CO INC

C O N T R A

# BARILLARI ANTONIO

S O B R E

## EXHORTO

PROCESO E S P E C I A L                                          Cat:o
                                                                Cod:199

JUEZ EXHORTANTE: DAINE K MYERS
FUERO: TRIBUNAL DE DISTRITO DE MASSACHUSETTS
JURISDICCION: ESTADOS UNIDOS

JUEZ: **Cecilia Maria V. Rejo**

SECRETARIO: Jose L. Castiñeira

FISCALIA Nº:   4 S Dr/a:  Maria del Carmen Micames
ASESORIA Nº:   2 S Dr/a:  Atilio Alvarez
DEFENSORIA Nº: 4 S Dr/a:  Indiana Elsa Pena Sagasta

SALA

Abogados:
79 - 367  CASELLI BALMACEDA JESSICA    SLD. DE LA INDEP 930    Activo

EL REQUIRENTE ESTÁ AUTORIZADO HACER NOTIFICACIONES JUDICIALES BAJO EL CÓDIGO FEDERAL DE PROCEDIMIENTO CIVIL DE LOS ESTADOS UNIDOS Y BAJO EL CÓDIGO DE PROCEDIMIENTO CIVIL DEL ESTADO DE:  Massachusetts

## PETICIÓN

## A LOS FINES DE NOTIFICACIÓN O TRASLADO EN EL EXTRANJERO DE DOCUMENTO JUDICIAL O EXTRAJUDICIAL

Convenio relativo a la notificación o traslado en el extranjero de documentos judiciales o extrajudiciales en materia civil o comercial, firmado en La Haya el 15 de noviembre de 1965.

| Identidad y dirección del requirente: | Dirección de la autoridad destinataria |
|---|---|
| Diane K. Myers<br>APS INTERNATIONAL, LTD<br>APS International Plaza<br>7800 Glenroy Road<br>Minneapolis, Minnesota  55439-3122<br>U.S.A.  (EUA)<br>Tel. 952.831.7776      Fax: 952.831.8150<br>Email: DMyers@CivilActionGroup.com | Ministerio de Relaciones Exteriores,<br>Comercio Internacional y Culto<br>Oficina de Tratados<br>Esmeralda 1212, Piso 15<br>1007 Buenos Aires<br>Argentina |

El requirente infrascrito tiene el honor de remitir -en doble ejemplar- a la autoridad destinataria los documentos enumerados, rogándole, conforme al artículo 5 del Convenio antes citado, haga remitir sin demora un ejemplar al destinatario, a saber:

(Identidad y dirección)     Antonio Barillari, S.A.
        Hipólito Yrigoyen 723, 6to Piso,  Oficina 42/44  -  (1086)  Buenos Aires,  Argentina
        Teléfono:

[  ]  (a)  Según las formas legales [artículo 5, párrafo primero, letra a)]*.

[ X ]  (b)  Según la forma particular siguiente [artículo 5, párrafo primero, letra b)]*: _Mediante entrega personal de los documentos al poder de cualquier funcionario / representante, gerente u otro agente quien sea autorizado aceptar notificaciones judiciales de parte del demandado.  Si no se puede realizar la notificación de esta forma, favor de proceder con la notificación según la letra (a) supra._

[  ]  (c)  En su caso, por simple entrega al interesado, si acepta voluntariamente (artículo 5, párrafo segundo)*.

Se ruega a esa autoridad envíe o haga enviar al requirente un ejemplar del documento -y de sus anexos-* con la certificación que figura al dorso.

Enumeración de los documentos:

Citación en una Acción Civil
Demanda y Solicitud para Juicio por Jurado
Anexos A, B, C
Elementos Esenciales del Documento
Traducción

Hecho en  Minneapolis, Minnesota, EUA    el 28 de julio
de 2005

Firma y/o sello

_Diane K Myers_

\* Tachar las menciones inútiles

(Anteriormente OBD-116 que anteriormente fue LAA-116,<br>los dos pueden ser utilizados)

USM-94<br>(Est. 11/22/77)

Nombre del Caso: Slade Gorton & Co., Inc.  contra  Antonio Barillari, S.A.
Demandado: Antonio Barillari, S.A.
No. de Expediente del Tribunal: 05-11366 MLW

# CERTIFICACIÓN

**La autoridad infrascrita tiene el honor de certificar, conforme al artículo 6 de dicho Convenio,**

1)  **Que la petición ha sido ejecutada\***

   - **El (fecha)**_____

   - **localidad, calle, número)** _____

   _____

   - **En una de las formas siguientes previstas en el artículo 5:**

      [  ] **(a) según las formas legales [artículo 5, párrafo primero, letra a)]\*.**

      [  ] **(b)  según la forma particular siguiente\*:**_____

      _____

      [  ] **(c)  por simple entrega al destinatario que lo aceptó voluntariamente\*.**

**Los documentos mencionados en la petición han sido entregados a:**

   - **(Identidad y calidad de la persona)** _____

   _____

   - **Vínculos de parentesco, subordinación u otros, con el destinatario del documento**

   _____

2)  **Que la petición no ha sido ejecutada en razón a los hechos siguientes\*:**
   _____
   _____

**Conforme   artículo 12, párrafo 2, de dicho Convenio, se ruega al requirente el pago o reembolso de los gastos cuyos detalles figuran en la declaración adjunta.\***

Enumeración de los documentos: Citación en una Acción Civil, Demanda y Solicitud para Juicio por Jurado,  Anexos A, B, C,  Elementos Esenciales del Documento,  Traducción

Anexos

**Documentos reenviados:**

_____
_____
_____

**Hecho en**_____ **el** \_\_\_\_\_

**En su caso, los documentos justificativos de la ejecución**

_____
_____
_____

**de** _____ **de** _____

**Firma y/o sello**

_____

\* Tachar las menciones inútiles                                    2

## ELEMENTOS ESENCIALES DEL DOCUMENTO

**Convenio relativo a la notificación o traslado en el extranjero de documentos judiciales y extrajudiciales en materia civil o comercial, firmado en La Haya el 15 de noviembre de 1965**

**(artículo 5, párrafo cuarto)**

Nombre y dirección de la autoridad requirente:_____ Diane K. Myers_____
_____ APS INTERNATIONAL, LTD_____
_____APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota  55439-3122, U.S.A.  (EUA)

Identidad de las partes:*_____ Slade Gorton & Co., Inc.  contra  Antonio Barillari, S.A._____
_____

Enumeración de los documentos: Citación en una Acción Civil, Demanda y Solicitud para Juicio por Jurado,  Anexos A, B, C,  Elementos Esenciales del Documento,  Traducción

### DOCUMENTO JUDICIAL**

**Naturaleza y objeto del documento:** El objeto de este documento es para informar a **Antonio Barillari, S.A.**
_____que se ha iniciado en su contra un litigio civil y que ha sido unido como demandado._____
**Naturaleza y objeto del procedimiento y, en su caso, cuantía del litigio:**
El reclamo del demandante en contra del demandado es para una sentencia declaratoria, daños y perjuicios, y otros remedios en una cantidad a ser determinada como el resultado del incumplimiento de contrato y violación de Leyes Generales de Massachusett por el demandado._____
**Fecha y lugar para verificar la comparecencia:**
El demandado tiene que entregar una respuesta a la demanda al abogado del demandante, Jeffrey S. King, Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109 EUA dentro de 20 días después de la notificación de los documentos adjuntos, sin contar el día de la notificación, y presentar la respuesta al Secretario del Tribunal de Distrito de los Estados Unidos para el Distrito de Massachusetts dentro de un plazo razonable después de la notificación._____
**Autoridad judicial que ha dictado la resolución:**
_____ no aplica _____
**Fecha de la resolución:**_____ no aplica _____
**Indicación de los plazos que figuran en el documento:**
El demandado tiene 20 días después de la notificación de los documentos adjuntos, sin contar el día de la notificación, para  entregar una respuesta a la demanda al abogado del demandante y presentar la respuesta al secretario del tribunal dentro de un plazo razonable después de la notificación._____
La falta de hacerlo puede resultar en que el demandante(s) reciba una sentencia en rebeldía contra el demandado para el desagravio exigido en la demanda._____

### DOCUMENTO EXTRAJUDICIAL**

**Naturaleza y objeto del documento:**_____ no aplica _____
_____
**Indicación de los plazos que figuran en el documento:**_____ no aplica _____

*   Si ha lugar, identidad y dirección de la persona interesada en la remisión del documento.

** Tachar las menciones inútiles                                        3

AO 440 (Rev. 8/01) Citación en una Acción Civil

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS

para el   Distrito  de  Massachusetts

Slade Gorton & Co., Inc.,

             Demandante,      **CITACIÓN EN UNA ACCIÓN CIVIL**

      Contra

Antonio Barillari, S.A.,        NÚMERO DE CASO:

             Demandado.      **05 – 11366 MLW**

    A: (Nombre y dirección del Demandado)

    Antonio Barillari, S.A.
    Hipólito Yrigoyen  723
    C1086AAK
    Buenos Aires, Argentina

**CON LA PRESENTE ESTÁ EMPLAZADO** y obligado notificar al ABOGADO DEL DEMANDANTE (nombre y dirección)

    Jeffrey S. King, Abogado
    Kirkpatrick & Lockhart Nicholson Graham LLP
    75 State Street
    Boston, MA  02109

una respuesta a la demanda que se le entrega a usted con esta citación, dentro de  veinte (20)  días después de la notificación de esta citación a usted, sin contar el día de la entrega.  Si falta en hacerlo, se rendirá una sentencia en rebeldía en contra de usted para el remedio exigido en la demanda.  Cualquier respuesta entregada a las partes en esta acción  judicial tiene que ser presentada al Secretario de este Tribunal dentro de un plazo razonable después de la notificación.

  SARAH A. THORNTON               28  JUNIO  2005
SECRETARIO                            FECHA
           [Sello] - TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
                  DISTRITO DE MASSACHUSETTS
    *[Firma ilegible]*
(Por) SUBSECRETARIO

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE MASSACHUSETTS

|  |  |
|---|---|
| SLADE GORTON & CO., INC., | ) |
| Demandante, | ) |
| | ) |
| contra | ) |
| | ) |
| ANTONIO BARILLARI, S.A., | ) |
| Demandado. | ) |

> PRESENTADO
> EN OFICINA DEL SECRETARIO
> 2005 JUN 28  P 3:43
> TRIBUNAL DE DISTRITO EE UU
> DISTRITO DE MASSACHUSETTS

**05 – 11366 MLW**

ACCIÓN CIVIL NO. _____

### DEMANDA Y SOLICITUD PARA JUICIO POR JURADO

El Demandante Slade Gorton & Co., Inc. ("Slade Gorton"), por medio de sus abogados Kirkpatrick & Lockhart Nicholson Graham LLP, alega como su Demanda en contra del Demandado como sigue:

### INTRODUCCIÓN

1.      Ésta es una acción judicial por incumplimiento de contrato y sentencia declaratoria concerniente a una disputa entre Slade Gorton y Antonio Barillari, S.A. ("Barillari").  Slade Gorton solicita pago por el incumplimiento de un pagaré en la cantidad principal de $650,000.  Conforme al Acto de Sentencia Declaratoria, 28 U.S.C. [Código de los Estados Unidos] § 2201, Slade Gorton igualmente solicita una declaración que los reclamos de Barillari por cantidades alegadamente debidas son sin mérito ya que la relación entre las partes fue un arreglo de venta de consignación.  Finalmente, Slade Gorton solicita daños y perjuicios bajo las Leyes Generales de Massachusetts, Capítulo 93A, por los actos y prácticas injustos y engañosos de Barillari con fundamento en las posturas tomadas por

BOS-741109 v2 5536459-0906

Barillari con respecto al pagaré y sus "reclamos" por cantidades debidas, que son posturas no sostenibles, en contra de los documentos respecto a estas cuestiones, y afirmadas en mala fe.

## JURISDICCIÓN Y COMPETENCIA

2.      Este Tribunal tiene jurisdicción sobre el asunto de esta acción judicial conforme a 28 U.S.C. [Código de los Estados Unidos] § 1332(a) porque el asunto en controversia sobrepasa los $75,000, sin contar intereses y costas, y es entre un ciudadano de Massachusetts (Slade Gorton) y un ciudadano de un país extranjero (Barillari).

3.      La competencia se halla en este Tribunal conforme a 28 U.S.C. [Código de los Estados Unidos] § 1391 porque el Demandante Slade Gorton reside en Boston, Massachusetts y el Demandado Barillari reside en Argentina.

## LAS PARTES

4.      El Demandante Slade Gorton es una corporación organizada y existiendo bajo las leyes de Massachusetts, con su sede en 225 Southampton Street, Boston, Massachusetts. Slade Gorton se dedica al comercio y negocio de importar y distribuir productos de mariscos, entre otras cosas.

5.      El Demandado Barillari es, basado en información y entendimiento, una sociedad organizada y existiendo bajo las leyes de Argentina, con su sede en Hipólito Yrigoyen 723, C1086AAK, Buenos Aires, Argentina.  Basado en información y entendimiento, Barillari se dedica a la venta y distribución de productos de mariscos, entre otras cosas.

## HECHOS

### La Relación Entre Slade Gorton y Barillari Sobre la Venta de Consignación

6.    Slade Gorton y Barillari han tenido una relación comercial durante muchos años. Durante varios años pasados, Slade Gorton llevaba a cabo negocios con Barillari principalmente por medio de los empleados de Barillari, Luis Aguer ("Aguer") y Daniel Ontiveros ("Ontiveros"). La interacción con Aguer y Ontiveros abarcaba negociación de los tipos de productos que Slade Gorton importaría de Barillari tanto como el volumen, horario, precio, y términos de la relación y pagos de Slade Gorton a Barillari.

7.    La relación empezó como un arreglo de "compra y venta", en la cual Barillari vendía sus productos a Slade Gorton a un precio convenido, luego los productos se enviaban a Slade Gorton, y Slade Gorton vendería los productos por medio de sus cadenas de distribución.

8.    Durante 2001, por acuerdo entre las partes, el arreglo cambiaba a un arreglo de "consignación", en el cual Barillari enviaría productos de mariscos a Slade Gorton sin un precio fijo de "venta" establecido en el momento del envío. Slade Gorton vendería el producto de marisco en el momento, lugar, y precio que tuvieran sentido comercial razonable en vista de las fluctuaciones del mercado. Slade Gorton luego pagaría a Barillari basado en el precio en que el producto de marisco pudiera ser vendido, menos un porcentaje en comisión cobrada por Slade Gorton para sus servicios, que incluían importación, almacenamiento, transporte, y venta de los productos de mariscos.

9.    Después del establecimiento del arreglo de consignación, Barillari continuaba a enviar productos de mariscos acompañados por una factura. Esas facturas continuaban a mostrar un valor nominal de dólares para las mercancías enviadas bajo esa factura.

10.    Las cantidades mostradas en las facturas, sin embargo, no eran el precio en que los productos se vendieran ni las cantidades a ser pagadas o en realidad pagadas por

Slade Gorton. En cambio, durante años, Slade Gorton realizaba el arreglo de consignación antes descrito y pagaba a Barillari basado en el precio final de venta de los productos de mariscos que Slade Gorton pudiera obtener, menos la "comisión" de Slade Gorton.

11.    Barillari, directamente y mediante sus agentes, Aguer y Ontiveros, estaba completamente informado de los términos del arreglo conforme al cual se llevaba a cabo el negocio entre Slade Gorton y Barillari, y, en especial, el arreglo de "consignación". El Presidente de Barillari, Franco Barillari, igualmente estaba informado de los términos.

12.    La existencia y términos generales del arreglo de consignación se confirmaron por Barillari, incluyendo por una carta con fecha 26 de junio de 2001 enviada por Barillari a Slade Gorton por telefacsímil, una copia fiel y exacta de la cual se adjunta a la presente como Anexo A. Esa carta confirma que el arreglo es uno de "consignación" (las palabras "producto de consignación" sustituyen la palabra tachada "consignaciones") y que Slade Gorton no pagaría el precio indicado en la factura sino en cambio pagaría un precio acordado después de la venta del producto.

13.    Barillari sabía que la relación con Slade Gorton era una relación de consignación, y, durante años, realizaba el arreglo según los términos de ese arreglo y no expresaba preocupaciones.

14.    El "precio" expuesto en las facturas no había sido la base del pago por Slade Gorton a Barillari desde por lo menos tan temprano como aproximadamente 2001.

15.    Durante el curso de la relación entre Slade Gorton y Barillari, Slade Gorton ha recibido cientos de envíos de Barillari y ha pagado a Barillari por encima de $44,000,000. Todos esos envíos de Barillari se hacían a los Estados Unidos, la mayoría a Boston, pero otros a Norfolk y Nueva York.

16.    Durante el curso de la relación, numerosas reuniones han tomado lugar en Boston durante los últimos 6-7 años.  Durante esas reuniones, hablaban sobre los términos de la relación comercial entre Slade Gorton y Barillari.  Además, Barillari se ha representado aproximadamente 8 veces en Boston en la Exposición Anual de Mariscos en Boston.

**Los Reclamos de Barillari Respecto a las Cantidades Facturadas en Indiferencia a la Base de Consignación**

17.    Durante el verano de 2004, Barillari empezaba a tomar la postura que el arreglo durante los últimos años pasados era un arreglo de "compra y venta" y no un arreglo de "consignación", y afirmaba que Slade Gorton debía el precio total enumerado en la factura a Barillari para todos los envíos enviados a Slade Gorton.

18.    En agosto de 2004, el Primer Mandatario de Barillari (Franco Barillari), el Presidente de Barillari (Jorge Calvo), Aguer, y Ontiveros pasaban aproximadamente 12 días en Boston, alguna parte del tiempo en las oficinas de Slade Gorton en Boston.  Marcelo Sánchez de Barillari también participaba en las reuniones en las oficinas de Slade Gorton en Boston durante aquel tiempo. Durante esta visita, Barillari reclamaba derecho a $7,673,032.27 y presentaba información de contabilidad que Barillari decía apoyaba tal reclamo. Barillari continuaba a afirmar que el arreglo era un arreglo de "compra y venta" y no un arreglo de "consignación", en contradicción directa del acuerdo directo y entendimiento entre las partes, y los años del curso y tratos.

19.    Barillari ha exigido pago formalmente en la cantidad de $7,673,032.27, y el 29 de septiembre de 2004, declaró que al no recibir pago, el asunto se remitiría a los abogados de Barillari. Una copia fiel y exacta de la carta del 29 de septiembre de 2004 haciendo tal demanda se adjunta a la presente como Anexo B.

5

20.     Posteriormente, Slade Gorton ha recibido correspondencia de los abogados de Barillari amenazando acción judicial si Barillari no recibiera el pago.

21.     Basado en información y entendimiento, la cantidad reclamada por Barillari consiste de la diferencia entre las cantidades nominales agregadas mostradas en las facturas y las cantidades realmente pagadas por Slade Gorton a Barillari.  Tal diferencia consiste de varios componentes, incluyendo, pero sin limitarse a:

(a) el precio real en que el producto se vendió conforme al arreglo de consignación fue más bajo que la cantidad nominal en la factura;

(b) la falta de las facturas de reflejar que Slade Gorton se permitió restar ciertas cantidades asociadas con el almacenamiento y venta de los productos; y

(c) la falta de Barillari de cambiar los precios nominales en las facturas para reflejar que en algún punto el pago de cargos de flete se hicieron la responsabilidad de Slade Gorton, pero en cambio continuaban a reflejar precios nominales más altos que incluían cargos de flete como un gasto de Barillari.

**El Pagaré del 21 de Junio de 2004 y el Incumplimiento por Barillari de Eso**

22.     El 21 de junio de 2004, Slade Gorton y Barillari se comprometieron a un pagaré (el "Pagaré de junio de 2004"), una copia fiel y exacta del cual se adjunta a la presente como Anexo C.

23.     Como más completamente expuesto en el Pagaré de junio de 2004, en cambio para una garantía por Barillari de proveer a Slade Gorton por lo menos cinco contenedores de gambas rosadas y con fundamento en una representación por Barillari de que dichas gambas

estaban listas para envío, Slade Gorton acordó hacer pago anticipado para esos contenedores a Barillari, a una tasa de $130,000 por contenedor.

24.    Como tal, Slade Gorton pagó a Barillari, y Barillari aceptó, los $650,000 reflejados en el Pagaré de junio de 2004.

25.    El Pagaré de junio de 2004 también condicionó que si los cinco contenedores no se enviaron a Slade Gorton para el 31 de julio de 2004, entonces los $650,000 estarían vencidos y pagaderos el 31 de julio de 2004.

