UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| SLADE GORTON & CO., INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTONIO BARILLARI, S.A. )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 05-11366-MLW |

**MEMORANDUM IN SUPPORT OF
SLADE GORTON & CO., INC.'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Slade Gorton & Co., Inc. ('Slade Gorton"), hereby submits this Memorandum in Support of its Motion for Default Judgment.

### I.      Introduction

Slade Gorton filed its complaint in this action on June 28, 2005.  The defendant, Antonio Barillari, S.A. ("Barillari"), upon information and belief, is a foreign corporation, located in Argentina, with no offices or agents authorized to accept service of process in the United States. Slade Gorton served its summons and Complaint and Jury Demand on Barillari using the procedure specified by the Hague Convention for the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") on September 1, 2005.  Barillari, however, challenged the service on technical grounds.  When Barillari's challenge was denied, Barillari pursued lengthy appeals in the Argentinean courts that were not resolved until November or December of 2006 (*see* Returned Summons, docket entry #10, January 19, 2007).  The documents showing that service had been effected were returned to the United States in January, and the return of summons was filed in this court on January 19, 2007.

Despite having adequate and actual notice of the complaint, Barillari has never filed an answer or any other responsive pleading in this Court, even though the deadline for a response has long passed. The clerk of this Court, therefore, pursuant to Fed. R. Civ. P. 55(a) entered a default against Barillari on April 9, 2007. Slade Gorton now hereby moves that the Court enter a default judgment against Barillari.

## II.    Discussion

Slade Gorton and Barillari had a business relationship for many years. (Stanton Aff. ¶ 4, May 8, 2007, attached as Exhibit A.) The relationship started as a "purchase and sale" arrangement, whereby Barillari sold its products to Slade Gorton at an agreed upon price, and Slade Gorton sold the products through its distribution chains. (*Id.*) During 2001, by agreement between the parties, the arrangement switched to a "consignment" arrangement, whereby Barillari would ship seafood products to Slade Gorton, which Slade Gorton would sell and then pay Barillari based on the selling price minus a percentage commission. (Stanton Aff. ¶ 5.)

**A.    The June 21, 2004 Note and Barillari's Breach Thereof.**

On June 21, 2004, Slade Gorton and Barillari entered into a promissory note (the "Note"), a true and accurate copy of which is attached as Exhibit B. (Stanton Aff. ¶ 6.) Pursuant to the terms of the Note, Slade Gorton paid Barillari $650,000. (*Id.*) Barillari has, to date, neither repaid the $650,000, nor otherwise satisfied the requrements of the Note. (Stanton Aff. ¶ 7.) Slade Gorton, therefore, is entitled to $650,000, the amount due on the Note, and Slade Gorton requests that the Court enter a default judgment for that amount plus interest against the defendant Barillari.

**B.    Barillari's Meritless Claim**

After the establishment of the consignment arrangement, Barillari continued to send invoices to Slade Gorton with its seafood products that showed a nominal dollar value of the

goods shipped under that invoice. (Stanton Aff. ¶ 8.) The amounts shown on the invoices, however, were not the price at which the products were to be sold or the amounts to be paid or actually paid by Slade Gorton. (*Id.*) Instead, for years, Slade Gorton performed under the consignment arrangement described above, and paid for the product at amounts consistent with the consignment arrangement, regardless of the "price" listed on the invoices. This continued for years with Barillari's knowledge and consent. (*Id.*) *See* June 26, 2001 Facsimile Letter from Barillari to Slade Gorton, attached as Exhibit C.

Beginning in the summer of 2004, however, Barillari took the position that its arrangement with Slade Gorton was a "purchase and sale" arrangement, not a "consignment" arrangement, and asserted that Slade Gorton owed Barillari for the full listed invoice price for all of the seafood that had been shipped previously to Slade Gorton. (Stanton Aff. ¶ 9.) During an August 2004 visit to Slade Gorton in Boston, Barillari claimed entitlement to $7,673,032.27 and presented accounting information it claimed supported that claim. (*Id.*) Barillari continued to assert the arrangement was a "purchase and sale" arrangement and not a "consignment" arrangement, in direct contradiction of the direct agreement and understanding between the parties, and the years of course and dealing. (*Id.*)

It appears that the amount claimed by Barillari consists of the difference between the aggregate nominal amounts shown on the invoices and the amounts actually paid by Slade Gorton to Barillari, which difference consists of several components, including, but not limited to:

- the actual price at which the product was sold pursuant to the consignment arrangement was lower than the nominal invoice amount;
- failure of the invoices to reflect that Slade Gorton was permitted to subtract certain amounts associated with the storage and sale of the products; and

- Barillari's failure to change the nominal pricing on the invoices to reflect that at some point the payment of freight charges became Slade Gorton's responsibility, but instead continued to reflect higher nominal prices that included freight charges as a Barillari expense. (Stanton Aff. ¶ 10.)