26.    Ni los envíos requeridos ni el pago de los $650,000 ocurrieron para el 31 de julio de 2004.

27.    Slade Gorton ha exigido repetidamente el pago de los $650,000 debidos bajo el Pagaré de junio de 2004, pero hasta la fecha no ha recibido ningún pago.

28.    El Pagaré de junio de 2004 se comprometió por Slade Gorton y Ontiveros de parte de Barillari.

29.    En dos ocasiones separadas, Slade Gorton y Barillari se habían comprometido a pagarés parecidos, cada uno por $1,000,000. En ambas ocasiones, Ontiveros había firmado el pagaré de parte de Barillari, Barillari aceptó el pago anticipado de Slade Gorton, y Barillari realizó sus obligaciones bajo esos pagarés.

30.    No obstante que Ontiveros tuvo la autoridad aparente y real comprometerse al Pagaré de junio de 2004, y lo había hecho ya en ocasiones previas, Barillari ha tomado la postura que Ontiveros "jamás tuvo autoridad regular ni legal firmar un pagaré de parte de [Barillari]".

**CARGO UNO**
**(Incumplimiento de Contrato)**

7

31.   Slade Gorton repita, alega de nuevo, e incorpora los alegatos contenidos en los párrafos 1 – 30 supra, como si establecidos en su totalidad en este párrafo.

32.   Slade Gorton y Barillari se comprometieron a un contrato imponible y válido requiriendo que Barillari pagaría a Slade Gorton los $650,000 el 31 de julio de 2004 si Barillari no había enviado cinco contenedores de gambas rosadas a Slade Gorton para esa fecha.

33.   Barillari no envió ningún contenedor de gambas rosadas a Slade Gorton para el 31 de julio de 2004 y ha denegado pagar a Slade Gorton la cantidad debida.

34.   Como el resultado, Barillari está en incumplimiento del contrato.

35.   Slade Gorton ha llevado a cabo totalmente sus obligaciones según el contrato de junio de 2004 y todas las condiciones precedentes al cumplimiento del contrato se han satisfecho.

36.   Como el resultado directo y natural del incumplimiento del contrato por Barillari, Slade Gorton se ha dañado y sigue sufriendo daños y perjuicios.

## CARGO DOS
### (Acción para Sentencia Declaratoria, 28 U.S.C. §2201)

37.   Slade Gorton repita, alega de nuevo, e incorpora los alegatos contenidos en los párrafos 1 – 36 supra, como si establecidos en su totalidad en este párrafo.

38.   Una controversia sustancial y real existe actualmente entre Slade Gorton y Barillari con respecto a los reclamos de Barillari de que Slade Gorton debe por encima de $7 millones a Barillari.

39.   Los hechos pertinentes a la resolución de esta controversia ya han ocurrido.

40.   La reparación declaratoria de este Tribunal aclarará los derechos de las partes y transará las relaciones legales en cuestión.



41.    Una sentencia declaratoria en cuanto a los derechos y deberes de las partes es necesaria para proporcionar remedio de la inseguridad y controversia relacionada y para evitar la acumulación de daños y perjuicios evitables.

42.    Conforme a las provisiones del Acto de Sentencia Declaratoria, 28 U.S.C. [Código de los Estados Unidos] § 2201, Slade Gorton tiene derecho a una declaración por el Juzgado de que el arreglo entre Slade Gorton y Barillari era un arreglo de consignación, que Slade Gorton ha satisfecho sus obligaciones a Barillari bajo ese arreglo, y que Slade Gorton no debe a Barillari las cantidades ahora reclamadas por Barillari.

## CARGO TRES
### (Violación de las Leyes Generales de Massachusetts, Capítulo 93A)

43.    Slade Gorton repita, alega de nuevo, e incorpora los alegatos contenidos en los párrafos 1 – 42 supra, como si establecidos en su totalidad en este párrafo.

44.    En todo momento pertinente a esto, Slade Gorton y Barillari eran personas dedicadas al comercio o negocio dentro del significado de las Leyes Generales de Massachusetts, capítulo 93A §§ 1(b), 2, y 11.

45.    Las acciones de Barillari como expuestas aquí en esto constituyen "prácticas o actos engañosos o injustos en la conducta de cualquier negocio o comercio" dentro del significado de las Leyes Generales de Massachusetts, capítulo 93A §2. Tal conducta incluía las siguientes prácticas, entre otras, que se realizaban sin justificación y en mala fe:

    (a) a sabiendas e intencionalmente faltando pagar el Pagaré válido e indisputable de junio de 2004;

    (b) a sabiendas e intencionalmente reclamando que la cantidad principal reflejada por el Pagaré de junio de 2004 era por el pago de cantidades debidas de Slade

Gorton en contradicción directa del lenguaje claro e inequívoco en el Pagaré de junio de 2004 y el entendimiento de las partes;

(c) a sabiendas e intencionalmente reclamando que sus agentes no tenían la autoridad comprometerse al Pagaré de junio de 2004 de parte de Barillari, cuando esos agentes sí tenían tal autoridad y cuando Barillari había honrado y cumplido con pagarés más grandes previamente contratados por los mismos agentes, y cuando no obstante aceptó el pago bajo el Pagaré de junio de 2004; y

(d) a sabiendas e intencionalmente reclamando que el arreglo entre Barillari y Slade Gorton era un arreglo de "compra y venta" en vez de un arreglo de consignación, lo cual era en contradicción directa de los términos del arreglo confirmados por escrito por Barillari, la manera en que las compañías habían estado haciendo negocios durante años, y el entendimiento entre las partes, y que era seguido por el reclamo que Slade Gorton debía a Barillari por encima de $7 millones tanto como un reclamo afirmativo y como un pretexto no pagar a Slade Gorton bajo el Pagaré de junio de 2004.

46.     Las acciones y conducta de Barillari, y su impacto, ocurrían principalmente y sustancialmente dentro de la Mancomunidad de Massachusetts. Tal acción y conducta incluía lo antes descrito, pero también incluía reuniones anteriores donde Aguer y Ontiveros reunían en las oficinas de Slade Gorton en Boston y varias comunicaciones, incluyendo telefónicas y electrónicas, hechas o enviadas a Slade Gorton en Massachusetts.

47.     Como el resultado del uso o empleo por Barillari de las prácticas y actos engañosos e injustos, Slade Gorton ha sufrido y sigue sufriendo la pérdida de dinero o propiedad.

10

48.    La conducta de Barillari constituye violaciones intencionales y/o cómplices de las Leyes Generales de Massachusetts, capítulo 93A §§ 2 y 11.

49.    Por tanto Barillari está responsable a Slade Gorton, conforme a las Leyes Generales de Massachusetts, capítulo 93A §§ 2 y 11, en una cantidad igual a, y no menos de dos veces y hasta tres veces los daños y perjuicios efectivos de Slade Gorton.

50.    Slade Gorton igualmente tiene derecho al laudo de honorarios razonables de abogados y costas contraídos en esta acción judicial como el resultado de las violaciones por Barillari de las Leyes Generales de Massachusetts, capítulo 93A §§ 2 y 11.

POR LO CUAL, Slade Gorton solicita que el Tribunal:

(1) Registre una sentencia a favor de Slade Gorton en cada Cargo de esta Demanda;

(2) Adjudique daños monetarios a Slade Gorton por el incumplimiento de contrato de Barillari;

(3) Adjudique a Slade Gorton honorarios de abogados y daños y perjuicios triplicados, pero por lo menos daños y perjuicios dobles, según las Leyes Generales de Massachusetts, capítulo 93A;

(4) Registre una sentencia declaratoria, conforme a 28 U.S.C. [Código de los Estados Unidos] § 2201, que Slade Gorton ha satisfecho totalmente sus obligaciones a Barillari y no debe ninguna de las cantidades reclamadas por Barillari;

(5) Adjudique intereses anteriores y posteriores al juicio y costas de esta acción judicial, incluyendo honorarios razonables de abogados, a Slade Gorton; y

(6) Otorgue tal otro remedio adicional que el Tribunal considere apropiado.

**EL DEMANDANTE SOLICITA UN JUICIO POR JURADO SOBRE TODAS LAS CUESTIONES ASÍ ENJUICIABLES**

SLADE GORTON CO., INC.

Por sus abogados,

Con fecha: 28 de junio de 2005

*[Firma ilegible]*
Jeffrey S. King (BBO #559000)
jking@klng.com
Amy B. Abbott (BBO #648072)
aabbott@klng.com
KIRKPATRICK & LOCKHART
  NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
(617) 261-3100

# ANEXO A



DE : ANTONIO BARILLARI  SA  BS  AS          NO. TELÉFONO : 54 11 83428633          26 JUN 2001 10:43AM  P1

*Atención: ANDY*

# ANTONIO BARILLARI S.A.

**B**
↓

Hipólito Yrigoyen 723 – 6to. Piso – Oficina 42/44 – (1086) Buenos Aires - Argentina

(54 11) 4345-7988/6109 / 4343-9165 – Telefacsímil (54 11) 4342-8633 – Correo Electrónico: barilaba@satlink.com
José Hernández  69 – (7600) Mar del Plata – Argentina – (54 223) 480-0086/0854/0038
Correo Electrónico: barilari@satlink.com - Sitio Web: http://www.sea-world.com/barillari
Av. Mitre 2052 – (9011) Caleta Oliva, Pcia. Sta. Cruz – Argentina – (54 297) 485 7101

---

*producto de consignación*

Le confirmamos la carga de filetes de *Hoki* y Gambas son ~~consignaciones~~ hechas por Antonio Barillari S.A. a Slade Gorton.  Ambas partes están de acuerdo en que Slade Gorton no pagará el precio facturado, y sólo pagará el precio convenido por ambas partes después de la venta.


Antonio Barillari S.A.

Daniel Ontiveros


*Por favor háganos saber si está bien o si hay que corregir algo.*

*Gracias.*

*Sandra*

# ANEXO B



# ANTONIO BARILLARI S.A.

Buenos Aires, 29 de septiembre de 2004

SLADE GORTON & CO. INC.
225 Southampton Street
BOSTON – MA
02118-2715 – EE.UU.

<u>Ref.</u>: Demanda para cancelar Saldo de Facturas FOB

Estimados Señores:

En este momento y con esta carta lo pensamos necesario formalmente solicitar y exigir el pago del saldo pendiente de nuestras facturas de exportación FOB [Franco a Bordo] de los productos que había recibido y que hoy llega a un total de US $ 7,673,032.27.

Pedimos la transferencia de este dinero de Uds. o que formalmente declaren como y cuando van a cancelar este saldo. Esperamos el pago o respuesta dentro de los próximos diez días.

Al no recibir su pago, o indicación de la manera como y fecha cuando van a cancelar este saldo en dicho plazo, tendremos que dejar todo este asunto a nuestros abogados.

Atentamente,

*[Firma ilegible]*
ANTONIO BARILLARI S.A.
JORGE CALVO
PRESIDENTE

# ANEXO C

DE : ONTIVEROS FUERTES          NO. TELÉFONO : 54 11 43062865       21 JUN 2004 05:10PM  P
06/21/2004          *[Ilegible]*      SLADE GORTON                              [Ilegible]

# SLADE GORTON & CO., INC.

[Ilegible]
José Hernández No 69 (B7603ADA)
Mar del Plata
Pcia. de Buenos Aires, Argentina

Y:      Slade Gorton & Co., Inc.
        225 Southampton Street
        Boston, MA 02118

EL ACUERDO DE LAS PARTES ES COMO SIGUE:

1. Antonio Barillari, S.A. (Barillari) garantizará a Slade Gorton & Co., Inc. (Slade) por lo menos cinco (5) contenedores de gambas rosadas que en la actualidad se están guardando por Barillari para producción.

2. En consideración de la garantía, Slade proveerá US $ 650,000.00 a Barillari a ser usado como un pago anticipado en el envío de cinco (5) contenedores a Slade. Los contenedores tendrán un valor anticipado de $130,000 por contenedor.

3. Si no se pueden enviar los cinco (5) contenedores de gambas rosadas para el 31 de julio de 2004, los $650,000 se pondrán vencidos y pagaderos el 31 de julio de 2004.

Por acuerdo de ambas partes el 21 de junio de 2004.

Antonio Barillari S.A.

Por: _[Firma ilegible]_____          Fecha: _21 / 6 / 04____

Slade Gorton & Co., Inc.

Por: _[Firma ilegible]_____          Fecha: _21 / 6 / 04____

APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF:  Massachusetts



# REQUEST

# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the Service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile ou commerciale, signée à La Haye, le 15 Novembrè 1965.*

| | |
|---|---|
| **Identity and address of the applicant**<br>*Identité et adresse du requérant*<br><br>**Diane K. Myers**<br>**APS INTERNATIONAL, LTD**<br>**APS International Plaza**<br>**7800 Glenroy Road**<br>**Minneapolis, Minnesota  55439-3122**<br>**U.S.A.**<br>**Tel. 952.831.7776    Fax: 952.831.8150**<br>**Email: DMyers@CivilActionGroup.com** | **Address of receiving authority**<br>*Adresse de l'autorité destinataire*<br><br>**Ministry of Foreign Affairs, International Trade and Worship**<br>**Ministerio de Relaciones Exteriores, Comercio Internacional y Culto**<br>**Treaty Bureau**<br>**Esmeralda 1212, 15th Floor**<br>**1007 Buenos Aires**<br>**Argentina** |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
    **(identity and address)**
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- à l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*
    *(identité et adresse)*    Antonio Barillari, S.A.
        Hipolito Yrigoyen 723, 6to Piso, Oficina 42/44  -  (1086) Buenos Aires, Argentina
                Tel:

[ ]  (a)    in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
    *a'    selon les formes légales (article 5, alinéa premier, lettre a).*
[X ] (b)    in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
    *b)    selon la forme particulière suivante (article 5, alinéa premier, lettre b); By personally delivering the documents into the hands of any officer, managing agent or any other agent authorized to accept service of process upon the defendant.  If you are unable to effect service by this method, please proceed with service in accordance with sub-paragraph (a) above.*
[ ]  (c)    by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
    *c)    le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

| | |
|---|---|
| Summons in a Civil Action | Done at ~~APS International Plaza~~ |
| Complaint and Jury Demand | *Fait à* Minneapolis, Minnesota, U.S.A. , the **7-28-05** |
| Exhibits A, B, C | *le* |
| Summary of the Document to be Served | |
| Translation | **Signature and/or stamp.**<br>*Signature et/ou cachet.* |

*(signature)* Diane K Myers

\* Delete if inappropriate.
*Rayer les mentions inutiles.*

(Formerly OBD-116 which was formerly LAA-116,
both of which may still be used)

USM-94
(Est. 11/22/77)

24

**SUMMARY OF THE DOCUMENT TO BE SERVED**
*ELEMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaries et extrajudiciares en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

Name and address of the requesting authority:
*Nom et adresse de l'autorité requérante:*           Diane K. Myers
APS INTERNATIONAL, LTD
APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota  55439-3122, U.S.A.

Particulars of the parties*:
*Identité des parties*      Slade Gorton & Co., Inc.  v  Antonio Barillari, S.A.

LIST OF DOCUMENTS: Summons in a Civil Action, Complaint and Jury Demand, Exhibits A, B, C, Summary of the Document to be Served, Translation

**JUDICIAL DOCUMENT****
*ACTE JUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte:*    The purpose of this document is to inform **Antonio Barillari, S.A.** that a lawsuit has been started against them and that they have been joined as a defendant.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
*Nature et objet de l'instance, le cas échéant, le montant du litige:*  Plaintiff's claim against the defendant is for declaratory judgment, damages and other relief in an amount to be determined as a result of the defendant's breach of contract and violation of Massachusetts General Laws.

Date and place for entering appearance**:
*Date et lieu de la comparution:*   Defendant is required to serve an answer to the complaint upon plaintiff's attorney, Jeffrey S. King, Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109 USA within **20** days after service of the attached documents, exclusive of the day of service, and file the answer with the Clerk of United States District Court for the District of Massach.     ts within a reasonable time after service.

Court which has given judgment**:
*Juridiction qui a rendu la décision:*       N/A

Date of judgment**:
*Date de la décision:*        N/A

Time limits stated in the document**:
*Indication des délias figurant dans l'acte:*      Defendant has **20** days after service of the attached documents, exclusive of the day of service, in which to serve an answer to the complaint upon plaintiff's attorney and file the answer with the clerk of court within a reasonable time after service.

Failure to do so may result in the plaintiff(s) taking a default judgment against the defendant for the relief demanded in the complaint.

**EXTRAJUDICIAL DOCUMENT****
*ACTE EXTRAJUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte:*     N/A

Time limits stated in the document**:
*Indication des délias figurant dans l'acte*     N/A

---

\*    If appropriate, identity and address of the person interested in the transmission of the document.
*S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\*   Delete if inappropriate.
*Rayer les mentions inutiles.*

3

Case Name: Slade Gorton & Co., Inc.  v  Antonio Barillari, S.A.
Defendant: Antonio Barillari, S.A.
Court Case No.: 05-11366 MLW

## CERTIFICATE
## *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1)    that the document has been served*
*1.    que la demande a été exécutée*
    - the (date)
    *- le (date)*  _____
    - at (place, street, number)
    *- à (localité, rue numéro)*  _____

_____

    - in one of the following methods authorised by article 5-
    *- dans une des formes suivantes prévues à l'article 5:*
      [ ]  (a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
         *a)    selon les formes légales (article 5, alinéa premier, lettre a).*
      [ ]  (b)  in accordance with the following particular method*:
         *b)    selon la forme particulière suivante:*  _____

_____

      [ ]  (c)  by delivery to the addressee, who accepted it voluntarily.*
         *c)    par remise simple*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*
    - (identity and description of person)
    *- (identité et qualité de la personne)*  _____

_____

    - relationship to the addressee (family, business or other):
    *- liens de parenté, de subordination o autres, avec le destinataire de l'acte:*  _____

_____

2)    that the document has not been served, by reason of the following facts*:
*2.    que la demande n'a pas été exécutée, en raison des faits suivants:*

_____
_____
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

LIST OF DOCUMENTS: Summons in a Civil Action, Complaint and Jury Demand, Exhibits A, B, C, Summary of the Document to be Served, Translation

Annexes
*Annexes*
Documents returned:
*Pièces renvoyées:*

_____
_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*
_____
_____
_____

Done at _____ , the
*Fait à* _____ , *le* _____

Signature and/or stamp.
*Signature et/ou cachet.*

_____

\*    Delete if inappropriate.
    *Rayer les mentions inutiles.*

2

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the      District of    Massachusetts

Slade Gorton & Co., Inc.,
                              Plaintiff          **SUMMONS IN A CIVIL ACTION**

        V.

Antonio Barillari, S.A.,
                    Defendant      CASE NUMBER:

## 05 - 11366 MLW

TO: (Name and address of Defendant)

Antonio Barillari, S.A.
Hipolito Yrigoyen 723
C1086AAK
Buenos Aires, Argentina

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jeffrey S. King, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON



JUN 2 8 2005

CLERK                                                      DATE

(By) DEPUTY CLERK

05 - 11366 MLW

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:


☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:


☐ Other (specify):


## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____     _____
                    Date                    *Signature of Server*


                                        _____
                                        *Address of Server*





(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SLADE GORTON & CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. _____ |
| v. ) | |
| ) | |
| ANTONIO BARILLARI, S.A. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Slade Gorton & Co., Inc. ("Slade Gorton"), by its attorneys Kirkpatrick &

Lockhart Nicholson Graham LLP, alleges as its Complaint against Defendant as follows:

## INTRODUCTION

1.     This is an action for breach of contract and declaratory judgment involving a

dispute between Slade Gorton and Antonio Barillari, S.A. ("Barillari").  Slade Gorton seeks

payment for breach of a promissory note in the principal amount of $650,000.  Pursuant to the

Declaratory Judgment Act, 28 U.S.C. § 2201, Slade Gorton also seeks a declaration that

Barillari's claims for amounts allegedly owed are without merit as the relationship between the

parties was a consignment sale arrangement.  Finally, Slade Gorton seeks damages under

Massachusetts General Laws, Chapter 93A, for the unfair and deceptive acts and practices of

Barillari based on the positions taken by Barillari with respect to the promissory note and its

"claims" for amounts due, which positions are unsupportable, contrary to documents regarding

these issues, and asserted in bad faith.



## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and

is between a citizen of Massachusetts (Slade Gorton) and a citizen of a foreign country

(Barillari).

3.    Venue lies in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff Slade Gorton

resides in Boston, Massachusetts and Defendant Barillari resides in Argentina.

## THE PARTIES

4.    Plaintiff Slade Gorton is a corporation organized and existing under the laws of

Massachusetts, with its principal place of business at 225 Southampton Street, Boston,

Massachusetts.  Slade Gorton is engaged in the trade and business of importing and distributing

seafood products, among other things.