Barillari's claim that it is owed anything is inconsistent with the agreement between the parties, as acknowledged by Barillari, and with the parties course of dealing over several years. Barillari's claim is without merit, and Slade Gorton, therefore, is entitled to, and respectfully requests, a declaration by the Court that the arrangement between Slade Gorton and Barillari was a consignment arrangement, that Slade Gorton has satisfied its obligations to Barillari under that arrangement, and that Slade Gorton does not owe Barillari the amounts now claimed by Barillari.

## C. Violation of Massachusetts General Laws, Chapter 93A

Slade Gorton and Barillari are each persons who, at all relevant times, were engaged in trade or commerce within the meaning of Mass. Gen. Laws ch. 93A, §§ 1(b), 2, and 11. Barillari's actions described above were knowing and willful and constitute "unfair or deceptive acts or practices in the conduct of any trade or commerce." Barillari's actions, conduct, and the impact thereof, occurred primarily and substantially within the Commonwealth of Massachusetts (Stanton Aff. ¶ 11), and as a result of Barillari's use or employment of unfair and deceptive acts and practices, Slade Gorton has suffered and continues to suffer loss of money or property. Barillari, therefore, is liable to Slade Gorton in an amount up to three times (but not less than two times) Slade Gorton's actual damages. Slade Gorton is also entitled to an award of reasonable attorneys' fees and costs incurred in this action as a result of Barillari's violations of Mass. Gen. Laws ch. 93A, §§ 2 and 11. Slade Gorton, therefore, moves that the Court enter a default judgment finding that Barillari has violated Chapter 93A, and enter judgment in the amount of three times Slade Gorton's actual damages of $650,000, or $1,950,000. In addition, pursuant to Ch. 93A, Slade Gorton moves that the Court also award attorney fees and costs incurred by Slade

Gorton to date in pursuing this matter, which amount to $97,995.50 and $4,445.48, respectively. (Stanton Aff. ¶ 11.)

### III.    Conclusion

Barillari was served with the Summons and Complaint and Jury Demand in this action more than 18 months ago.  The deadline for Barillari to respond to the complaint has long passed.  Barillari made no effort to respond to the complaint, or to in any way acknowledge this action, despite Barillari's clear knowledge of the action as shown by its challenge and lengthy appeals in the Argentinean courts.  Slade Gorton, therefore, respectfully requests that the Court grant its motion and enter a judgment by default in favor of Slade Gorton and against Barillari for:

(a) $650,000;

(b) a declaration that the arrangement between Slade Gorton and Barillari was a consignment arrangement, that Slade Gorton has satisfied its obligations to Barillari under that arrangement, and that Slade Gorton does not owe Barillari the amounts now claimed by Barillari;

(c) an amount up to three times Slade Gorton's actual damages pursuant to Mass. Gen. Laws ch. 93A §§ 2 and 11;

(d) prejudgment interest on Slade Gorton's pecuniary damages at the rate of 12% per annum pursuant to Mass. Gen. L. Ch. 231 §6C;

(e) attorney fees in the amount of $97,995.50 and costs of $4,445.48 pursuant to Mass. Gen. Laws ch. 93A §§ 2 and 11; and

(f) such further or other relief as the Court deems just and proper.

Respectfully submitted,

SLADE GORTON & CO.
By its attorneys,

Dated: May 9, 2007

/s/ Clarence H. Brown
Jeffrey S. King (BBO No. 559000)
jeffrey.king@klgates.com
Clarence H. Brown (BBO No. 665534)
clarence.brown@klgates.com
KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
(617) 261-3100

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent, via First Class mail, postage prepaid, to those non-registered participants on the 9th day of May, 2007.

/s/ Clarence H. Brown
Clarence H. Brown

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SLADE GORTON & CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 05-11366-MLW |
| v. ) | |
| ) | |
| ANTONIO BARILLARI, S.A. ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT OF <u>JOHN I. STANTON</u> IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, <u>John I. Stanton</u>, hereby depose and state as follows:

1. I reside at <u>59 Walker Road, Westwood, MA 02090</u>.

2. I am employed by the plaintiff in the above-captioned action, Slade Gorton & Co., Inc. ("Slade Gorton"), as <u>Executive Vice President of Procurement</u>.

3. I submit this affidavit in support of the Plaintiff's Motion for Default Judgment. Unless otherwise indicated, I base this affidavit on my own personal knowledge and my review of Slade Gorton's business records.

4. Slade Gorton and the defendant, Antonio Barillari, S.A. ("Barillari") maintained a business relationship for many years. Initially, Barillari sold its products to Slade Gorton at an agreed-upon price, and Slade Gorton sold the products through its own distribution chains.

5. During 2001, Slade Gorton and Barillari agreed to change their relationship to a "consignment" arrangement, whereby Barillari would ship seafood products to Slade Gorton, which Slade Gorton would sell and then pay Barillari based on the selling price minus a percentage commission.

6. On June 21, 2004, Slade Gorton and Barillari entered into a promissory note pursuant to which Slade Gorton paid Barillari $650,000 as an advance on the shipment of five containers of pink shrimp. A true and accurate copy of the promissory note is attached to Slade Gorton's Memorandum in Support of Motion for Default Judgment as Exhibit B.