5.    Defendant Barillari is, on information and belief, a corporation organized and

existing under the laws of Argentina, with its principal place of business at Hipolito Yrigoyen

723, C1086AAK, Buenos Aires, Argentina.  On information and belief, Barillari is engaged in

the sale and distribution of seafood products, among other things.

## FACTS

### The Consignment Sale Relationship Between Slade Gorton and Barillari

6.    Slade Gorton and Barillari have had a business relationship for many years.  For

the past several years, Slade Gorton conducted business with Barillari primarily through

Barillari's employees, Luis Aguer ("Aguer") and Daniel Ontiveros ("Ontiveros").    The

interaction with Aguer and Ontiveros involved negotiation of the types of products Slade Gorton

would import from Barillari as well as the volume, schedule, price, and terms of the relationship and payments from Slade Gorton to Barillari.

7.    The relationship started as a "purchase and sale" arrangement, whereby Barillari sold its products to Slade Gorton at an agreed upon price, the products were then shipped to Slade Gorton, and Slade Gorton would sell the products through its distribution chains.

8.    During 2001, by agreement between the parties, the arrangement switched to a "consignment" arrangement, whereby Barillari would ship seafood products to Slade Gorton without any set "sale" price established at the time of shipment. Slade Gorton would sell the seafood product at the time, location, and price that made reasonable business sense in light of market fluctuations. Slade Gorton would then pay Barillari based on the price at which the seafood product could be sold, minus a percentage commission charged by Slade Gorton for its services, which included the importation, storage, transportation, and sale of the seafood products.

9.    After the establishment of the consignment arrangement, Barillari continued to ship seafood products that were accompanied by an invoice. Those invoices continued to show a nominal dollar value of the goods shipped under that invoice.

10.    The amounts shown on the invoices, however, were not the price at which the products were to be sold or the amounts to be paid or actually paid by Slade Gorton. Instead, for years, Slade Gorton performed under the consignment arrangement described above and paid Barillari based on the final sale price of the seafood products that Slade Gorton was able to obtain, minus Slade Gorton's "commission."

11.    Barillari, both directly and through its agents, Aguer and Ontiveros, was fully aware of the terms of the arrangement pursuant to which business was conducted between Slade

Gorton and Barillari, and, in particular, the "consignment" arrangement. The President of Barillari, Franco Barillari, was also aware of the terms.

12.     The existence and general terms of the consignment arrangement were confirmed by Barillari, including through a June 26, 2001 letter sent by Barillari to Slade Gorton by facsimile, a true and accurate copy of which is attached hereto as Exhibit A. That letter confirms the arrangement is one of "consignment" (the words "consignment product" replace the crossed out word "consignations") and that Slade Gorton would not pay the stated invoice price but instead would pay a price agreed to after the sale of the product.

13.     Barillari knew that the relationship with Slade Gorton was a consignment relationship, and, for years, performed under the terms of that arrangement and did not raise any concerns.

14.     The "price" set forth on the invoices had not been the basis for payment by Slade Gorton to Barillari since at least as early as approximately 2001.

15.     During the course of the relationship between Slade Gorton and Barillari, Slade Gorton has received hundreds of shipments from Barillari and has paid Barillari in excess of $44,000,000. Those shipments from Barillari were all made to the United States, most to Boston, but others to Norfolk and New York.

16.     Through the course of the relationship, numerous meetings have occurred in Boston over the past 6-7 years. During those meetings, the terms of the business relationship between Slade Gorton and Barillari were discussed. In addition, Barillari has been represented at the annual Boston Seafood Show in Boston approximately 8 times.

**Barillari's Claims Regarding Invoiced Amounts In Disregard For Consignment Basis**

17.     During the summer of 2004, Barillari first started taking the position that the arrangement over the past several years was a "purchase and sale" arrangement and not a "consignment" arrangement, and asserted that Slade Gorton owed Barillari for the full listed invoice price for all of the shipments that had been shipped to Slade Gorton.

18.     In August 2004, Barillari's Chief Executive Officer (Franco Barillari), Barillari's President (Jorge Calvo), Aguer, and Ontiveros spent approximately 12 days in Boston, some of which was at Slade Gorton's offices in Boston. Marcelo Sanchez of Barillari also participated in meetings held at Slade Gorton's offices in Boston during that time. During this visit, Barillari claimed entitlement to $7,673,032.27 and presented accounting information Barillari claimed supported that claim. Barillari continued to assert the arrangement was a "purchase and sale" arrangement and not a "consignment" arrangement, in direct contradiction of the direct agreement and understanding between the parties, and the years of course and dealing.

19.     Barillari has formally demanded payment in the amount of $7,673,032.27, and on September 29, 2004, stated that if payment was not received, the matter would be forwarded to Barillari's attorneys. A true and accurate copy of the September 29, 2004 letter making such demand is attached hereto as Exhibit B.

20.     Slade Gorton has subsequently received correspondence from Barillari's attorneys threatening suit if Barillari does not receive payment.

21.     On information and belief, the amount claimed by Barillari consists of the difference between the aggregate nominal amounts shown on the invoices and the amounts actually paid by Slade Gorton to Barillari, which difference consists of several components, including, but not limited to:

- 5 -

(a) the actual price at which the product was sold pursuant to the consignment

arrangement was lower than the nominal invoice amount;

(b) failure of the invoices to reflect that Slade Gorton was permitted to subtract

certain amounts associated with the storage and sale of the products; and

(c) Barillari's failure to change the nominal pricing on the invoices to reflect that at

some point the payment of freight charges became Slade Gorton's responsibility,

but instead continued to reflect higher nominal prices that included freight

charges as a Barillari expense.

**The June 21, 2004 Note and Barillari's Breach Thereof**

22.    On June 21, 2004, Slade Gorton and Barillari entered into a promissory note (the "June 2004 Note"), a true and accurate copy of which is attached hereto as Exhibit C.

23.    As more fully set forth in the June 2004 Note, in exchange for a guarantee by Barillari to supply Slade Gorton at least five containers of pink shrimp and based on a representation by Barillari that such shrimp was ready for shipment, Slade Gorton agreed to advance payment for those containers to Barillari, at a rate of $130,000 per container.

24.    As such, Slade Gorton paid to Barillari, and Barillari accepted, the $650,000 reflected in the June 2004 Note.

25.    The June 2004 Note also provided that if the five containers were not shipped to Slade Gorton by July 31, 2004, then the $650,000 would be due and payable on July 31, 2004.

26.    Neither the required shipments nor the payment of $650,000 occurred by July 31, 2004.

27.    Slade Gorton has repeatedly demanded payment of the $650,000 owed under the June 2004 Note, but to date has not received any payment.

28.     The June 2004 Note was entered into by Slade Gorton and Ontiveros on behalf of Barillari.

29.     On two separate occasions, Slade Gorton and Barillari had entered into similar notes, each for $1,000,000.  On both occasions, Ontiveros had signed the note on behalf of Barillari, Barillari accepted the advanced payment from Slade Gorton, and Barillari performed its obligations under those notes.

30.     Notwithstanding that Ontiveros had actual and apparent authority to enter the June 2004 Note, and had done so on previous occasions, Barillari has taken the position that Ontiveros "never had any authority regular nor legally to sign any note on behalf of [Barillari]."

**COUNT ONE**
**(Breach of Contract)**

31.     Slade Gorton repeats, realleges, and incorporates the allegations contained in paragraphs 1 - 30 above, as if they were fully set forth in this paragraph.

32.     Slade Gorton and Barillari entered into a valid and enforceable contract that required that Barillari would pay Slade Gorton $650,000 on July 31, 2004 if Barillari had not shipped five containers of pink shrimp to Slade Gorton by that date.

33.     Barillari did not ship any containers of pink shrimp to Slade Gorton by July 31, 2004 and has refused to pay Slade Gorton the amount owed.

34.     As a result, Barillari is in breach of the contract.

35.     Slade Gorton has fully performed its obligations under the June 2004 contract and any and all conditions precedent to the performance of the contract have been satisfied.

36.     As a direct and proximate result of Barillari's breach of contract, Slade Gorton has been harmed and continues to suffer harm.

## COUNT TWO
### (Action for Declaratory Judgment, 28 U.S.C. § 2201)

37.    Slade Gorton repeats, realleges, and incorporates the allegations contained in p. .graphs 1 – 36 above, as if they were fully set forth in this paragraph.

38.    An actual and substantial controversy currently exists between Slade Gorton and Barillari with respect to Barillari's claims that Slade Gorton owes Barillari in excess of $7 million.

39.    The facts relevant to a resolution of this controversy have already occurred.

40.    Declaratory relief from this Court will clarify the parties' rights and settle the legal relations at issue.

41.    A declaratory judgment as to the rights and duties of the parties is necessary in order to provide relief from the surrounding uncertainty and controversy and to prevent the accrual of avoidable damages.

42.    Pursuant to the provisions of the Declaratory Judgment Act, 28 U.S.C § 2201, S 'e Gorton is entitled to a declaration by the Court that the arrangement between Slade Gorton and Barillari was a consignment arrangement, that Slade Gorton has satisfied its obligations to Barillari under that arrangement, and that Slade Gorton does not owe Barillari the amounts now claimed by Barillari.

## COUNT THREE
### (Violation of Massachusetts General Laws, Chapter 93A)

43.    Slade Gorton repeats, realleges, and incorporates the allegations contained in paragraphs 1 - 42 above, as if they were fully set forth in this paragraph.

44.    At all relevant times hereto, Slade Gorton and Barillari were each persons engaged in trade or commerce within the meaning of Mass. Gen. Laws ch. 93A §§ 1(b), 2, and 11.

45.    Barillari's actions as set forth herein constitute "unfair or deceptive acts or practices in the conduct of any trade or commerce" within the meaning of Mass. Gen. Laws ch 93A § 2.   Such conduct included the following practices, among others, which were performed without justification and in bad faith:

(a) knowingly and willfully failing to pay on the valid and uncontestable June 2004 Note;

(b) knowingly and willfully claiming that the principal amount reflected by the June 2004 Note was for payment of amounts due from Slade Gorton in direct contradiction of the clear and unambiguous language on the June 2004 Note and the understanding of the parties;

(c) knowingly and willfully claiming that its agents did not have authority to enter the June 2004 Note on behalf of Barillari, where those agents did have such authority and where Barillari had honored and performed under larger notes previously entered into by the same agents, and where it accepted the payment under the June 2004 Note nonetheless; and

(d) knowingly and willfully claiming that the arrangement between Barillari and Slade Gorton was a "purchase and sale" arrangement instead of a consignment arrangement, which was in direct contradiction of the terms of the arrangement that were confirmed in writing by Barillari, the manner in which the companies had been doing business for years, and the understanding between the parties, and which was followed by the claim that Slade Gorton owed Barillari in excess of $7 million both as an affirmative claim and as an excuse not to pay Slade Gorton under the June 2004 Note.

46.     Barillari's actions and conduct, and their impact, occurred primarily and substantially within the Commonwealth of Massachusetts.  Such action and conduct included that described above, but also included prior meetings where Aguer and Ontiveros met at Slade Gorton's offices in Boston and various communications, including telephonic and electronic, that were placed or sent to Slade Gorton in Massachusetts.

47.     As a result of Barillari's use or employment of unfair and deceptive acts and practices, Slade Gorton has suffered and continues to suffer loss of money or property.

48.     Barillari's conduct constitutes willful and/or knowing violations of Mass. Gen. Laws ch. 93A §§ 2 and 11.

49.     Barillari is therefore liable to Slade Gorton, pursuant to Mass. Gen. Laws ch. 93A §§ 2 and 11, in an amount equal to and not less than twice and up to three times Slade Gorton's actual damages.

50.     Slade Gorton is also entitled to an award of reasonable attorneys' fees and costs incurred in this action as a result of Barillari's violations of Mass. Gen. Laws ch. 93A §§ 2 and 11.

WHEREFORE, Slade Gorton requests that the Court:

(1)     Enter judgment in favor of Slade Gorton on each Count of this Complaint;

(2)     Award money damages to Slade Gorton for Barillari's breach of contract;

(3)     Award Slade Gorton attorneys' fees and treble damages, but at least double damages, under Massachusetts General Laws, Chapter 93A;

(4)     Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Slade Gorton has fully satisfied its obligations to Barillari and does not owe any of the amounts claimed by Barillari;

(5)     Award pre-judgment and post-judgment interest and the costs of this action, including reasonable attorneys' fees, to Slade Gorton; and

(6)     Grant such other and further relief as the Court deems appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

SLADE GORTON CO., INC.

By its attorneys,

Dated:  June 28, 2005

Jeffrey S. King (BBO #559000)
jking@klng.com
Amy B. Abbott (BBO #648072)
aabbott@klng.com
KIRKPATRICK & LOCKHART
    NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
(617) 261-3100

- 11 -

A



FROM : ANTONIO BARILLARI SA BS AS        PHONE NO. : 54 11 83428633        Jun. 26 2001 10:43AM P1

*Atn: ANDY*



# ANTONIO BARILLARI S.A.

Hipólito Yrigoyen 723 - 6to. Piso - Oficina 42/44 - (1086) Buenos Aires - Argentina
(54 11) 4345-7988/6109 / 4343-9165 - Fax: (54 11) 4342-8633 - E-Mail: barilaba@satlink.com
José Hernández 69 - (7600) Mar del Plata - Argentina - (54 223) 480-0086/0854/0038
E-Mail:barilari@satlink.com - Web Site: http://www.sea-world.com/barillari
Av. Mitre 2052 - (9011) Caleta Olivia, Pcia. Sta. Cruz - Argentina - (54 297) 485 7101

*consignment product*

We confirm you the loadings of Hoki fillets and Shrimps are ~~consignations~~ made by Antonio Barillari S.A. to Slade Gorton. Both parts agree that Slade Gorton will not pay the invoice price, and they will only pay the price both parts will agree after the sales.

Antonio Barillari S.A.

Daniel Ontiveros

*PLEASE LET US KNOW IF IT IS O.K OR THERE IS SOMETHING to correct.*

*THANKS.*

*SANDRA.*

B



Buenos Aires, September 29th 2004

SLADE GORTON & CO. INC.
225 Southampton Street
BOSTON – MA
02118 – 2715 – U.S.A.

<u>Ref.</u>: Demand to cancel Balance FOB Invoices

Dear Sirs:

We think necessary at this moment and with this letter, to formally request and demand the payment of balance due from our export FOB invoices of the products that you had received and that today reaches up a total of USA$ 7.673.032,27

We request you the transfer of this money or formally state how and when you are going to cancel this balance; payment or answer that we await within the next ten days.

If we do not receive your payment, or indication of the way and date you are going to cancel this balance in the said term, we will have to leave all this matter to our attorneys.

Sincerely

ANTONIO BARILLARI S.A.
JORGE CALVO
PRESIDENTE

C

FROM : ONTIVEROS FUERTES        PHONE NO. : 54 11 43062865        JUN. 21 2004 05:10PM
06/21/2004  17:           A/m  MIKE  HI64HS        SLADE GORTON        P.



# SLADE GORTON & CO., INC.

1. Ca. [illegible] f. m be muun i . m . qi bu.qmmi m.qmmi m.m

Jose Hernandez No69 (B7603ADA)
Mar del Plata
Pcia. De Buenos Aires, Argentina

AND:        Slade Gorton & Co., Inc.
            225 Southampton Street
            Boston, MA 02118

## THE PARTIES AGREE AS FOLLOWS:

1.  Antonio Barillari, S.A.(Barillari) shall guarantee to Slade Gorton & Co., Inc.
    (Slade) at least five (5) containers of pink shrimp that are currently being held
    by Barillari for production.

2.  In consideration of the guarantee, Slade shall provide Barillari with
    $650,000.00 (U.S.) to be used as an advance on the shipment of five (5)
    containers to Slade. The containers shall have an advance value of $130,000
    per container.

3.  If the five (5) containers of pink shrimp cannot be shipped by July 31, 2004,
    the $650,000 will become due and payable on July 31, 2004.

Agreed to by both parties on June 21, 2004.

Antonio Barillari S.A.

By: _____        Date: 21/6/04

Slade Gorton & Co., Inc.

By _____         Date: 6/21/04

225 Southampton Street, Boston, MA 02118-2715. Tel. 617-442-5800  Fax 617-442-9090

"2005 - Año de homenaje a Antonio Berni"



*Ministerio de Relaciones Exteriores,*
*Comercio Internacional y Culto*

Nota n° *1754C*
Letra, ZCRJA, DIAJU

ᵗ ᵣvase Citar Carpe. N° 3564/05

Buenos Aires,    09 ...

Al Sr. Juez a cargo del Juzgado Nacional
de Primera Instancia en lo Civil en Turno
S._____/_____D.

            Tengo el agrado de dirigirme a Ud., en relación a
los autos caratulaodos "**SLADE GORTON & CO., INC., C/ANTONIO
BARILLARI S/NOTIFICACION EN ACCIÓN CIVIL**", que tramitan por ante
el Tribunal de Distrito de los Estados Unidos de América,
distrito de Massachussets, con el objeto de remitirle adjunto a
la presente el exhorto librado el 28/07/05 en los presentes
autos para su diligenciamiento.

            La presente rogatoria se libra en los términos del
"**Convenio relativo a la notificación en el extranjero de
documentos judiciales o extrajudiciales en materia civil o
comercial**", sancionado mediante ley 25.097.

            El objeto de la solicitud consiste en disponer los
ᵐᵉdios necesarios a los fines de notificar el traslado de la
ᵈᵒcumentación que se acompaña a Antonio Barillari S.A., con
ᵈᵒmicilio en Hipólito Yrigoyen 723, Piso 6°, Oficina 42/44, C.P.
1086, Buenos Aires.

            La rogatoria tramitará de oficio, por lo que se
solicita que una vez diligenciada la misma sea remitida a ésta
Dirección General, a los fines de su posterior devolución al
Juzgado exhortante a través de la Autoridad Central.

            Saludo a Ud., muy atentamente.

Adj. dos anexos de 42 fojas c/u.
yau

                    1 2 5 AGO 2005

ᵣECIBIDO EN SECRETARIA EL ...........................CON ...