7. According to the terms of the promissory note, Barillari was to repay the $650,000 unless it was able to deliver the five containers of pink shrimp to Slade Gorton by July 31, 2004. Barillari did not ship the containers of shrimp, and it has never repaid the $650,000.

8. Even after Slade Gorton and Barillar switched to a consignment arrangement, Barillari continued sending invoices to Slade Gorton along with its seafood products, which showed a nominal dollar value of the goods shipped under that invoice. The amounts shown on the invoices, however, were not the price at which the products were to be sold or the amounts to be paid or actually paid by Slade Gorton. For years, Slade Gorton performed under the consignment arrangement described above, selling the product and withholding a percentage commission of the price, and paid Barillari at amounts consistent with the consignment arrangement, regardless of the "price" listed on the invoices. *See* June 26, 2001 Facsimile Letter from Barillari to Slade Gorton, attached to Slade Gorton's Memorandum in Support of Motion for Default Judgment as Exhibit C.

9. Beginning in the summer of 2004, Barillari claimed that its arrangement with Slade Gorton was a "purchase and sale" arrangement, not a consignment arrangement, and that Slade Gorton owed Barillari for the full listed invoice price for all of the seafood that had been shipped previously. During an August 2004 visit to Slade Gorton in Boston, Barillari claimed it was entitled to $7,673,032.27, and presented accounting information supposedly in support of that claim.

10. The amount Barillari claims appears to consist of the difference between the aggregate "prices" shown on the invoices and the amounts actually paid by Slade Gorton to Barillari. This difference consists of several components, including, but not limited to:

(a) the actual price at which the product was sold pursuant to the consignment arrangement was lower than the nominal invoice amount;

(b) failure of the invoices to reflect that Slade Gorton was permitted to subtract certain amounts associated with the storage and sale of the products; and

(c) Barillari's failure to change the nominal pricing on the invoices to reflect that at some point the payment of freight charges became Slade Gorton's responsibility, but instead continued to reflect higher nominal prices that included freight charges as a Barillari expense.

11. Slade Gorton and Barillari's business dealings took place primarily in Massachusetts. Negotiations and dealings were handled either by telephone or by correspondence to and from Slade Gorton's offices in Boston, and the product was shipped to and received at Slade Gorton's facilities in Massachusetts.

12. As of the date of this affidavit, Slade Gorton has incurred attorney fees and costs related to this matter in the amounts of $97,995.50 and $4,445.48, respectively.

Signed under the pains and penalties of perjury this 8th day of May, 2007.

_____

**EXHIBIT B**

FROM : ON IVEROS FUERTES         PHONE NO. : 54 11 43062865        JUN. 21 2004 05:10PM

06/21 200                Attn: MIKE HIGGINS   SLADE GORTON



# SLADE GORTON & CO., INC.

Jose Hernandez No69 (B7603ADA)
Mar del Plata
Pcia. De Buenos Aires, Argentina

AND:    Slade Gorton & Co., Inc.
        225 Southampton Street
        Boston, MA 02118

THE PARTIES AGREE AS FOLLOWS:

1.  Antonio Barillari, S.A.(Barillari) shall guarantee to Slade Gorton & Co., Inc. (Slade) at least five (5) containers of pink shrimp that are currently being held by Barillari for production.

2.  In consideration of the guarantee, Slade shall provide Barillari with $650,000.00 (U.S.) to be used as an advance on the shipment of five (5) containers to Slade. The containers shall have an advance value of $130,000 per container.

3.  If the five (5) containers of pink shrimp cannot be shipped by July 31, 2004, the $650,000 will become due and payable on July 31, 2004.

Agreed to by both parties on June 21, 2004.

Antonio Barillari S.A.

By: _____          Date: 21/6/04

Slade Gorton & Co., Inc.

By: _____          Date: 6/21/04

225 Southampton Street, Boston, MA 02118-2715. Tel. 617-442-5800  Fax 617-442-9090

**EXHIBIT C**

FROM : ANTONIO BARILLARI SA BS AS    PHONE NO. : 54 11 83428633    Jun. 26 2001 10:43AM P1

Atn: ANDY



## ANTONIO BARILLARI S.A.
Hipólito Yrigoyen 723 - 6to. Piso - Oficina 42/44 - (1086) Buenos Aires - Argentina
(54 11) 4345-7988/6109 / 4343-9165 - Fax: (54 11) 4342-8633 - E-Mail: barilaba@satlink.com
José Hernández 69 - (7600) Mar del Plata - Argentina - (54 223) 480-0086/0854/0038
E-Mail:barilari@satlink.com - Web Site: http://www.sea-world.com/barillari
Av. Mitre 2052 - (9011) Caleta Olivia, Pcia. Sta. Cruz - Argentina - (54 297) 485 7101

consignment product

We confirm you the loadings of Hoki fillets and Shrimps are ~~consignations~~ made by Antonio Barillari S.A. to Slade Gorton. Both parts agree that Slade Gorton will not pay the invoice price, and they will only pay the price both parts will agree after the sales.

Antonio Barillari S.A.

Daniel Ontiveros


PLEASE LET US KNOW IF IT IS O.K OR THERE IS SOMETHING TO CORRECT.

THANKS.

SANDRA.