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Agosto    26 de 2005.-IDM

        Por recibido.-

        En atención a lo que surge del oficio de fs. 87, corresponde dar curso a la presente rogatoria.-

        En consecuencia, y atento lo requerido líbrese cédula por Secretaría a Antonio Barillari S.A, al domicilio de la calle Hipólito Yrigoyen 723, piso 6° oficina 42/44, denunciado en el párrafo 3°, junto con el anexo obrantes a fs. 44/86.-

En la misma fecha se libró una cédula por Secretaría y se desglosó el anexo de fs. 44/86, para adjuntar a la misma. Conste.-



PODER JUDICIAL DE LA NACION

000013104016

CEDULA
DE NOTIFICACION

TRIBUNAL: JUZGADO NACIONAL DE 1ª INSTANCIA EN LO CIVIL N° 79

AVDA. DE LOS INMIGRANTES 1950, QUINTO PISO

FECHA DE RECEPCION EN NOTIFICACIONES

Sr.: ANTONIO BARILLARI S.A.
Domicilio: HIPOLITO YRIGOYEN 723 PISO 6° OFICINA 42/44
Tipo de Domicilio: Denunciado
CARACTER: XXXXXXXXXXXXXXXXX
OBSERVACIONES ESPECIALES: XXXXXXXXXXXXXXXXX

| 68899/2005 | | C | 79 | U | S | N | N |
|---|---|---|---|---|---|---|---|
| Orden | Expd. n. Zona | Fuero | Juzgado | Secret. | Cop. | Per. | Obs |

REZ: [        ]          NOTIF. NEGATIVA: [        ]

Notifico a Ud. la resolución dictada en los autos:

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Agosto   26   de 2005.-IDM
Por recibido.-
En atención a lo que surge del oficio de fs. 87,
corresponde dar curso a la presente rogatoria.-
En consecuencia, y atento lo requerido líbrese cédula
por Secretaría a Antonio Barillari S.A, al domicilio de
la calle Hipólito Yrigoyen 723 piso 6° oficina 42/44,
denunciado en el párrafo 3°, junto con el anexo
obrantes a fs. 44/86. FDO: CECILIA MARIA V. REJO. JUEZ.
SE ACOMPAÑA UN JUEGO DE COPIAS EN 42 FOJAS.-
Queda usted notificado.-
Buenos Aires, Agosto   26   de 2005.-

Fº 0556

 

## ACTUACION NOTARIAL

## GAA01118326

ROSARIO.GRECO
NOTARIO

1  ESCRITURA NUMERO TRESCIENTOS VEINTIDOS

2  PODER GENERAL JUDICIAL: ANTONIO BARILLARI S.A. a favor

3  del Doctor Fernando Horacio MASCHERONI y otros.——————————

4  En la ciudad de Mar del Plata, Partido de General Pueyrre-

5  dón, Jurisdiccion de la Provincia de Buenos Aires, a vein-

6  te de agosto de mil novecientos noventa y ocho, ante mí,

7  ROSARIO GRECO, Notario a cargo del Registro 118 de este

8  Partido,COMPARECE:Jorge CALVO, argentino, mayor, casado,

9  Documento nacional de Identidad 8.372.954, vecino de esta

10 ciudad, persona hábil de mi conocimiento doy fe; quien

11 concurre en su caracter de Vice Presidente de "ANTONIO

12 BARILLARI SOCIEDAD ANONIMA" lo que acredita con a) Contra-

13 to Social de fecha 7 de diciembre de 1971, otorgado ante

14 Notario de Ramos Mejia, Alfredo M.Bott, inscripto bajo el

15 numero 1696, folio 231, libro 76, Tomo A de Sociedades A-

16 nonimas Nacionales el 18 de mayo de 1972; b) Acta de Asam-

17 blea General Ordinaria número 47 del 06 de julio de 1998

18 de eleccion de autoridades, c) Acta de Directorio nro 379

19 del 07 de julio de 1998 de distribución de cargos; y d)

20 Acta de Directorio numero 384 de fecha 6 de agosto de

21 1998, que pasó al folio 80 del Libro de Actas de Directo-

22 rio numero 3 debidamente rubricado, especifica para la

23 firma y otorgamiento del presente, con facultades sufi-

24 cientes para este acto, documentación que en original ten-

25 go a la vista y en fotocopia el elemento a) obra agregado

PROTOCOLO

GAA01118326

al  folio 411 del protocolo del año 1995, y el elemento h

y c) obra agregado al folio 480 del Protocolo del corrien-

te año, doy fe; y el d) agrego en fotocopia a la presente,

y en el carácter invocado y acreditado y DICE: que confie-

re **PODER GENERAL PARA JUICIOS** a favor de Doctores Fernando

Horacio  MASCHERONI, con cedula de Identidad de la Policia

Federal 2.738.320, Juan Carlos COUSO, con Documento Nacio-

nal  de Identidad 4.106.481, Roberto Alfredo MUGUILLO, con

Libreta  de Enrolamiento 4.519.508, y Alberto Dario ORIETA,

con  Documento  Nacional de Identidad 17.176.951, para que

en nombre y representación de la mencionada sociedad y ac-

tuando  en forma conjunta alternada separada o indistinta,

intervengan en todos los juicios en que sea parte como ac-

tor o demandado, o en cualquier otro caracter, que al pre-

sente  tenga  pendiente o en adelante le ocurran, de cual-

quier  fuero, naturaleza o jurisdicción a que pertenezcan,

incluso  el Federal: y ante Ministerio de Trabajo y Subse-

cretaria  de  Trabajo de la Provincia de Buenos Aires, Mi-

nisterio  de Economia, Secretarias y Subsecretarias; y con

facultad  de concurrir a Audiencias fijadas por mediadores

oficiales  del Registro llevado a tal fin por el Poder Ju-

dicial  de  la Nacion.-AL EFECTO los faculta para que ocu-

rran ante los señores Jueces y Tribunales superiores e in-

feriores  y demás autoridades judiciales y administrativas

que correspondan, presentando escritos, peticiones, escri-

F° 0557.=



# ACTUACION NOTARIAL

## GAA01118327



ROSARIO GRECO
NOTARIO

1  turas, documentos, testigos y toda género de pruebas, pu-

2  diendo iniciar y contestar demandas y reconvenciones y de-

3  sistir de ellas, con facultad de proponer formulas conci-

4  liatorias.y/o celebrar transacciones o acuerdos ante me-

    ador designado, suscribir actas, acuerdos, poner y ab-

    solver posiciones, oponer y deducir excepciones, prorrogar

7  y declinar de jurisdiccion, prestar y exigir juramentos y

8  cauciones reales y juratorias, apelar, recusar, tachar,

9  transar, celebrar arreglos judiciales o extrajudiciales,

10 cobrar, percibir, dar recibos y cartas de pago, decir de

11 nulidad y simulación, nombrar toda clase de peritos, pedir

12 embargos preventivos y/o definitivos, desembargos, desalo-

13 jos y lanzamientos, inhibiciones, intimaciones y sus le-

14 vantamientos; interponer querellas y contestar las que se

15 le promuevan; constituir domicilios especiales, solicitar

16 la venta y remate de bienes de sus deudores, asi como la

17 quiebra o concurso civil de los mismos, reclamar indemni-

    aciones de daños y perjuicios, e indexaciones, asistir a

    audiencias y juicios verbales, juntas o reuniones de acre-

20 edores, y de verificación, y graduación de créditos, como

21 a las de reconocimiento de firmas y otras que se decreten,

22 nombrar síndicos, recibir dividendos, conceder quitas y

23 esperas, aceptar o rechazar concordatos y otras propues-

24 tas, renunciar al derecho de apelar o a apelaciones conce-

25 didas y a prescripciones adquiridas, desistir de los re-

PROTOCOLO

GAA01118327

cursos interpuestos y realizar en fin cuantos mas actos

gestiones y diligencias conduzcan al mejor desempeño del

presente, cuyas clausulas son simplemente enunciativas y

no limitativas.LEIDA y aprobada firma de conformidad ante

mi doy fe.-



CERTIFICO que la atestación correspondiente a la presente fotocopia se

formaliza en sello de act.notarial BAA00435693.-Mar del Plata,25/8/98.-

CONSTE.-



Fº



# ACTUACION NOTARIAL
## BAA00435693



1  CONCUERDA con su matriz que pasó ante mí, ROSARIO GRECO,

2  Notario a cargo del Registro 118 de General Pueyrredón

3  (45),al/los folio/s 556/7 del protocolo del corriente año,

    doy fe.-Para el otorgante expido esta PRIMERA COPIA en dos

5  a fotocopia/s del/los folio/s de actuación protocolar nú-

6  mero/s GAA01118326/7 en MAR DEL PLATA,veinticinco de agos-

7  to de mil novecientos noventa y ocho.-CONSTE

8

9

10

11

12

ROSARIO GRECO
NOTARIO

13

La firma y sello que antecede no se legalizan en el valor

legalización Nº FAA0020983P que se agregan

Mar del Plata, 26 de agosto de 1998

17

18

19



NOT. MARIA LIDIA RUGGERI
DELEGACION MAR DEL PLATA

20



21

22

23

24

25



PAA0020703

# LEGALIZACIONES

**Decreto - Ley 9020 (Artículos 117/118)**

EL COLEGIO DE ESCRIBANOS DE LA PROVINCIA DE BUENOS AIRES

República Argentina, en virtud de la facultad que le confiere la Ley

Orgánica del Notariado, legaliza la firma y el sello del notario

D GRECO ROSARIO

obrantes en el Documento Nº  BAA00435693

La presente legalización no juzga sobre el contenido y forma del

documento.

MAR DEL PLATA, 26 de agosto de 1998



NOT. MARIA LIDIA RUGGERI
DELEGACION MAR DEL PLATA

COLEGIO DE ESCRIBANOS
LEGALIZACION
Provincia de Buenos Aires

ROBERTO A. MUGUILLO
ABOGADO
C.P.A.C.F. Tº XIII Fº 390 C.A.S.I. Tº IV Fº 214
CUIT 24-04019308-8 RESP. MONOTRIBUTO
TEL-FAX 4814-4169 / 4371-5434

SE PRESENTA POR PARTE EN ESTE EXHORTO

PLANTEA NULIDAD O SUSPENSION DEL TRAMITE Y TERMINOS

SE INTIME AL PRESENTANTE BAJO APERCIBIMIENTO

Señor Juez en lo Civil:

ROBERTO ALFREDO MUGUILLO, letrado por la representación de Antonio Barillari S.A. de conformidad a la copia simple de poder general judicial que se adjunta a la presente en este **EXHORTO 68899/2005 "SLADE GORTON & Co. Inc. c/ ANTONIO BARILLARI S.A."** constituyendo domicilio especial en la calle Parana 275 piso 5 Of. 9 de Capital Federal (*Estudio Mascheroni, Couso & Muguillo*) a S.S. me presento y digo:

_____ 1.- INTRODUCCION

Vengo en tiempo y forma a plantear la nulidad de la notificación efectuada y en su defecto la suspensión del término de traslado por incumplimiento en el presente exhorto de las formalidades legales exigibles.

_____ 2.- HECHOS Y DERECHO

La Republica Argentina ha adherido por ley 25.097 al Convenio de La Haya del 15 de noviembre de 1965. La adhesión argentina sin embargo se efectuó con RESERVAS, siendo una de ellas la relativa al Art. 5 de dicha convención, indicándose expresamente en esa reserva que la Republica Argentina NO ACEPTARÁ DOCUMENTOS A NO SER QUE LOS MISMOS CONTENGAN UNA TRADUCCION AL LENGUAJE ESPAÑOL.

Dado que la **norma del Art. 123 CPCC** aplicable al presente indica expresamente que LOS DOCUMENTOS EN IDIOMA EXTRANJERO DEBEN acompañarse con su TRADUCCION REALIZADA POR TRADUCTOR PUBLICO MATRICULADO, la documentación en traslado no cumple con tal requerimiento QUE ES UN RECAUDO *SINE QUA NON* DE LA TRANSMISION DEL DOCUMENTO POR LA VIA DE LA REFERIDA CONVENCION.

Como se advierte a primera vista la traducción acompañada no solo no lo es en el modo indicado, sino que es irregular en cuanto a varias de sus expresiones que se advierten en una primera lectura.

Dado que S.S. es competente en el diligenciamiento de este exhorto y como tal se entiende competente a todo lo relacionado con el debida e integral

diligenciamiento del mismo, en particular aplicando las normas vigentes en NUESTRO PAIS, corresponde a S.S. entender en la presente incidencia por aplicación del Art. 175 CPCC y del principio de derecho de que lo accesorio sigue a lo principal (Conf. Art. Art. 34 inc. 5 b) CPCC y Morillo-Sosa-Berizonce, "Código Procesal Comentado" Ed. L.E.P. to. II-B, pag. 591, No. 304).

A todo evento y en cumplimiento de lo determinado por el Art. 172 CPCC puede apreciarse el **perjuicio sufrido** al ser incierto el reclamo efectuado por ausencia de una traducción cierta y hábil que permita la adecuada defensa contra las alegaciones efectuadas, como también **el interés de mi parte** en resguardar su derecho de legitima defensa en juicio que se vería perjudicada por enunciaciones o documentos agregados cuya traducción no es fiel o apta al fin procesal.

## 3.- PETITORIO

Consecuentemente por todo ello, no dándose cumplimiento a lo dispuesto por la Convención citada, no cumpliéndose con la reserva Argentina efectuada en oportunidad de la adhesión efectuada por ley 25.097 y tampoco darse cumplimiento a lo dispuesto por el Art. 123 CPCC aplicable conjuntamente al caso y motivo por el cual se efectuara la reserva indicada, **solicito a S.S. :**

1.- Se me tenga por presentado, parte en el carácter indicado y constituido el domicilio legal constituido.

2.- Se **decrete la nulidad de lo actuado por el incumplimiento apuntado** o en su caso se suspenda el término de traslado respectivo atento al incumplimiento de lo indicado precedentemente que hace a un legítimo y adecuado derecho de defensa y al debido proceso en juicio.

3.- En caso de no decretarse la nulidad impetrada y **decretarse la suspensión del término de traslado, solicito se INTIME AL PRESENTANTE a dar cumplimiento al recaudo de la traducción de todos los documentos por traductor público matriculado, DENTRO DEL TERMINO DE CINCO DIAS, bajo apercibimiento de** tener por no cumplido el recaudo legal indicado del Art. 123 CPCC y la Reserva Argentina a la Convención de La Haya de 1965 (Ley 25.097) y **DEVOLVER LOS ANTECEDENTES AL TRIBUNAL DE ORIGEN** a sus efectos.

4.- Con costas, que

SERA JUSTICIA

ROBERTO A. MUGUILLO
ABOGADO
C.A.S.I. T° 214 L° Prof. 13869-7
050548 IVA Res. no Inso.
CUIT
Tel/Fax



# ACTUACION NOTARIAL

## GAA01118326

ROSARIO GRECO
NOTARIO

PROTOCOLO

1  ESCRITURA NUMERO TRESCIENTOS VEINTIDOS————————

2  PODER GENERAL JUDICIAL: ANTONIO BARILLARI S.A. a favor

3  del Doctor Fernando Horacio MASCHERONI y otros.—————————

4  En la ciudad de Mar del Plata, Partido de General Pueyrre-

5  dón. Jurisdiccion de la Provincia de Buenos Aires. a vein-

6  te de agosto de mil novecientos noventa y ocho. ante mí.

7  ROSARIO GRECO. Notario a cargo del Registro 118 de este

8  Partido.COMPARECE:Jorge CALVO. argentino. mayor. casado.

9  Documento nacional de Identidad 8.372.954. vecino de esta

10  ciudad. persona hábil de mi conocimiento doy fe: quien

11  concurre en su carácter de Vice Presidente de "ANTONIO

12  BARILLARI SOCIEDAD ANONIMA" lo que acredita con a) Contra-

13  to Social de fecha 7 de diciembre de 1971. otorgado ante

14  Notario de Ramos Mejía. Alfredo M.Bott. inscripto bajo el

15  úmero 1696. folio 231. libro 76. Tomo A de Sociedades A-

16  nonimas Nacionales el 18 de mayo de 1972; b) Acta de Asam-

17  blea General Ordinaria número 47 del 06 de julio de 1998

18  de elección de autoridades. c) Acta de Directorio nro 379

19  del 07 de julio de 1998 de distribución de cargos: y d)

20  Acta de Directorio numero 384 de fecha 6 de agosto de

21  1998. que pasó al folio 80 del Libro de Actas de Directo-

22  rio numero 3 debidamente rubricado. especifica para la

23  firma y otorgamiento del presente. con facultades sufi-

24  cientes para este acto. documentación que en original ten-

25  go a la vista y en fotocopia el elemento a) obra agregado

GAA01118326

al folio 411 del protocolo del año 1995, y el elemento b y c) obra agregado al folio 480 del Protocolo del corriente año, doy fe y el d) agrego en fotocopia a la presente, y en el carácter invocado y acreditado y DICE: que confiere PODER GENERAL PARA JUICIOS a favor de Doctores Fernando Horacio MASCHERONI, con cedula de Identidad de la Policia Federal 2.738.320, Juan Carlos COUSO, con Documento Nacional de Identidad 4.106.481, Roberto Alfredo MUGUILLO, con Libreta de Enrolamiento 4.519.508, y Alberto Dario ORIETA, con Documento Nacional de Identidad 17.176.951, para que en nombre y representación de la mencionada sociedad y actuando en forma conjunta alternada separada o indistinta, intervengan en todos los juicios en que sea parte como actor o demandado, o en cualquier otro caracter, que al presente tenga pendiente o en adelante le ocurran, de cualquier fuero, naturaleza o jurisdicción a que pertenezcan, incluso el Federal; y ante Ministerio de Trabajo y Subsecretaria de Trabajo de la Provincia de Buenos Aires, Ministerio de Economia, Secretarias y Subsecretarias; y con facultad de concurrir a Audiencias fijadas por mediadores oficiales del Registro llevado a tal fin por el Poder Judicial de la Nacion.-AL EFECTO los faculta para que ocurran ante los señores Jueces y Tribunales superiores e inferiores y demás autoridades judiciales y administrativas que correspondan, presentando escritos, peticiones, escri-

ACTUACION NOTARIAL

GAA01118327

ROSARIO GRECO
NOTARIO

1  turas, documentos, testigos y toda género de pruebas, pu-

2  diendo iniciar y contestar demandas y reconvenciones y de-

3  sistir de ellas, con facultad de Proponer Formulas conci-

4  liatorias,y/o celebrar transacciones o acuerdos ante me-

5  diador designado, suscribir actas, acuerdos, poner y ab-

6  solver posiciones, oponer y deducir excepciones, prorrogar

7  y declinar de jurisdicción, prestar y exigir juramentos y

8  cauciones reales y juratorias, apelar, recusar, tachar,

9  transar, celebrar arreglos judiciales o extrajudiciales,

10 cobrar, percibir, dar recibos y cartas de pago, decir de

11 nulidad y simulación, nombrar toda clase de peritos, pedir

12 embargos preventivos y/o definitivos, desembargos, desalo-

13 jos y lanzamientos, inhibiciones, intimaciones y sus le-

14 vantamientos; interponer querellas y contestar las que se

15 le promuevan; constituir domicilios especiales, solicitar

16 la venta y remate de bienes de sus deudores, así como la

17 quiebra o concurso civil de los mismos, reclamar indemni-

18 zaciones de daños y perjuicios, e indexaciones, asistir a

19 audiencias y juicios verbales, juntas o reuniones de acre-

20 edores, y de verificación, y graduación de créditos, como

21 a las de reconocimiento de firmas y otras que se decreten,

22 nombrar síndicos, recibir dividendos, conceder quitas y

23 esperas, aceptar o rechazar concordatos y otras propues-

24 tas, renunciar al derecho de apelar o a apelaciones conce-

25 didas y a prescripciones adquiridas, desistir de los re-

PROTOCOLO

GAA01118327

cursos interpuestos y realizar en fin cuantos mas actos

gestiones y diligencias conduzcan al mejor desempeño del

presente, cuyas clausulas son simplemente enunciativas y

no limitativas.LEIDA y aprobada firma de conformidad ante

mi doy fe.-



CERTIFICO que la atestación correspondiente a la presente fotocopia se

formaliza en sello de act.notarial BAA00435693.-Mar del Plata,25/8/98.-

CONSTE.-






## ACTUACION NOTARIAL

## BAA00435693

1  CONCUERDA con su matriz que pasó ante mí, ROSARIO GRECO,

2  Notario a cargo del Registro 118 de General Pueyrredón

3  (45),al/los folio/s 556/7 del protocolo del corriente año,

4  doy fe.-Para el otorgante expido esta PRIMERA COPIA en dos

5  a  fotocopia/s del/los folio/s de actuación protocolar nú-

6  mero/s GAA01118326/7 en MAR DEL PLATA,veinticinco de agos-

7  to de mil novecientos noventa y ocho.-CONSTE

8

9

10

11

12              ROSARIO GRECO
                  NOTARIO

13

14



La firma y sello que ante... n... legalizan en el valor

legalización Nº FAA00209830  que se agregan

Mar del Plata,___26___ de __agosto__ de 19 98

18

19

20              NOT. MARIA LIDIA RUGGERI
                DELEGACION MAR DEL PLATA

21

22

23

24

25




F A A 0 0 2 0 9 8 3 4

# LEGALIZACIONES

**Decreto - Ley 9020 (Artículos 117/118)**

EL COLEGIO DE ESCRIBANOS DE LA PROVINCIA DE BUENOS AIRES

República Argentina, en virtud de la facultad que le confiere la Ley

Orgánica del Notariado, legaliza la firma y el sello del notario

D GRECO ROSARIO ——————————————————————————

obrantes en el Documento Nº  BAA00435693———————————————————

La presente legalización no juzga sobre el contenido y forma del

documento.

MAR DEL PLATA, 26 de  agosto           de  .1998

NOT. MARIA LIDIA RUGGERI
DELEGACION MAR DEL PLATA

ES COPIA FIEL

ROBERTO J. MUGUILLO
ABOGADO
C.A.S. IV - 214 L  Prof. 13808-7
CUIT 23-04113208-9 IVA Res. no Inse.
Tel/Fax  4814-4267   4371-5494



COLEGIO PUBLICO DE ABOGADOS DE LA CAPITAL FEDERAL

LEY 23.187
DERECHO FIJO (ART. 51,d)

Profesional _Dr. Roberto A. Muguillo_

T _73_ F _930_

Expediente _Suade Gordon Inc. c/ Badaluani, Antonio s/Ejecutivo_

Juzgado _en lo civil N° 30_

Secretaría _____

Fecha: _8_ de _Setiembre_ de _2005_

N° 0663849

COPIA PARA EL EXPEDIENTE

GRAFICA SANSEDRA S.R.L.

ROBERTO A. MUGUILLO
ABOGADO
CALLE F. UAY 530 C.L.L. 1° N P 214
CIVIL 34-HABANA-A-RESP.-MONIT(REG.)
TELEFONO 4431-0137 / 4371-5434



SE PRESENTA POR PARTE EN ESTE EXHORTO

PLANTEA NULIDAD O SUSPENSION DEL TRAMITE Y TERMINOS

SE INTIME AL PRESENTANTE BAJO APERCIBIMIENTO

Señor Juez en lo Civil:

ROBERTO ALFREDO MUGUILLO, letrado por la representación de Antonio Barillari S.A. de conformidad a la copia simple de poder general judicial que se adjunta a la presente en este **EXHORTO 68899/2005 "SLADE GORTON & Co. Inc. c/ ANTONIO BARILLARI S.A."** constituyendo domicilio especial en la calle Parana 275 piso 5 Of. 9 de Capital Federal (*Estudio Mascheroni, Couso & Muguillo*) a S.S. me presento y digo:

_____ 1.- INTRODUCCION

Vengo en tiempo y forma a plantear la nulidad de la notificación efectuada y en su defecto la suspensión del término de traslado por incumplimiento en el presente exhorto de las formalidades legales exigibles.

_____ 2.- HECHOS Y DERECHO

La Republica Argentina ha adherido por ley 25.097 al Convenio de La Haya del 15 de noviembre de 1965. La adhesión argentina sin embargo se efectuó con RESERVAS, siendo una de ellas la relativa al Art. 5 de dicha convención, indicándose expresamente en esa reserva que la Republica Argentina NO ACEPTARÁ DOCUMENTOS A NO SER QUE LOS MISMOS CONTENGAN UNA TRADUCCION AL LENGUAJE ESPAÑOL.

Dado que la **norma del Art. 123 CPCC** aplicable al presente indica expresamente que LOS DOCUMENTOS EN IDIOMA EXTRANJERO DEBEN acompañarse con su TRADUCCION REALIZADA POR TRADUCTOR PUBLICO MATRICULADO, la documentación en traslado no cumple con tal requerimiento QUE ES UN RECAUDO *SINE QUA NON* DE LA TRANSMISION DEL DOCUMENTO POR LA VIA DE LA REFERIDA CONVENCION.

Como se advierte a primera vista la traducción acompañada no solo no lo es en el modo indicado, sino que es irregular en cuanto a varias de sus expresiones que se advierten en una primera lectura.

Dado que S.S. es competente en el diligenciamiento de este exhorto y como tal se entiende competente a todo lo relacionado con el debida e integral

diligenciamiento del mismo, en particular aplicando las normas vigentes en NUESTRO PAIS, corresponde a S.S. entender en la presente incidencia por aplicación del Art. 175 CPCC y del principio de derecho de que lo accesorio sigue a lo principal (Conf. Art. Art. 34 inc. 5 b) CPCC y Morillo-Sosa-Berizonce, "Código Procesal Comentado" Ed. L.E.P. to. II-B, pag. 591, No. 304).

A todo evento y en cumplimiento de lo determinado por el Art. 172 CPCC puede apreciarse el **perjuicio sufrido** al ser incierto el reclamo efectuado por ausencia de una traducción cierta y hábil que permita la adecuada defensa contra las alegaciones efectuadas, como también **el interés de mi parte** en resguardar su derecho de legitima defensa en juicio que se vería perjudicada por enunciaciones o documentos agregados cuya traducción no es fiel o apta al fin procesal.

### 3.- PETITORIO

Consecuentemente por todo ello, no dándose cumplimiento a lo dispuesto por la Convención citada, no cumpliéndose con la reserva Argentina efectuada en oportunidad de la adhesión efectuada por ley 25.097 y tampoco darse cumplimiento a lo dispuesto por el Art. 123 CPCC aplicable conjuntamente al caso y motivo por el cual se efectuara la reserva indicada, **solicito a S.S.** :

1.- Se me tenga por presentado, parte en el carácter indicado y constituido el domicilio legal constituido.

2.- Se **decrete la nulidad de lo actuado por el incumplimiento apuntado** o en su caso se suspenda el término de traslado respectivo atento al incumplimiento de lo indicado precedentemente que hace a un legítimo y adecuado derecho de defensa y al debido proceso en juicio.

3.- En caso de no decretarse la nulidad impetrada y **decretarse la suspensión del término de traslado**, solicito se INTIME AL PRESENTANTE a dar cumplimiento al **recaudo de la traducción de todos los documentos por traductor público matriculado, DENTRO DEL TERMINO DE CINCO DIAS, bajo apercibimiento de** tener por no cumplido el recaudo legal indicado del Art. 123 CPCC y la Reserva Argentina a la Convención de La Haya de 1965 (Ley 25.097) y **DEVOLVER LOS ANTECEDENTES AL TRIBUNAL DE ORIGEN** a sus efectos.

4.- Con costas, que

**SERA JUSTICIA**



JUZGADO CIVIL N-79

05 SET 09 ε 8 50

CONSTE

MOROSI

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Septiembre *13* de 2005.-IDM

       Por presentado, parte en el carácter invocado y por constituído el domicilio procesal.-

       Toda vez que la presente rogatoria, fué requerida por el mismo Ministerio de Relaciones Exteriores, Comercio Internacional y Culto, al solo fin de dar cumplimiento con la notificación del traslado de la documentación acompañada (ver oficio de 87), nada cabe proveer respecto de lo solicitado en el escrito a despacho, ello teniendo en cuenta lo dispuesto por el art. 3 del Convenio en aplicación a la presente.

       Firme la presente providencia, remítase la presente rogatoria al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto asu efectos.-

CECILIA M. V. REJO
JUEZ

*Juzgado Civil N° 74 - Expte. 68899/2005*

PLANTEA REVOCATORIA Y APELACION EN SUBSIDIO

DENEGACION DE JUSTICIA

SE RESUELVA LA NULIDAD DE LO ACTUADO O EN SU CASO SE HAGA LUGAR AL
PEDIDO DE INTIMACION AL PRESENTANTE BAJO EL APERCIBIMIENTO
SOLICITADO

Señor Juez en lo Civil:

      *ROBERTO ALFREDO MUGUILLO*, letrado por la representación de
Antonio Barillari S.A. en este **EXHORTO 68899/2005 "SLADE GORTON & Co. Inc. c/
ANTONIO BARILLARI S.A."** con domicilio especial en la calle Paraná 275 piso 5 Of. 9
de Capital Federal (*Estudio Mascheroni, Couso & Muguillo*) a S.S. me presento y digo:

      *1.- INTRODUCCION*

      Vengo en tiempo y forma a plantear formal REVOCATORIA Y
APELACION EN SUBSIDIO contra el auto del tribunal que – negándose a resolver el
planteo incidental efectuado en donde se halla en crisis el legitimo derecho de defensa
– efectúa apreciaciones que no condicen con la actividad judicial que debe prestarse de
conformidad a los términos de los Arts. 34 y ss. del CPCC.

      *2.- EL CUESTIONAMIENTO DEL RESOLUTORIO Y LOS
FUNDAMENTOS EN DERECHO*

      El tribunal invoca – en el resolutorio recurrido - la disposición del Art. 3
de la Convención de La Haya de 1965 citada y ratificada por Ley 25.097, disposición
que *nada quita ni pone a la incidencia planteada*.

      En efecto: que el Ministerio presentante haya efectuado la petición por
duplicado y sin que sea necesaria legalización alguna de conformidad al Art. 3 de la
misma, NO EMPECE QUE LA REPUBLICA ARGENTINA HA EFECTUADO EXPRESA
RESERVA EN RELACION AL ART. 5 de dicha Convención y que dicha norma deba

aplicarse en consonancia con la normativa procesal vigente, pues el acto llevado a cabo por vía de exhorto no puede ser ajeno a las normas procesales vigentes.

La adhesión argentina con RESERVAS, en especial la relacionada con el Art. 5 de dicha convención, **impone la aplicación al caso de tales reservas y limitaciones** ya que EN EL DOCUMENTO QUE SE PRESENTA SE INVOCA ESA NORMA EXPRESA (o sea el Art. 5 respecto del cual existe tal reserva por parte de nuestro país, la Republica Argentina).

En **dicha reserva** la Republica Argentina indicó que NO ACEPTARÁ DOCUMENTOS A NO SER QUE LOS MISMOS CONTENGAN UNA TRADUCCION AL LENGUAJE ESPAÑOL.

Dado que dicha **norma se encardina necesariamente con el Art. 123 CPCC** aplicable al presente por **tratarse de un tramite judicial y requerirse esa plena legitimidad del acto para salvaguarda del derecho de defensa**, se impone que LOS DOCUMENTOS EN IDIOMA EXTRANJERO DEBEN acompañarse con su TRADUCCION REALIZADA POR TRADUCTOR PUBLICO MATRICULADO.

**Como la documentación en traslado no cumple con tal requerimiento - RECAUDO** *SINE QUA NON* **-** para la transmisión de ese documento y de cualquier otro en un traslado en vía judicial, deberá INELUDIBLEMENTE CUMPLIRSE CON DICHO RECAUDO QUE LA REPUBLICA ARGENTINA NO HA DEROGADO NI EXIMIDO EN ESTE TIPO DE DILIGENCIAS, sea que la presentación la hiciera un particular o un Ministerio, ya que TODOS DEBEN SUJETARSE A LAS NORMAS VIGENTES y el tribunal así aplicarlas.

A tal punto **es INEXCUSABLE ESTE REQUERIMIENTO DEL ART. 123 CPCC**, que la Republica Argentina a fin de mantener el control de este tipo de diligencia TAMBIÉN HIZO EXPRESA RESERVA de la norma del Art. 10 de la Convención, para que ninguna autoridad del pais de origen procediera a una notificación SIN LA INTERVENCION JUDICIAL, PARA GARANTIZAR LA LEGITIMIDAD DE TAL ACTO, LEGITIMIDAD QUE EN EL PRESENTE SE VE CONTROVERTIDA Y VIOLADA POR EL INCUMPLIMIENTO DE LOS DETERMINADO POR EL CITADO ART. 123 CPCC, y la negativa del tribunal a resolver en consecuencia a lo solicitado.

Siendo S.S. competente en el diligenciamiento de este exhorto y como tal será así **competente en todo lo relacionado con el debida e integral diligenciamiento del mismo,** en particular aplicando las normas vigentes en NUESTRO PAIS. Por ello correspondía a S.S. entender Y RESOLVER la presente incidencia por aplicación del Art. 175 CPCC y del principio de derecho, por el que lo accesorio sigue a lo principal (Conf. Art. Art. 34 inc. 5 b) CPCC y Morello-Sosa-Berizonce, "Código Procesal Comentado" Ed. L.E.P. to. II-B, pag. 591, No. 304).

A todo evento y en cumplimiento de lo determinado por el Art. 172 CPCC – para el caso de darse curso a la incidencia de nulidad - mi parte ya hizo mención en su primer presentación del **perjuicio sufrido,** como también **del interés de mi parte** en resguardar su derecho de legitima defensa en juicio y el debido proceso, que se vería perjudicada por enunciaciones o documentos agregados cuya traducción no es fiel o apta al fin procesal.

Asimismo dejo planteada la RESERVA DEL CASO FEDERAL, pues se encuentra en crisis el derecho de defensa de mi parte y el debido proceso, se viola la igualdad de las partes y se exime a un extranjero de obligaciones procesales que son requisito ineludible de los actos judiciales.

_____ *3.- PETITORIO*

Por todo lo expuesto a S.S. respetuosamente digo:

1.- Se me tenga por presentado este **recurso de reposición** contra el auto que no provee la incidencia planteada al acto llevado a cabo por vía de este exhorto, produce una denegatoria de derecho y justicia, pretendiendo devolver un acto ilegítimo, celebrado en violación a las normas procesales vigentes (de rango constitucional y procesal), como así también se tenga por planteada en debida forma la **apelación en subsidio** contra el mismo despacho.

2.- **Se corra traslado** de esta revocatoria al diligenciante de este exhorto a sus efectos.

3.- Oportunamente se revoque el resolutorio recurrido y se **decrete la nulidad de lo actuado por el incumplimiento apuntado.** En caso de no decretarse la nulidad impetrada solicito se **decrete la suspensión del término de traslado y se INTIME AL PRESENTANTE a dar cumplimiento al recaudo de la traducción de todos los documentos por traductor público matriculado, DENTRO DEL TERMINO DE CINCO DIAS, bajo apercibimiento de** tener por no cumplido el recaudo legal indicado del Art. 123 CPCC y la Reserva Argentina a la Convención de La Haya de 1965 (Ley 25.097) y **DEVOLVER LOS ANTECEDENTES AL TRIBUNAL DE ORIGEN a** sus efectos.

4.- En caso de no hacerse lugar a la revocatoria planteada en los términos indicados, solicito se **CONCEDA LA APELACION DEDUCIDA SUBSIDIARIAMENTE a fin de que la Exma. Cámara resuelva conforme al derecho invocado, que**

<u>SERA JUSTICIA</u>

ROBERTO A. MUQUILLO
ABOGADO

*Juzgado Civil Nº 79 - Expte. 68899/2005*

PLANTEA REVOCATORIA Y APELACION EN SUBSIDIO

DENEGACION DE JUSTICIA

SE RESUELVA LA NULIDAD DE LO ACTUADO O EN SU CASO SE HAGA LUGAR AL PEDIDO DE INTIMACION AL PRESENTANTE BAJO EL APERCIBIMIENTO SOLICITADO

Señor Juez en lo Civil:

        *ROBERTO ALFREDO MUGUILLO*, letrado por la representación de Antonio Barillari S.A. en este **EXHORTO 68899/2005 "SLADE GORTON & Co. Inc. c/ ANTONIO BARILLARI S.A."** con domicilio especial en la calle Paraná 275 piso 5 Of. 9 de Capital Federal (*Estudio Mascheroni, Couso & Muguillo*) a S.S. me presento y digo:

        *1.- INTRODUCCION*

        Vengo en tiempo y forma a plantear formal REVOCATORIA Y APELACION EN SUBSIDIO contra el auto del tribunal que – negándose a resolver el planteo incidental efectuado en donde se halla en crisis el legítimo derecho de defensa – efectúa apreciaciones que no condicen con la actividad judicial que debe prestarse de conformidad a los términos de los Arts. 34 y ss. del CPCC.

        *2.- EL CUESTIONAMIENTO DEL RESOLUTORIO Y LOS FUNDAMENTOS EN DERECHO*

        El tribunal invoca – en el resolutorio recurrido - la disposición del Art. 3 de la Convención de La Haya de 1965 citada y ratificada por Ley 25.097, disposición que *nada quita ni pone a la incidencia planteada*.

        En efecto: que el Ministerio presentante haya efectuado la petición por duplicado y sin que sea necesaria legalización alguna de conformidad al Art. 3 de la misma, NO EMPECE QUE LA REPUBLICA ARGENTINA HA EFECTUADO EXPRESA RESERVA EN RELACION AL ART. 5 de dicha Convención y que dicha norma deba

aplicarse en consonancia con la normativa procesal vigente, pues el acto llevado a cabo por vía de exhorto no puede ser ajeno a las normas procesales vigentes.

La adhesión argentina con RESERVAS, en especial la relacionada con el Art. 5 de dicha convención, **impone la aplicación al caso de tales reservas y limitaciones** ya que EN EL DOCUMENTO QUE SE PRESENTA SE INVOCA ESA NORMA EXPRESA (o sea el Art. 5 respecto del cual existe tal reserva por parte de nuestro país, la Republica Argentina).

En **dicha reserva** <u>la Republica Argentina indicó que NO ACEPTARÁ DOCUMENTOS A NO SER QUE LOS MISMOS CONTENGAN UNA TRADUCCION AL LENGUAJE ESPAÑOL.</u>

Dado que <u>dicha **norma se encardina necesariamente con el Art. 123 CPCC** aplicable al presente por *tratarse de un tramite judicial y requerirse esa plena* legitimidad del acto para salvaguarda del derecho de defensa</u>, se impone que LOS DOCUMENTOS EN IDIOMA EXTRANJERO DEBEN <u>acompañarse con su TRADUCCION REALIZADA POR TRADUCTOR PUBLICO MATRICULADO.</u>

**Como la documentación en traslado no cumple con tal requerimiento - RECAUDO *SINE QUA NON* -** para la transmisión de ese documento y de cualquier otro en un traslado en vía judicial, deberá INELUDIBLEMENTE CUMPLIRSE CON DICHO RECAUDO QUE LA REPUBLICA ARGENTINA NO HA DEROGADO NI EXIMIDO EN ESTE TIPO DE DILIGENCIAS, <u>sea que la presentación la hiciera un particular o un Ministerio, ya que TODOS DEBEN SUJETARSE A LAS NORMAS VIGENTES y el tribunal así aplicarlas.</u>

A tal punto es **INEXCUSABLE ESTE REQUERIMIENTO DEL ART. 123 CPCC,** que la Republica Argentina a fin de mantener el control de este tipo de diligencia <u>TAMBIÉN HIZO EXPRESA RESERVA de la norma del Art. 10 de la Convención, para que ninguna autoridad del pais de origen procediera a una notificación SIN LA INTERVENCION JUDICIAL, PARA GARANTIZAR LA LEGITIMIDAD DE TAL ACTO, LEGITIMIDAD QUE EN EL PRESENTE SE VE CONTROVERTIDA Y VIOLADA POR EL INCUMPLIMIENTO DE LOS DETERMINADO POR EL CITADO ART. 123 CPCC, y</u> la negativa del tribunal a resolver en consecuencia a lo solicitado.

Siendo S.S. competente en el diligenciamiento de este exhorto y como tal será así **competente en todo lo relacionado con el debida e integral diligenciamiento del mismo,** en particular aplicando las normas vigentes en NUESTRO PAIS. Por ello correspondía a S.S. entender Y RESOLVER la presente incidencia por aplicación del Art. 175 CPCC y del principio de derecho, por el que lo accesorio sigue a lo principal (Conf. Art. **Art. 34 inc. 5 b)** CPCC y **Morello-Sosa-Berizonce, "Código Procesal Comentado"** Ed. L.E.P. to. II-B, pag. 591, No. 304).

A todo evento y en cumplimiento de lo determinado por el Art. 172 CPCC – para el caso de darse curso a la incidencia de nulidad - mi parte ya hizo mención en su primer presentación del **perjuicio sufrido,** como también **del interés de mi parte** en resguardar su derecho de legitima defensa en juicio y el debido proceso, que se vería perjudicada por enunciaciones o documentos agregados cuya traducción no es fiel o apta al fin procesal.

Asimismo dejo planteada la RESERVA DEL CASO FEDERAL, pues se encuentra en crisis el derecho de defensa de mi parte y el debido proceso, se viola la igualdad de las partes y se exime a un extranjero de obligaciones procesales que son requisito ineludible de los actos judiciales.

_____    *3.- PETITORIO*

Por todo lo expuesto a S.S. respetuosamente digo:

1.- Se me tenga por presentado este **recurso de reposición** contra el auto que no provee la incidencia planteada al acto llevado a cabo por vía de este exhorto, produce una denegatoria de derecho y justicia, pretendiendo devolver un acto ilegítimo, celebrado en violación a las normas procesales vigentes (de rango constitucional y procesal), como así también se tenga por planteada en debida forma la **apelación en subsidio** contra el mismo despacho.

2.- **Se corra traslado** de esta revocatoria al diligenciante de este exhorto a sus efectos.

3.- Oportunamente se revoque el resolutorio recurrido y se **decrete la nulidad de lo actuado por el incumplimiento apuntado.** En caso de no decretarse la nulidad impetrada solicito se **decrete la suspensión del término de traslado y se INTIME AL PRESENTANTE a dar cumplimiento al recaudo de la traducción de todos los documentos por traductor público matriculado, DENTRO DEL TERMINO DE CINCO DIAS, bajo apercibimiento de** tener por no cumplido el recaudo legal indicado del Art. 123 CPCC y la Reserva Argentina a la Convención de La Haya de 1965 (Ley 25.097) y **DEVOLVER LOS ANTECEDENTES AL TRIBUNAL DE ORIGEN a** sus efectos.

4.- En caso de no hacerse lugar a la revocatoria planteada en los términos indicados, solicito **se CONCEDA LA APELACION DEDUCIDA SUBSIDIARIAMENTE a** fin de que la Exma. Cámara resuelva **conforme al derecho invocado, que**

**SERA JUSTICIA**

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Septiembre  21  de 2005.-IDM

AUTOS Y VISTOS:

I. Toda  vez que la providencia atacada es ajustada a  derecho, los argumentos expuestos no logran conmover el  criterio sustentado  por la  suscripta  al dictarla.

En consecuecia,  corresponde desestimar el recurso de revocatoria interpuesto contra la misma.

II. Concédase  en relación  y  con  efecto suspensivo el  recurso de  apelación interpuesto contra lo resuelto en auto a fs. 97.-

Con las  manifestaciones  vertidas  en  el escrito a  despacho tiénese por fundado el mismo, conf. lo dispuesto por el art. 246 del Cód. Procesal.-

De encontrarse  en  condiciones,  elévense los autos al Superior.-

CECILIA M. V. REJO
JUEZ

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

En 2̲2̲ de Septiembre de 2005, elevé las presentes actuaciones a la Excma. Cámara Nacional de Apelaciones en lo Civil, bajo el número de registro 68.899/2005, en virtud del recurso de apelación interpuesto a fs. 98, concedido en relación y con efecto suspensivo a fs. 100 contra lo resuelto a fs. 97, fundado a fs. 98/99;

**PARTE INTERVINIENTES:**

**ACTORA:** SLADE GORTON & CO INC. empresa de origen norteamericano, por el cual se diligencia el presente exhorto, por intermedio del Ministerio de Relaciones Exteriores, Comercio Internacional y Culto.-

**DEMANDA:** Antonio Barillali S.A., con intervención del Dr. Roberto Alfredo Muguillo, con domicilio constituido en la calle Paraná 275, piso 5°, oficina 9.

No son partes los ministerios público. No hay incidentes ni agregados. **Sellado a reponer:** Se deja constancia que las presentes actuaciones versa sobre exhorto diligenciado por el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto.- . **NO** hubo intervensión anterior del Superior. Los autos se elevan en 101 fojas y la foliatura es correcta y consecutiva. Conste.-

NANCY B. MOROSI
PROSECRETARIA



CAMARA NACIONAL DE
APELACIONES EN LO CIVIL
RECIBIDO HOY HS

2 2 SEP 2005

MESA GRAL DE ENTRADAS

SALA SORTEADA 

Recibido en Ujiería, hoy_____  2 3 SET 2005

siende las _____ hs. conste.



DIEGO M. SCHILMAN
PROSECRETARIO ADMINISTRATIVO



| | | | Artículo 62 | Aportes y Contribuciones | | |
|---|---|---|---|---|---|---|

Abogado        Procurador

Tomo 13    Folio 930      Matrícula

| Concepto | Cod | Importe |
|---|---|---|
| N Cuit/Cuil    24-04519508-9 | | |
| Inc.1 5%s/honorarios..................... 1 | | 0.00 |
| Apellido    MUGUILLO | | |
| Inc.2 1%s/honorarios..................... 2 | | 0.00 |
|      0.5%s/honorarios................... 3 | | 0.00 |
| Nombres    ROBERTO ALFREDO | | |
| Inc.3 3%s/tasa de justicia............. 4 | | 0.00 |
| Actuación    Judicial X   Extrajudicial   Administ. | | |
| Inc.4 Derecho fijo   (lex previsional) 5 | | 10.00 |
| Jurisdicción    Nacional X   Federa   Cdad.Aut.BsAs | | |
| Inc.9 AMAO ...........Año    6 | | 0.00 |
| Juzgado/tribunal/Organism   CIVIL | | |
| Otros: Seleccione...    7 | | 0.00 |

Actor, P   ionante, Causante    SLADE GORTON

Total Depositado      8      10.00

Demandado    ANTONIO BARILLARI

Son Pesos      Diez con 00/100

Materia    OFICIO LEY 22172/ROGATORIA/EXHORTO

Nº Expediente    68899/05

SELLAR AL DORSO · PARA EL AFILIADO

CASSABA

**ADJUNTA PAGO DERECHO FIJO CASSABA**

Señor Juez: ( Excma Camara - Sala F )

    **ROBERTO A. MUGUILLO**, en mi carácter de Letrado Apoderado de la parte demandada, con domicilio legal constituido en la calle Paraná 275, 5° piso, Oficina 9 de Capital Federal (Zona 111), en los autos caratulados: **"SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO S.A. S/ Exhorto (de ESTADOS UNIDOS DE NORTEAMERICA)"**, (Expte. N° 68899/2005), a V.S. digo:

    Que vengo a acompañar pago de Derecho Fijo (art. 62) CASSABA, omitido en mi presentacion en autos, solicitando se agregue

    Tener presente, que

    Será Justicia.

J: 79 / S: única

ROBERTO A. MUGUILLO
ABOGADO
C.P.A.C.F. T° XII F° 930 C.A.S.I. T° IV F° 214
CUIT 24-04519508-9 RESP. MONOTRIBUTO
TEL/FAX 4814-4263 / 4371-5434

MARIO A. GOHILMAN
PROSECRETARIO ADMINISTRATIVO



*Poder Judicial de la Nación*

///nos Aires, noviembre *ocho.* – de 2005.–

Por recibidos.–

Autos.–

U O O F I C I A L

105

*Poder Judicial de la Nación*

R.439.516 – Sala "F"– Expte.: "Slade Gorton & Co. Inc. c/ Barillari, Antonio s/ exhorto" (n° 68.899/2005) (J. 79)

Buenos Aires,  *Vero*  — de abril de 2006.

### Y VISTOS; Y CONSIDERANDO:

I. Vienen estas actuaciones al Tribunal en virtud del recurso de apelación interpuesto en subsidio por Antonio Barillari S.A. a fs. 98/99, contra la decisión de la señora Juez "a quo" de fs. 97, mantenida a fs. 100. Los fundamentos del recurso obran en la citada presentación de fs. 98/99.

II. A criterio del Tribunal la decisión apelada debe ser confirmada, dado que a más de lo allí señalado en cuanto a lo dispuesto por el artículo 3° del Convenio relativo a las comunicaciones y notificaciones en el extranjero de documentos judiciales y extrajudiciales en materia civil o comercial, aprobado por la ley 25.097 (cuya finalidad primordial –tal como allí se indica- es la asistencia judicial mutua, simplificando y acelerando el procedimiento), según el cual la petición debe efectuarse conforme al formulario modelo anexo al Convenio, *sin que sea necesaria la legalización de los documentos ni otra formalidad análoga*, cabe añadir que el cumplimiento de una petición de comunicación o notificación conforme a las disposiciones del referido Convenio, *no puede ser denegado* (tal lo que en definitiva propicia el quejoso) *sino cuando el Estado requerido juzgue que este cumplimiento es de tal naturaleza que implica un atentado a su soberanía o a su seguridad* (artículo 13).

En ese sentido, la circunstancia de que las documentación anejada a la rogatoria se encuentre traducida, pero que no lo haya sido por un traductor público matriculado, no constituye una situación que habilite a denegar el diligenciamiento de la notificación solicitada.

En su mérito, **SE RESUELVE:** Confirmar el pronunciamiento apelado de fs. 97.

Regístrese y devuélvase.

EDUARDO A. ZANNONI

18

FERNANDO POSSE SAGUIER

16

JOSÉ LUIS GALMARINI

ECIBIDO EN SECRETARIA EL

0 7 ABR 2006

CONSTE

NANCY B. MEROS
PROSECRETARIA

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Abril _10_     de 2006.-IDM

        Por devueltos; hágase saber. Notifíquese conjuntamente con lo resuelto por el Superior a fs. 105 a la parte demandada, mediante cédula que será confeccionada por Secretaría.-

        Una vez firme la providencia de fs. 106, remítanse las presentes actuaciones al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto.-

ADOLFO CAMPOS FILLOL
JUEZ SUBROGANTE

## AUTORIZA A COMPULSAR, RETIRAR DOCUMENTACION Y PRACTICAR DESGLOSES

Señor Juez:

ROBERTO ALFREDO MUGUILLO, en mi carácter de letrado apoderado de la parte demandada, con domicilio legal constituido en la calle Paraná 275, 5° piso, Oficina 9 de Capital Federal (Zona 111), en los autos caratulados: **"SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO S.A. S/ Exhorto (de ESTADOS UNIDOS DE NORTEAMERICA)"**, (Expte. N° 68899/2005), a V.S. digo:

Que vengo a autorizar a compulsar el expediente arriba mencionado, tomar vistas y dejar constancia en libro de nota a María Teresa Muguillo y/o Juana R. Ivachich y/o Clara Raquel Salas, en forma indistinta a quienes también se los autoriza a la presentación y desglose de escritos y comprobantes, en especial contestaciones de demanda, peritajes, mandamientos, oficios y/o exhortos, testimonios, como asimismo al diligenciamiento de cédulas libradas bajo el régimen de la ley 22.172, y demás documentos que fueran menester, como así también retirar expediente/s en préstamo para redactar instrumentos y/o alegar, todo conforme Arts. 133/134 del CPCC (Texto Ley 25.488) y Art. 63 RJN.-

Proveer de conformidad,

**Será Justicia**

RECIBIDO EN SECRETARIA EL ............................... CONST#

2 SET 2005

NANCY B. MORROW
PROSECRETARIA

Buenos Aires, Septiembre 22    de 2005.-


Toda vez que los autos caratulados "SLADE GORTON & CO. INC. C/BARILLARI ANTONIO S.A. s/EXHORTO" expte. Nº 68.899/05 han sido remitidos con fecha 21 de Septiembre del corriente año a la Ecxma. Camara de Apelaciones en lo Civil, reservese el presente en secretaria hasta que los mismos sean devueltos.

PAULA E FERNANDEZ
SECRETARIA INTERINA

*Ministerio de Relaciones Exteriores,*
*Comercio Internacional y Culto*

Nota Nro: 1086
Letra: Diaju, ZCRJA

Sírvase citar Carpe 3564/05    Buenos Aires,    01 FEB 2006

A la Señora Juez a cargo del Juzgado Nacional
de Primera Instancia en lo Civil    nro 79
Dra. Cecilia Maria Rejo
S----------------/----------------------------------D

Tengo el agrado de dirigirme a Ud, con relación a los autos caratulados: "SLADE GORTON & CO., C/ ANTONIO BARILLARI S/ NOTIFCACION EN ACCION CIVIL", que fuera radicado ante dicho Juzgado mediante nota diaju nro 12540, el 5 de agosto último, bajo el expediente judicial nro 68.899/05.

Ante requerimiento de la Autoridad Central Norteamericana, se solicita quiera tener a bien informar acerca del estado de tramite de la rogatoria librada en autos.

Asimismo, cumplo en comunicarle que esta nota es reiteratoria de la nota diaju nro 22021 del 13 de diciembre último, sin haber obtenido respuesta.

Saludo a Ud, muy atentamente.

Dra. MARIA DEL C. SEOANE DE CHIODI
DIRECTORA ASISTENCIA JUDICIAL
INTERNACIONAL

YAU
vco

EN SECRETARIA EL    10 FEB 2006    CONST

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Febrero *16* de 2006.-N

Por recibido. Líbrese oficio al Juez oficiante haciéndosele saber que por el momento resulta imposible cumplir con lo requerido en virtud de encontrarse los autos en la Excma. Camara Nacional de Apelaciones desde el 22 de setiembre de 2005.-

Sirva la presente de atenta nota de envio.-

ADOLFO CAMPOS FILLOL
IUEZ SUBROGANTE

En        de febrero de 2006
al Ministerio de Relaciones Exteriores Comercio Internacional y Culto (Asuntos Juridicos).- conste.-

*Poder Judicial de la Nación*

Buenos Aires, /6 Febrero de 2006.-

MINISTERIO DE RELACIONES EXTERIORES

COMERCIO INTERNACIONAL Y CULTO.-

Dra. Ma. del C. Seoane de Chiodi

S----------------/----------------D.-

        Tengo el honor de dirigirme a V.S. en mi carácter de titular del Juzgado Nacional de Primera Instancia en lo Civil N° 79, Secretaría Unica, a cargo interinamente de la Dra. Paula E. Fernández, sito en la Avenida de los Inmigrantes 1950 5° Piso de la Capital Federal, en respuesta al oficio recibido en este Tribunal con fecha 10 de Febrero de 2006, en los autos caratulados "SLADE GORTON & CO. C/ ANTONIO BARILLARI S/ NOTIFICACION DE ACCION CIVIL Expte. nro. 68899/05, a fin de hacerle saber que por el momento resulta imposible cumplir con lo requerido en virtud de encontrarse los autos ut supra mencionados en la Excma. Cámara Nacional de Apelaciones desde el 22 de septiembre de 2005.

        Saluda Atte..-

PAULA E. FERNÁNDEZ
SECRETARIA INTERINA

RELACIONES EXTERIORES
INTERNACIONAL Y CULTO

1 7 FEB. 2006

D. de Asuntos Jurídicos

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Abril  *10*  de 2006.-IDM

      Habiendo sido devuelta las presentes actuaciones del Superior, corresponde en este acto proveer el escrito de fs. 107, y agregar los oficios reservados en Secretaría;

      Escrito de fs. 107;

      Tiénense presentes las autorizaciones conferidas en los términos de los arts. 120 y 134 del Cód. Procesal.-

PAULA E FERNANDEZ
SECRETARIA INTERINA



PODER JUDICIAL DE LA NACION



CEDULA
DE NOTIFICACION

000015063664

TRIBUNAL: JUZGADO NACIONAL DE 1ª INSTANCIA EN LO CIVIL Nº 79

AVDA. DE LOS INMIGRANTES 1950, QUINTO PISO.

1 2 ABR 2006

FECHA DE RECEPCION EN NOTIFICACIONES

Sr.: DR. ROBERTO ALFREDO MUGUILLO (APODERADO DE BARILLARI
    ANTONIO S.A.)
Domicilio: PARANA 275, PISO 5º OFICINA 9
Tipo de Domicilio: Constituido
CARACTER: XXXXXXXXXXXXXXXXXX
OBSERVACIONES ESPECIALES: XXXXXXXXXXXXXXXXXX

| 68899/2005 | 111. | C | 79 | U | | S | N | N |

Orden   Expd. n. Zona   Fuero Juzgado  Secret.   Cop. Per. Obs

REZ: [       ]          NOTIF. NEGATIVA: [       ]

    Notifico a Ud. la resolución dictada en los autos:

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Abril   10   de 2006.-IDM
Por devueltos; hágase saber. Notifíquese conjuntamente
con lo resuelto por el Superior a fs. 105 a la parte
demandada, mediante cédula que será confeccionada por
Secretaría.-
SE ACOMPAÑA COPIA DE LA RESOLUCION DICTADA A FS. 105,
DEL SUPERIOR.-
FDO: ADOLFO CAMPOS FILLOL JUEZ SUBRROG.
Queda usted notificado.-
Buenos Aires, Abril  10  de 2006.-



PAULA E FERNANDEZ

SEÑOR JUEZ:

EN    1 8 ABR. 2006    SIENDO LAS /o 55 HORAS, ME CONSTITUI EN EL

[...] RESIDENCIA DEL INTERESADO Y NO RES

[...] QUE DIJO SER ENCARGADO DEL

[...] VIVE ALLI PROCEDI A NOTIFICARLE [...]

[...] DE [...] A LA PRESENTE *Con*

[...] DE ELLO *pue* FIRMO

Conste

*[signature]*

*Poder Judicial de la Nación*

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Mayo *dos* de 2006.-IDM-*fq*

       En atención a las constancias que surgen de autos y habiéndose dado cumplimiento con la rogatoria solicitada a fs. 87, remítanse las presentes actuaciones al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto (Asuntos Jurídicos), sirviendo la presente de atenta nota de envío.-

       ADOLFO CAMPOS FILLOL
       JUEZ SUBROGANTE

3564/05

En *02* de Mayo de 2006, remití las presentes actuaciones al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto (Asunto Jurídico), en 1 cuerpo y en 114 fojas. Conste.-

       NANCY B. MOROSI

*Poder Judicial de la Nación*

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Mayo 9

AL MINISTERIO DE RELACIONES EXTERIORES

COMERCIO INTERNACIONAL Y CULTO.-

S----------------/---------------D.-

                      Tengo el agrado de dirigirme a Ud. en los autos caratulados "SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO" (Expte. N° 68.899/2005), en trámite por ante el Juzgado Nacional de Primera Instancia en lo Civil N° 79, a mi cargo, Secretaría Unica, interinamente a cargo de la Dra. Paula E. Fernández, sito en la Avenida de los Inmigrantes 1950, 5° Piso, de la Capital Federal, a fin de solicitarle la devolución inmediata de los autos mencionados precedentemente, los que fueran remitidos a vuestro Ministerio, con fecha 3 de mayo del corriente año, en virtud de que el expediente fué solicitado por la Excma. Cámara Nacional de Apelaciones en lo Civil, Sala "F", por la interposición de un recurso extraordinario ante dicha sala el día 2 de mayo de 2006.-

                SALUDO A UD. ATENTAMENTE.

1 0 MAYO 2006

ADOLFO CAMPOS FILLOL
JUEZ SUBROGANTE

"2006 - Año de homenaje al Dr. Ramón CARRILLO"



*Ministerio de Relaciones Exteriores,*
*Comercio Internacional y Culto*

Nota n° 6854
Letra, ZCRJA, DIAJU

Sírvase Citar Carpe. Diaju N° 3564/05

Buenos Aires, 19 MAY 2006

Al Sr. Juez a cargo del Juzgado Nacional
De Primera Instancia en lo Civil N° 79
Dr. Adolfo Campos Filiol
<u>Capital Federal</u>

Tengo el agrado de dirigirme a Ud.,en relación a los autos caratulados **"SLADE GORTON & CO. INC. C/BARILLARI ANTONIO S/EXHORTO", EXPTE. N° 68.899/2005,** con el objeto de acusar recibo del oficio de fecha 9/05/06 y proceder a remitir en devolución a ese juzgado, el mencionado exhorto librado en autos a los efectos de su remisión a la Cámara Nacional de Apelaciones en lo Civil, Sala "F", en virtud de la petición efectuada mediante mencionado oficio.

Saludo a Ud., muy atentamente.

Adj. Fs. 114
yau

RECIBIDO EN SECRETARIA EL 2 6 MAY 2006 CONSTA

NANCY B. MOROSI
PROSECRETARIA

*Poder Judicial de la Nación*

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Mayo 26 de 2006.-IDM

       Por recibido, tiénese presente y hágase
saber.-

NANCY B. MOROSI
PROSECRETARIA

U S O   O F I C I A L

*Poder Judicial de la Nación*

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

                              Buenos Aires, Mayo           de 2006.-

AL MINISTERIO DE RELACIONES EXTERIORES

COMERCIO INTERNACIONAL Y CULTO.-

S---------------/---------------D.-

                                    Tengo   el   agrado   de
dirigirme a  Ud. en los autos caratulados "SLADE GORTON
& CO.  INC. c/  BARILLARI ANTONIO s/EXHORTO" (Expte. N°
68.899/2005), en  trámite por  ante el Juzgado Nacional
de Primera  Instancia en  lo Civil  N° 79,  a mi cargo,
Secretaría Unica,  interinamente a  cargo  de  la  Dra.
Paula E.  Fernández,  sito   en  la  Avenida  de  los
Inmigrantes 1950,  5° Piso,  de la  Capital Federal,  a
fin de solicitarle la devolución inmediata de los autos
mencionados precedentemente, los que fueran remitidos a
vuestro Ministerio, con fecha  3 de mayo del corriente
año, en  virtud de que el expediente fué solicitado por
la Excma. Cámara Nacional  de Apelaciones en lo Civil,
Sala "F",  por  la   interposición  de  un  recurso
extraordinario ante  dicha sala  el día  2 de mayo de
2006.-

                    SALUDO A UD. ATENTAMENTE.

1 0 MAYO 2006

PAULA E FERNÁNDEZ
SECRETARIA INTERINA

U S O   O F I C I A L

*Poder Judicial de la Nación*

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Mayo       de 2006.-

A LA EXCMA. CAMARA NACIONAL DE
APELACIONES EN LO CIVIL, SALA "F"
S----------------/---------------D.-

Tengo el honor de
dirigirme a V.E. en los autos caratulados "SLADE GORTON
& CO. INC. c/ BARILLARI ANTONIO s/EXHORTO" (Expte. N°
68.899/2005), en trámite por ante el Juzgado Nacional
de Primera Instancia en lo Civil N° 79, a mi cargo,
Secretaría Unica, interinamente a cargo de la Dra.
Paula E. Fernández, sito en la Avenida de los
Inmigrantes 1950, 5° Piso, de la Capital Federal, en
respuesta al escrito interpuesto en dicha Sala, con
fecha 2 de mayo de 2006 (recurso extraordinario), a
fin de hacerle saber que los autos mencionados
precedentemente fueron devueltos al Ministerio de
Relaciones Exteriores, Comercio Internacional y Culto
con fecha 3 de mayo del corriente año, conforme surge
del libro de remisiones de este Juzgado y que se ha
dispuesto su devolución en forma inmediata a este
Tribunal, por el cual se ha librado un oficio el que
es confeccionado por Secretaría.-

Dios Guarde a V.E.

PAULA E. FERNANDEZ
SECRETARIA INTERINA

1 0 MAY. 2006

CEDULA
DE NOTIFICACION

TRIBUNAL: JUZGADO NACIONAL DE 1ª INSTANCIA EN LO CIVIL N° 79·

AVDA. DE LOS INMIGRANTES 1950, QUINTO PISO.


FECHA DE RECEPCION EN NOTIFICACIONES


Sr.: DR. ROBERTO ALFREDO MUGUILLO (APODERADO DE BARILLARI
     ANTONIO S.A.)
Domicilio: PARANA 275, PISO 5° OFICINA 9
Tipo de Domicilio: Constituido
CARACTER: XXXXXXXXXXXXXXXXX
OBSERVACIONES ESPECIALES: XXXXXXXXXXXXXXXXX

| 68899/2005 | C | 79 | U | S | N | N |

Orden   Expd. n. Zona   Fuero   Juzgado   Secret.   Cop. Per. Obs

REZ: [                ]        NOTIF. NEGATIVA: [                ]

     Notifico a Ud. la resolución dictada en los autos:

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Abril /0    de 2006.-IDM
Por devueltos; hágase saber. Notifíquese conjuntamente
con lo  resuelto por  el Superior  a fs. 105 a la parte
demandada, mediante  cédula que  será confeccionada por
Secretaría.-
SE ACOMPAÑA  COPIA DE  LA RESOLUCION DICTADA A FS. 105,
DEL SUPERIOR.-
FDO: ADOLFO CAMPOS FILLOL JUEZ SUBRROG.
Queda usted notificado.-
Buenos Aires, Abril /0    de 2006.-


PAULA E FERNANDEZ
SECRETARIA INTERINA


18 ABR 2006

1 055

R.439.516 – Sala "F"- Expte.: "Slade Gorton & Co. Inc. c/ Barillari, Antonio s/ exhorto" (n° 68.899/2005) (J. 79)

Buenos Aires, *Ver* — de abril de 2006

**Y VISTOS; Y CONSIDERANDO:**

I. Vienen estas actuaciones al Tribunal en virtud del recurso de apelación interpuesto en subsidio por Antonio Barillari S.A. a fs. 98/99, contra la decisión de la señora Juez "a quo" de fs. 97, mantenida a fs. 100. Los fundamentos del recurso obran en la citada presentación de fs. 98/99.

II. A criterio del Tribunal la decisión apelada debe ser confirmada, dado que a más de lo allí señalado en cuanto a lo dispuesto por el artículo 3° del Convenio relativo a las comunicaciones y notificaciones en el extranjero de documentos judiciales y extrajudiciales en materia civil o comercial, aprobado por la ley 25.097 (cuya finalidad primordial –tal como allí se indica- es la asistencia judicial mutua, simplificando y acelerando el procedimiento), según el cual la petición debe efectuarse conforme al formulario modelo anexo al Convenio, *sin que sea necesaria la legalización de los documentos ni otra formalidad análoga*, cabe añadir que el cumplimiento de una petición de comunicación o notificación conforme a las disposiciones del referido Convenio, *no puede ser denegado* (tal lo que en definitiva propicia el quejoso) *sino cuando el Estado requerido juzgue que este cumplimiento es de tal naturaleza que implica un atentado a su soberanía o a su seguridad* (artículo 13).

En ese sentido, la circunstancia de que las documentación anejada a la rogatoria se encuentre traducida, pero que no lo haya sido por un traductor público matriculado, no constituye una situación que habilite a denegar el diligenciamiento de la notificación solicitada.

En su mérito, **SE RESUELVE:** Confirmar el pronunciamiento apelado de fs. 97.

Regístrese y devuélvase.

17
EDUARDO A. ZANNONI

18
FERNANDO POSSE SAGUIER

16
JOSÉ LUIS GALMARINI

0 7 ABR 2006

CIBIDO EN SECRE                    CONSE

PAULA E. FERNANDEZ
SECRETARIA

NANCY B. MORESI
PROSECRETARIA



## PLANTEA RECURSO EXTRAORDINARIO
## LEY 48 Y ARBITRARIEDAD EN LA APLICACIÓN DE LA
## CONVENCION DE LA HAYA DE 1965
## SE CONCEDAN RECURSOS PLANTEADOS

Exma. Cámara de Apelaciones en lo Civil:

ROBERTO ALFREDO MUGUILLO, letrado por la representacion de Antonio Barillari S.A., en los autos **"SLADE GORTON & CO. INC. c/ANTONIO BARILLARI S.A. S/ EXHORTO",** con domicilio ya constituido en la calle Parana 275 piso 5 Of. 9 de Capital Federal, donde también lo constituye mi letrada patrocinante Dra. Maria Teresa Muguillo, a S.E. respetuosamente digo:

### 1.- INTRODUCCION AL CASO FEDERAL

Vengo en tiempo y forma a plantear contra la resolucion de fecha 6 de abril ppdo que resuelve confirmar el pronunciamiento del tribunal de grado, formal RECURSO EXTRAORDINARIO FEDERAL DE LA LEY 48 Y POR ARBITRARIDAD, solicitando que oportunamente la Exma. Corte Suprema de Justicia revea la decisión recurrida, haciendo lugar a la peticion de nulidad de la notificacion efectuada o bien la suspension de la notificacion cuestionada hasta el cumplimiento del agregado de documentos traducidos por traductor publico fijandose un plazo de cinco o diez dias para ello, bajo apercibimiento de devolver la diligencia a su origen, con costas.

### *Los hechos que dieron origen al presente.([1])*

La presente causa tiene su origen en una presentación del Ministerio de Relaciones Exteriores de la Nacion Argentina, tendiente – a pedido de parte

---

[1] .- Conf. C.S.J.N. en Fallos to. 294, pag. 33 "Transportes Ideal San Justo" se procede a efectuar una sintesis de los hechos de la causa y las cuestiones litigiosas objeto del recurso.

interesada - a diligenciar la notificacion de una demanda originada en los Estados Unidos de Norteamerica.

Adjuntada la documentación pertinente al presente exhorto se produce el libramiento de la cedula de notificación respectiva.

En tiempo y forma esta parte se presenta y CUESTIONA LA NOTIFICACION DE LA DEMANDA, en razon de que la misma no cumple con los recaudos de la Convencion de La Haya del 15 de noviembre de 1965 y con las disposiciones reglamentarias del Art. 123 del CPCCN, entre otras.

Se solicito (a) la nulidad de la notificacion *o en su defecto*

(b) suspender los efectos de la notificacion – plazo de traslado - hasta tanto se diera cumplimiento al agregado de los documentos traducidos por traductor publico matriculado en la jurisdicción, puesto que se denunciaba que la traduccion era a primera vista tendenciosa o al menos erronea y complicaba el entendimiento de la demanda y de sus documentos. Se requeria en este caso la fijacion de un plazo para tal cumplimiento – cinco o diez dias – y en su defecto se reintegrara la documentacion a su origen hasta que se diera cumplimiento a ello.

El tribunal de grado rechazó la petición.

Apelado el resolutorio por entender que afectaba el principio de defensa en juicio y del debido proceso, cupo a la Sala F de la Exma. Cámara de Apelaciones en lo Civil decidir.

## 2.- LA RESOLUCION QUE SE RECURRE. DETALLE DE LOS AGRAVIOS Y OMISIONES DEL RESOLUTORIO QUE DAN BASE AL RECURSO.

La resolución que se recurre, dictada por la Sala F de la Exma. Camara de Apelaciones en lo Civil con fecha 6 de abril, confirmó el pronunciamiento del tribunal de primera instancia y se sostiene en los siguientes argumentos que agravian a mi parte:

a.- Que el Convenio relativo a las Comunicaciones y Notificaciones en el Extranjero de Documentos Judiciales aprobado por Ley 25097 cuya finalidad primordial es la asistencia judicial mutua, por *no requerir legalización de documentos ni otra formalidad*, "no puede ser denegado" (*sic*) sino solo cuando el Estado requerido juzgue que este cumplimiento es de tal naturaleza que implica un atentado a su soberania o a su seguridad (Art. 13).

b.- La circunstancia de que la documentacion agregada a la rogatoria (exhorto) se encuentre traducida pero que no lo haya sido por traductor publico matriculado, no constituye una situacion que habilite a "denegar" (*sic*) el diligenciamiento de la notificacion solicitada.

Asi entonces, estos dos argumentos más un tercero (defecto de omisión) cual es el de decidir la resolucion sobre un punto no propuesto a debate y el no decidir la efectiva peticion planteada en la apelación deducida –(como lo es la *nulidad de la notificacion* o en su defecto la *suspension del termino de traslado* hasta el cumplimiento de la debida traducción)-, hacen la base de agravios en razon de los cuales se plantea el presente RECURSO EXTRAORDINARIO Y DE ARBITRARIEDAD.

A los efectos del cumplimiento de los recaudos pertinentes del recurso extraordinario y de su plazo, se adjunta a la presente

¨* copia de la resolución y de la

¨* cédula que notifica el mismo, acreditandose con ello que la presente lo es deducida en término oportuno.

Se procede asimismo a efectuar una prolija y sintética crítica de los fundamentos de la resolución recurrida que genera el agravio de mi parte ([2]).

---

[2] .- Conf. C.S.J.N. en LL 1978-C, pag. 501 y Fallos to. 295 pag. 99.

### 3.- DESARROLLO DE LOS AGRAVIOS QUE GENERA EL RESOLUTORIO RECURRIDO

#### * *Introducción*

Comencemos por expresar que las Convenciónes de Viena sobre Derecho de los Tratados (Aprobadas una por Ley 19.865 y otra por Ley 23.782) imponen que todo tratado como regla de interpretación debe hacerse de BUENA FE conforme al sentido que debe darse al tratado, teniendo en cuenta el principio de RECIPROCIDAD, su objeto y su fin y solo darse a un término un sentido especial si consta que tal fue la intención de las partes (Art. 31 entre otros) ([3]).

Estas pautas, surgen además concordantes y claramente de las disposiciones del Art. 75 inciso 24 de la Constitucion Nacional, por las cuales son condición de aprobación del tratado (sea los citados de Viena o el que es objeto de este proceso, el Convenio de La Haya de 1965), que se *OBSERVEN CONDICIONES DE IGUALDAD Y RECIPROCIDAD*. (Y hace ineludiblemente a esa reciprocidad que *si una diligencia judicial emitida en argentina que debe diligenciarse en el exterior, debe acompañarse la misma con traducción oficial por traductor publico de conformidad a la Ley 20.305, deba aplicarse igual tratamiento a la que plantea una comunicación del exterior en el país*)

En tal sentido el tratado o Convenio de La Haya aprobado por Ley 25.097 no pasa de tener un sentido similar al indicado, como al de la Ley 22.172 en punto a la asistencia judicial mutua, pero *en modo alguno debe implicar PRIVAR AL JUSTICIABLE DE SUS MINIMOS DERECHOS A UN ACTO PROCESAL CORRECTO de conformidad a la pauta del Art. 123 CPCCN y la Ley 20.305.- (en especial por la particular reserva que a esta Convención efectuo Argentina).*

---

[3] .- El sentido "especial" de *denegar la notificación*, sobre la que la Exma. Cámara sostiene su resolución, no solo no surge de termino alguno de la Convención de La Haya, sino que ni siquiera suge de la peticion de esta parte, por lo que no conformaba "litis" a decidir.

Pero para a más abundar, debo expresar que mi parte no requirió la denegación del acto notificatorio como expresa en su resolutorio la Exma. Cámara de Apelaciones y por ende las consideraciones en tal sentido respecto de " ...la denegación solo es posible cuando el cumplimiento sea de tal naturaleza que implique un atentado a su soberanía o a su seguridad (Art. 13 citado)..", NADA HACEN A LA CUESTION LITIGIOSA PLANTEADA ni aportan argumento alguno para el rechazo del recurso, ni para la confirmación del pronunciado de fs. 97 apelado por mi parte.

En efecto: mi parte solo peticionó ser NOTIFICADA DE CONFORMIDAD A CLARAS NORMAS VIGENTES QUE IMPIDEN UNA AGRESION AL DERECHO DE DEFENSA DE MI PARTE, ya que el trámite en cuestión – tal como se iniciara y continuara - estaba violando normas constitucionales superiores a las pautas invocadas de la Convención de La Haya., pero tambien violando este mismo Convenio. En particular se solicito se declarara la nulidad de la notificación o bien la suspension del plazo de traslado hasta cumplir con el recaudo de la debida traduccion de escritos y documentos.

La decisión de la Exma. Cámara de Apelaciones de otra cuestion ajena al planteo efectuado ( hablar y decidir sobre un supuesto pedido de denegatoria de la notificacion ) importa fallar sobre TEMAS NO PROPUESTOS Y OMITIR PRONUNCIARSE SOBRE ASPECTOS REALMENTE PLANTEADOS.

*El Convenio Relativo a la Comunicación y Notificacion en el Extranjeto de Documentos Judiciales y Extrajudiciales de La Haya (15-11-1965) aprobado por Ley 25.097.*

El referido e invocado Convenio sobre Comunicaciones Judiciales, dispone en su Artículo 5 que la autoridad del Estado requerido (Argentina en el

presente) procederá u <u>ordenará proceder a la comunicación o a la notificacion, (a)</u> <u>según las formas prescriptas pór la legislacion del Estado requerido</u> para tal comunicación o notificación. (*Indudable remisión al Art. 123 CPCCN y ley 20.305 que no aplica la Exma. Cámara en la resolucion recurrida* ).

Esa misma norma *'in fine'*, establece que si el documento debe ser comunicado o notificado PODRA SOLICITARSE QUE EL DOCUMENTO SEA REDACTADO O TRADUCIDO EN EL IDIOMA OFICIAL DEL PAIS (*reserva por otro lado efectuada por Argentina a la Convención y que nos lleva necesariamente al resguardo procesal que impone el Art. 123 del CPCCN, pues no se entiende otra razon para tal reserva*).

Además en el <u>Artículo 10,</u> el Convenio establece la facultad de proceder a las comunicaciones o notificaciones a traves de funcionarios judiciales competentes del Estado requerido (Argentina) y <u>si el funcionaro *es judicial*, este</u> <u>funcionario en el ejercicio de su tarea, NO PUEDE OBVIAR EL</u> <u>CUMPLIMIENTO DE QUE LA TRADUCCION SEA OFICIAL</u> EN LOS TERMINOS DEL ART. 123 CPCCN y de la citada Ley 20.305.

Finalmente y mas importante aún en el <u>Artículo 15</u> la Convección requiere que se establezca que EL DOCUMENTO HAYA SIDO COMUNICADO O NOTIFICADO <u>SEGÚN LAS FORMAS PRESCRIPTAS</u> EN LA LEGISLACION <u>DEL ESTADO REQUERIDO</u> para la comunicación y notificacion de documentos otorgados en ese país (Argentina).

Esto sella − a nuestro criterio - la suerte de la validez de la resolución cuestionada, porque − *mas allá de la asistencia judicial mutua del Art. 3 de la Convención invocada por el tribunal* - , se <u>impone en el caso que DEBIO</u> <u>haberse efectuado la traducción de escritos y documentos en los términos en</u> <u>que la legislación local preve y no con una simple traducción que NO</u>

**TRADUCE LA REALIDAD DE LOS TERMINOS UTILIZADOS,** tal como se denunciara desde la primer presentacion en autos.

### * El Art. 123 del CPCCN y la Ley 20.305

La disposición del Art. 123 del CPCCN impone que cuando se presenten documentos en idoma extranjero deberá acompañarse una traducción efectuada por traductor público matriculado, *pues NI EL JUEZ NI LA PARTE DEMANDADA TIENEN EL DEBER DE CONOCER OTRO IDIOMA QUE NO SEA EL NACIONAL y esta disposición no es sino un complemento directo del Art. 115 del CPCCN* que impone que toda actuacion en idioma nacional, indica que para toda declaracion o documento extranjero que se invoque el juez deberá designar un traductor público.

**Estas dos disposiciones se aunan en y con los términos de la Ley 20.305 – olvidada del resolutorio recurrido – por la cual (Art. 6°.) todo documento que se presente en idioma extranjero ante reparticiones judiciales debe ser acompañado de la respectiva traducción al idioma nacional, suscripta por traductor público matriculado** en la jurisdicción donde se presente el documento, pauta que se encardina con la RESERVA ARGENTINA a la Convención de La Haya en tal sentido.

El presentante del documento a notificar – *Ministerio de Relaciones Exteriores* – no podia ignorar que la traducción al IDIOMA OFICIAL surge impuesta por aplicación de la Ley 20.305 y que si llevaba a cabo una diligencia judicial debía ajustarse a las pautas del concordante Art. 123 del CPCCN, circunstancia que implicaba plasmar en la realidad *la reserva argentina a la Convenio de La Haya, en punto al requerimiento de la traduccion de los documentos a notificar, TRADUCCION QUE NO PUEDE SER CUALQUIERA, SINO AQUELLA DERIVADA DE LAS PAUTAS QUE FIJAN TANTO LA LEY 20.305 como el ART. 123 DEL CPCCN.*

El Ministerio de Relaciones Exteriores, no podia aceptar y en su caso no podia ignorar que DEBIA CUMPLIR CON LA LEY VIGENTE (Ley 20.305 y Art. 123 CPCCN) al presentar o aceptar presentar judicialmente el instrumento en cuestión.

Por aplicación del principio general del Art. 34 CPCCN ([4]) el tribunal – **tal como peticionara mi parte** - *DEBIO RESOLVER LA NULIDAD PLANTEADA o bien ORDENAR QUE SE SUBSANARA LA OMISION EN UN PLAZO PRUDENCIAL BAJO APERCIBIMIENTO DE DECLARAR LA IRREGULARIDAD DE LA NOTIFICACION y DEVOLVER EL DOCUMENTO A SU ORIGINANTE, PARA EL CUMPLIMIENTO DE LAS ADECUADAS FORMAS NOTIFICATORIAS.*

Al respecto tambien **pudo caber la aplicación de la pauta del Art. 120 CPCCN,** puesto que si el documento se incorpora SIN LA DEBIDA TRADUCCION, PODRIA SER DE APLICACIÓN LA SANCION DE DICHA NORMA, DEVOLVIENDOSE LA MISMA AL INTERESADO SI DENTRO DE LAS 24 HORAS NO SUBSANABA LA OMISION ([5]).

En base a todas estas pautas, fue que se solicito (y luego se recurrio) por nulidad de la notificacion o la suspension de los términos de traslado fijandose un plazo de subsanación, pero en modo alguno se planteo la denegacion de la notificacion como indican los considerandos del resolutorio recurrido, lo que deberá tener en cuenta la Exma. Corte Suprema de Justicia al decidir el presente recurso extraordinario que se plantea.

---

[4] .- Conf. Morello-Sosa-Berizonce, "Código Procesal Civil y Comercial Comentado" to. II-B, Pag. 591 y jurisprudencia allí citada.
[5] .- Conf. Gozaini,O. "Código Procesal Comentado", Ed.Lexis Nexis, pag. 278 No 2

## 4.- VIABILIDAD DEL RECURSO EXTRAORDINARIO DE LA LEY 48 Y POR ARBITRARIEDAD

El presente recurso extraordinario que se deduce adquiere plena viabilidad en razon de estar en tela de juicio un derecho constitucional como lo es el derecho de defensa en juicio y el del debido proceso. Los recaudos de viabilidad requeridos por la Ley 48 (Arts. 14 y 15) se dan en el presente en virtud de:

a.- Tiene lugar en un proceso judicial que – aunque iniciado en otro Estado – se notifica en en Argentina a traves de un trámite judicial.

b.- La notificacion de tal proceso fue cuestionada oportunamente y la resolución causa gravamen a mi parte impidiendole continuar el debate de la cuestion en otra instancia que no sea la presente.

c.- El agravio federal es de importancia, pues la resolucion que causa gravamen afecta la legitima defensa en juicio y el debido proceso.([6])

d.- Existe debate de una cuestion federal pues se trata de la interpretacion de un tratado internacional (Convencion de La Haya 1965) ([7]).

e.- La interpretacion del tratado que se efectúa por la Exma. Cámara de Apelaciones en la resolucion recurrida, ha sido contra los términos de otro tratado (Convencion de Viena sobre Derecho de los Tratados) y contra los derechos reconocidos en la Constitucion Nacional (defensa en juicio y debido proceso).

---

[6] - Conf. C.S.J.N. en Fallos to. 293, pag. 439, to. 248, pag. 698, si bien la resolucion recurrida no es sentencia, lo cierto es que la decisión apelada impide el ulterior debate de la cuestion planteada e impiden a mi parte otra tutela de sus derechos. **Es equiparable a la sentencia definitiva esta resolución pues causa un gravamen de tal naturaleza que conculca el derecho de defensa y el debido proceso, frustrando derechos constitucionales que son de imposible reparación ulterior**. Conf. también Fallos to. 257, pag. 187 en caso "Perez Aurora" en ED to. 24 fallo 12331.

[7] - Conf. C.S.J.N. en L.L. 1978-D, pag. 116. En cumplimiento de esta doctrina se deja constancia como en el principal que la cuestion federal, el debate sobre los terminos de aplicación de la Convención de La Haya y del CPCCN en consonancia con sus términos, fueron planteados desde el primer escrito de cuestionamiento a la notificacion producida en autos.

f.- El pronunciamiento impugnado por este recurso no es sentencia definitiva pero es equiparable pues impide el cuestionamiento ulterior del acto cuestionado o sea de una notificacion efectuada en violación a la propia Convención que es invocada y erróneamente interpretada ([8]).

g.- Proviene del superior tribunal de la causa, en este caso la Sala F de la Exma. Cámara de Apelaciones en lo Civil.

Asimismo se dan en el presente los supuestos de la via extraordinaria por arbitrariedad ya que:

g.- La resolucion recurrida – como se ha adelantado ya – no constituye una derivación razonada del derecho o normativa vigente – en el caso un Tratado Internacional –

h.- Y tampoco es una resolución que responda o decida sobre las circunstancias de la causa y al planteo efectuado, pues se decide sobre un tema no propuesto y no se decide sobre aquello propuesto en la apelación, ocasionandose una gravedad institucional que abre la via extraordinaria de la arbitrariedad.

## 5.- CONCLUSION CON PUNTUALIZACION DE LA CRITICA RAZONADA Y PUNTUAL DEL RESOLUTORIO RECURRIDO

A fin de ser breve, aún en lo grave e importante de este planteo extraordinario, pasare a concretar como conclusiónes una síntesis de la crítica razonada y puntual al resolutorio cuestionado en dos puntos principales.

---

[8] .- Conf. doctrina de la C.S.J.N. en Fallos To. 292, pag. 491 y autos "Malfa J.S." del 31-7-81. Tambien en Fallos to. 262 pag. 699 citado por Morello-Sosa-Berizonce, en "Código .." to. I, pag. 272 y demas jurisprudencia en el sentido de que si bien no es una sentencia definitiva el resolutorio recurrido conlleva interes institucional y agravio federal suficiente, como en el presente caso.

**** a.- Resolución con Apartamiento de la Cuestion Planteada – La Arbitrariedad Incurrida.

        Tal como se expresara en el punto 3 del presente, el resolutorio de la Sala F de la Exma. Cámara de Apelaciones en lo Civil resolvió (sin ajustarse a la litis) un supuesto de *"denegatoria" al diligenciamiento de la comunicación* efectuada a traves del Convenio de La Haya de 1965, en razon de la falta de traducción por traductor publico matriculado de los escritos y documentación adjuntados.

        Tal como surge del primer escrito presentado y el recurso deducido a fs. 98/99 de autos mi parte solicitó y luego recurrió para se decretara la "nulidad" de la notificación o en su caso se "suspendiera el traslado conferido" por violacion a pautas de traducción que surgían de la normativa procesal (Art. 123 CPCCN) que se encadenan con la Ley 20.305 y que conforman una derivacion razonada de las pautas de la propia Convención de La Haya en los Arts. 5, 10 y 15 que se mencionan en la presente.

        No se requirió – como resuelve la Cámara – la DENEGATORIA DEL DILIGENCIAMIENTO, sino por el contrario que ESTE SE CONCRETARA DE CONFORMIDAD A LAS NORMAS VIGENTES (Arts. 123 CPCN y Ley 20.305), las que se encuentran en concordancia con las normas de la Convención de La Haya de 1965 (Arts. 5, 10 y 15 citados) y con la propia Constitucion Nacional.

        Consecuentemente la resolucion de la Exma. Cámara decide sobre una peticion nunca efectuada – denegacion al diligenciamiento de la comunicación - y omite pronunciarse sobre los dos aspectos planteados: nulidad o suspension de la notificacion efectuada por la comunicación, en razon de que el Ministerio de Relaciones Exteriores, debio haber dado cumplimiento a las normas

citadas de la Ley 20.305, del CPCCN y de la Convencion de La Haya de 1965. Lo expuesto adquiere gravedad institucional de suficiente como para hacer procedente este recurso tal como resaltara reiteradamente la jurisprudencia de la C.S.J.N. (⁹).

Tal lo expuesto y que surge del recurso deducido, corresponderá dejar sin efecto la resolucion recurrida por arbitrariedad y la Exma. Corte Suprema de Justicia, decidir la procedencia del planteo de mi parte, efectuado de conformidad a los terminos y *ratio legis* de la Convencion de La Haya de 1965.

**\*\*\*\* b.- Recurso Federal de la Ley 48 por Interpretar un Tratado (Convención) contra los términos del mismo, de la Reserva Argentina, de otro Tratado y de la propia Constitucion Nacional.**

Si bien la resolución recurrida no es una sentencia definitiva, la decisión de la Exma. Cámara de Apelaciones impide a mi parte replantear la cuestion del defecto de la notificación en otra instancia que no sea esta extraordinaria. Ello permite así que la C.S.J.N. quede habilitada para entender en la presente

Pero por otro lado se trata de la aplicación errónea de una Convención internacional CONTRA SU LETRA Y CONTRA LAS PAUTAS DE LA PROPIA CONSTITUCION NACIONAL.

La Convención de La Haya de 1965 en su Artículo 15 requiere que se establezca que el documento cuya comunicación se efectua por vía de esa Convención lo sea SEGÚN LAS FORMAS PRESCRIPTAS EN LA

---

⁹ .- Conf. C.S.J.N. en Fallos to. 297 pag. 100, to. 298, pag. 373, to. 299, pag. 226 entre otros. Cuando se trata de omision en considerar las cuestiones oportunamente planteadas y conducentes para la decision adecuada del litigio, consideración que se halla incluida en la garantía del Art. 18 de la Constitucion Nacional (También en Fallos to. 265, pag. 204).

**LEGISLACION DEL ESTADO REQUERIDO** para la comunicación y notificacion de documentos otorgados en ese país (Argentina).

Consecuentemente, al ser Argentina el "Estado Requerido", rigen en el caso las disposiciones de los Arts. 123 del CPCC y del Art. 6 de la Ley 20.305, lo que implicaba que el Ministerio de Relaciones Exteriores, DEBIÓ haber llevado a cabo la presentación con el agregado (o ratificación) de la traducción al castellano, por traductor publico matriculado en la jurisdicción o de personal habilitado de su propio plantel profesional.

Si tales son los términos de la Convención, si la propia Constitucion Nacional (Art. 75 inc. 24) dispone el principio de reciprocidad en la aprobacion e interpretacion de los tratados y si una notificacion judicial que salga de tribunales argentino a tribunales de los Estados Unidos de Norteamerica, DEBE contar con una traduccion oficial efectuad por traductor publico matriculado, NO CABE SINO APLICAR DICHA PAUTA EN ESTE CASO ([10]).

Tal como expresaramos precedentemente, esto debe importar sellar la suerte adversa de la resolucion cuestionada, porque <u>impone que en el caso</u> <u>DEBIÓ haberse efectuado la traducción en los términos en que la legislación</u> <u>local preve y no con una traducción que conforme se denunciara NO</u> <u>TRADUCE LA REALIDAD DE LOS TERMINOS UTILIZADOS.</u>

Cualquier otra interpretacion de la causa o de la Convencion de La Haya de 1965 viola no solo las Convenciones de Viena sobre derechos de los Tratados de las que la Republica Argentina es parte , sino las pautas y la razon por

---

[10].- Conf. C.S.J.N. en ED to. 75 pag. 599, Fallos to. 294 pag. 376, y en s to. 295 pag. 335, podemos advertir que en el presente caso, ha quedado en cuestion el Art. 18 de la Constitucion Nacional, lo que abre la posibilidad del recurso extraordinario (violacion de la defensa en juicio y el debido proceso), pero además la interpretacion y aplicación de una Convención Internacional como la de La Haya de 1965, en consonancia con el derecho interno al que hace expresa referencia en su Art. 15 (lo que lleva a la aplicaci{on del Art. 123 CPCCN y Ley 20.305 denegada por la Cámara de Apelaciones) justifica la CUESTION FEDERAL Y RELACION DIRECTA CON LA CUESTION PLANTEADA EN AUTOS.

la cual la propia Republica Argentina aprobo por ley 25.097 esa Convención, sino tambien las pautas de su reserva a la misma y las pautas de la propia Constitucion Nacional.

### 6.- DERECHO

Fundo el derecho de mi parte en las disposiciones y fallos indicados en el presente y sus notas que resaltan la viabilidad del Recurso Extraordinario Federal de la Ley 48 y el Recurso Extraordinario de Arbitrariedad, pero además en las normas, doctrina y jurisprudencia que el tribunal podrá indicar con mejor criterio que el suscripto.

### 7.- PETITORIO

Por todo lo expuesto hasta el presente, mi parte viene a solicitar:

1.- Se tenga por deducido en tiempo y forma este RECURSO EXTRAORDINARIO FEDERAL DE LA LEY 48 Y EL RECURSO POR ARBITRARIEDAD.

2.- Se corra traslado del mismo a la solicitante de la comunicación cuestionada en autos, Ministerio de Relaciones Exteriores.

3.- Se concedan los recursos deducidos.

4.- Oportunamente la Corte Suprema de Justicia de la Nación, proceda a estimar este planteo, revocar el pronunciamiento recurrido y ordenar de conformidad a la Convención de La Haya de 1965 (ley 25.097), al Art. 123 CPCCN y Ley 20.305, *SE DECRETE LA NULIDAD DE LA NOTIFICACIÓN*

CPCCN y Ley 20.305, *SE DECRETE LA NULIDAD DE LA NOTIFICACIÓN O BIEN SE SUBSANE LA OMISIÓN INCURRIDA EN LA MISMA EN UN PLAZO PRUDENCIAL – 5 o 10 días - BAJO APERCIBIMIENTO DE DECLARAR LA NULIDAD DE LA NOTIFICACIÓN (violación al Art. 5 y 15 de la Convención de La Haya de 1965) y/o DEVOLVER EL DOCUMENTO AL ORIGINANTE* para el cumplimiento de las adecuadas formas notificatorias.

5.- CON COSTAS, que,

*ASI  SERA  JUSTICIA*

CAMARA APEL. CIVIL
SALA F
2 MAY 06   12 39
CON FIRMA DE LETRADO
UNA COPIAS CONSTE

*Poder Judicial de la Nación*

///nos Aires, mayo *cinco* de 2006.-

Requiérase a Primera Instancia la remisión de

los autos.-

EDUARDO A. ZANNONI

U S O   O F I C I A L

RECIBIDO EN SECRETARIA EL ....... 0 8 MAY 2006 ....... CONSTE

NANCY B. MOROSI
PROSECRETARIA

*Poder Judicial de la Nación*

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Mayo 9    de 2006.-IDM

        Por recibido.-

        En atención a lo que surge del libro de
remisiones de este Juzgado, se desprende que con fecha
3 de mayo del corriente año, los autos solicitados:
"Slade Gorton & Co. Inc. C/ Barillari Antonio S/
Exhorto" (Exp. N° 68.899/2005), fueron remitidos en
devolución al Ministerio de Relaciones Exteriores,
Comercio Internacional y Culto.-

        En consecuencia, líbrense sendos oficios,
los que serán confeccionados por Secretaría, al
Ministerio de Relaciones Exteriores, Comercio
Internacional y Culto a fin de que proceda a la
devolución de los autos mencionados y en virtud del
recurso extraordinario interpuesto en la Sala "F" de la
Excma. Cámara Nacional de Apelaciones en lo Civil, con
fecha 2 de mayo del corriente año, a la Excma. Cámara
Nacional de Apelaciones en lo Civil, Sala "F", a fin de
informarle que fue requerido al Ministerio de
Relaciones Exteriores, Comercio Internacional y Culto,
la devolución inmediata de los autos requeridos por el
Superior.-

                    ADOLFO CAMPOS FILLOL
                    JUEZ SUBROGANTE

En la misma fecha se libraron dos oficios por
Secretaria, conforme lo ordenado precedentemente.
Conste.-

*Poder Judicial de la Nación*

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Mayo *26* de 2006.-IDM

        Habiendo sido devuelta las presentes actuaciones del Ministerio de Relaciones Exteriores, Comercio Internacional y Culto, elévense las presentes actuaciones a la Excma. Cámara Nacional de Apelaciones en lo Civil, Sala "F", en virtud del recurso Extraordinario, que se agrega en este acto a fs. 122/129, el que fuera recibido por ante este Juzgado el día 8 de mayo del corriente año, sirviendo la presente de muy atenta nota de envío.-

PAULA E FERNANDEZ
SECRETARIA INTERINA

En *29* de mayo de 2006, elevé las presentes actuaciones a la Excma. Cámara Nacional de Apelaciones en lo Civil, Sala F, en 1 cuerpo y en 132 fojas. Conste.-

NANCY B. MOROSI
PROSECRETARIA

Recibido en Ujiería, hoy

**2 9 MAY. 2006**

siendo las _____ hs. conste.-

*Poder Judicial de la Nación*

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Mayo 9 de 2006.-

A LA EXCMA. CAMARA NACIONAL DE

APELACIONES EN LO CIVIL, SALA "F"

S---------------/---------------D.-

Tengo el honor de dirigirme a V.E. en los autos caratulados "SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO" (Expte. N° 68.899/2005), en trámite por ante el Juzgado Nacional de Primera Instancia en lo Civil N° 79, a mi cargo, Secretaría Unica, interinamente a cargo de la Dra. Paula E. Fernández, sito en la Avenida de los Inmigrantes 1950, 5° Piso, de la Capital Federal, en respuesta al escrito interpuesto en dicha Sala, con fecha 2 de mayo de 2006 (recurso extraordinario), a fin de hacerle saber que los autos mencionados precedentemente fueron devueltos al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto con fecha 3 de mayo del corriente año, conforme surge del libro de remisiones de este Juzgado y que se ha dispuesto su devolución en forma inmediata a este Tribunal, por el cual se ha librado un oficio el que fue confeccionado por Secretaría.-

Dios Guarde a V.E.

ADOLFO CAMPOS FILLOL
JUEZ SUBROGANTE

Recibido en Ujiería, hoy

1 0 MAY. 2006

siendo las _____ 9:20 _____ .horas

MARIO H. SCHILMAN
*COSECRETARIO ADMINISTRATIVO

*Poder Judicial de la Nación*

Buenos Aires, mayo                    11                              de 2006.-

Por recibido, téngase presente y hágase saber.-

SEBASTIAN F FONT
PROSECRETA O LETRADO
INTERINO

*Poder Judicial de la Nación*

///nos Aires, junio       9                de 2006.-

       I.- Por recibido.-

       II.- Glósense con anterioridad al presente las actuaciones que se encontraban reservadas en la carpeta correspondiente, pendientes de ser agregadas.-

       III.- Atento el estado de autos, pasen a despacho a fin de resolver sobre la admisibilidad del recurso extraordinario deducido a fs. 120/129.-

SEBASTIAN F. FONT
PROSECRETARIO LETRADO
INTERINO

Nota: En el día de la fecha se dio cumplimiento a lo ordenado precedentemente en el punto II (ver fs. 133/134).-

MARIO H. OHILMAN
PROSECRETARIO ADMINISTRATIVO

*Poder Judicial de la Nación*

R.439.516- Sala "F"- "Slade Gorton & CO INC c/ Barillari, Antonio s/ exhorto"- (J.79).-

Buenos Aires, septiembre  de 2006.-

### AUTOS Y VISTOS:

I.- En atención al estado de las actuaciones, corresponde entender en el recurso extraordinario interpuesto a fs.122/129.-

II.- La decisión impugnada de fs. 105/105vta. se encuentra debidamente fundada, tiene sustento en cuestiones de hecho y de derecho procesal y común, insusceptibles de revisión por la vía que se intenta (conf. CNCiv., esta Sala, R. 200.557 del 30/12/96 y sus citas) por lo que no concurren ninguno de los supuestos previstos por el art. 14 de la ley 48.-

El planteo efectuado no logra conmover el decisorio atacado; cuestiona dicho pronunciamiento mediante argumentos entre los cuales menciona la arbitrariedad que no resulta conducente para la concesión de recurso extraordinario, pues al margen de que esta causal no es -en principio- susceptible de ser examinada por la Sala (conf. CNCiv., esta Sala, R.433.949 del 18/04/06; R.434.501 del 24/04/06; R.443.933 del 5/05/06, entre muchos otros), el decisorio recurrido se sustenta en fundamentos fácticos y jurídicos que lo habilitan como acto jurisdiccional válido (conf. Fallos 303:617;818:890, entre otros).-

III.- En mérito a lo precedentemente expuesto, resulta innecesario entrar en la consideración de los restantes fundamentos en los que se intenta sostener la pertinencia de la vía extraordinaria.-

Por tanto, *SE RESUELVE:* Rechazar el recurso extraordinario interpuesto a fs.122/129.-

Notifíquese y oportunamente devuélvase.-

EDUARDO A. ZANNONI

FERNANDO POSSE SAGUIER

JOSÉ LUIS GALMARINI

Fs.122

PODER JUDICIAL DE LA NACION

CAMARA NACIONAL DE APELACIONES EN LO CIVIL
                LAVALLE 1220        9° PisoCAPITAL FEDERAL

JC
==============

DE RECEPCION EN NOTIFICACIONES        12 de septiembre de 2006

ROBERTO ALFREDO MUCHUTLLO

Insania Art.626-Amparo -Habeas Corpus-Arts.632/633/634-Art.339/141-C.P.C.C.-Art.129 C.P.P.)

| 7 | 68899/05 | 0111 | C | SALA F | SI | NO | NO |
|---|----------|------|---|--------|-----|------|--------|
| ORDEN | EXP N° | ZONA | FUERO | JUZGADO SECRET | COPIAS NOTIF.NEGATIVA | PERSONAL | OBSERVA |

        Hago saber a Ud. que en el Exp. caratulado

                SLADE GORTON & CO INC
                Y OTRO
            C/ BARILLARI ANTONIO
            S/ EXHORTO

    que se tramita por ante este Tribunal, se ha dictado la siguiente RESOLUCION:

    DE FECHA 8 DE SEPTIEMBRE DE 2006, QUE EN FOTOCOPIA SE ACOMPAÑA.-

                            Queda Ud. notificado
                            Buenos Aires, 11 de septiembre de 2006

                        JARTE LANGELOTTI
                        PROSECRETA. ADMINISTRATIVO

SEÑOR JUEZ:

EN      14 SET. 2006      SIENDO LAS /0 5 5   HORAS, ME CONSTITUI EN EL

DOMICILIO INDICADO PRECEDENTE EN LA _____ DEL OBLIGADO Y NO RES

PO _____ _____ QUE DIJO SER EMPLEADO DEL

EL _____ _____ VIVE ALLI PROCEDI A NOTIFIC ... LE HA

CIEN ... _____ ... FERIR A LA PRESENTE Cm

COMA      PREVIA LECTURA Y _____ ...OSO DE ELLO _____   FIRMO.

Cosk

JULIAN VAN ZANDWEGHE
OFICIAL NOTIFICADOR

*Poder Judicial de la Nación*

QUEDICO EN SECRETARIA EL '2 0 SET. 2006 ........... CONSTE

NANCY P. MOROSI
PROSECRETARIA

U S O   O F I C I A L

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Septiembre 21      de 2006.-IDM

       Por devueltos; hágase saber.-

       Vencido el plazo pertinente, remítanse las presentes actuaciones al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto, a sus efectos.-

ADOLFO CAMPOS FILLOL
JUEZ SUBROGANTE

SLADE GORTON & CO. INC. c/ BARILLARI ANTONIO s/EXHORTO

Buenos Aires, Octubre *nueve* de 2006.-IDM

　　　　En atención a las constancias que surgen de autos y habiéndose dado cumplimiento con el plazo pertinente, remítanse las presentes actuaciones al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto (Asunto Jurídicos), sirviendo la presente de atenta nota de envío.-



ADOLFO CAMPOS FILLOL
JUEZ SUBROGANTE

```
MINISTERIO DE
COMERCIO INTERNA
1 1 OCT 2006
Dirección Gral. de As
EXPTE N°   3564|05
```

En ｜ de Octubre de 2006, remití las presentes actuaciones al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto (Asunto Jurídico), en 1 cuerpo y en 139 fojas. Conste.-



NANCY B. MOROSI